D. GILL SPERLEIN (SBN 172887) (*pro hoc vice pending*)
THE LAW OFFICE OF D. GILL SPERLEIN
345 Grove Street
San Francisco, California 94102
Telephone: (415) 404-6615
Facsimile: (415) 404-6616
gill@sperleinlaw.com

Attorney for Plaintiff DataTech Enterprises, LLC,

FILED

CRB

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

# CV 12 4500

| | |
|---|---|
| DATATECH ENTERPRISES, LLC, a Nevada Limited Liability Company, | Case No.: |
| | **COMPLAINT:** |
| Plaintiff, | |
| vs. | **1) COPYRIGHT INFRINGEMENT;** |
| | **2) CONTRIBUTORY COPYRIGHT INFRINGEMENT (INCLUDING INDUCEMENT);** |
| FF MAGNAT LIMITED d/b/a ORON.COM, STANISLAV DAVIDOGLOV, and JOHN DOE a/k/a ROMAN ROMANOV (an alias); and | **3) VICARIOUS COPYRIGHT INFRINGEMENT; and** |
| | **4) AN ACCOUNTING** |
| Defendants. | **INJUNCTIVE RELEIF AND JURY TRIAL REQUESTED** |

## INTRODUCTION

1. Advances in technology have always driven changes to the manner in which people distribute and consume information and entertainment. Largely due to the development and wide-spread adoption of the Internet, this is truer today than ever.

-1-

The Law Office of D. Gill Sperlein 345 Grove Street San Francisco, CA 94102 Tel: 415-404-6615 Fax: 415-404-6616

Unfortunately, the Internet has also created new ways to circumvent the intellectual property rights of artists, writers, musicians, film makers and other creative individuals.

2. Wide-spread online infringement has dealt a devastating blow to the entertainment industry generally and the adult content industry specifically. Legitimate companies such as Plaintiff's devote substantial resources not only to create and distribute their works, but also to comply with federal record keeping and labeling laws[1] and to foster and protect the ongoing health of the industry. Industry outsiders with no investment and no commitment to the long-term viability of the industry skim huge amounts of unearned profits with a slash and burn approach, resulting in the shuttering of numerous small businesses. *See*, *e.g.*, Neal Karlinsy and Arash Ghadishah, *Porn in the Digital Age: Why Pay*, abcnews.go.com, February 11, 2010 (available at http://abcnews.go.com/Nightline/porn-industry-struggles-free-content-piracy/story?id=9795710)

3. This is an action by Plaintiff DataTech Enterprises, LLC, to recover damages arising from infringement of copyrights in its creative works by Defendants and to enjoin Defendants from future infringement. Defendants violated Plaintiff's exclusive right to reproduce, distribute, publically perform, and publically display its copyrighted works. The infringement took place by and through an Internet website Defendants owned and operated at the domain name oron.com.

[1] See, 18 U.S.C. §2257.

-2-

## THE PARTIES

4.     Plaintiff DATATECH ENTERPRISES, LLC, (hereinafter "DataTech") is a Nevada limited liability company doing business as "Raging Stallion®, Falcon®, Mustang®, Jocks® and other brands," with its place of business in San Francisco, California. DataTech produces, markets, and distributes adult entertainment products, including Internet website content, videos, DVDs, photographs, etc. under various brands.

5.     Defendant FF MAGNAT LIMITED (hereinafter "FF Magnat Ltd.") is a Hong Kong business that operated an Internet -based business at the domain Oron.com .  FF Magnat Ltd.'s business model fostered and promoted the infringement of Plaintiff's exclusive rights through the unauthorized and uncompensated copying, storing, distributing, displaying, selling, and transferring of Plaintiff's copyright protected works by, among other things, inducing, soliciting, incentivizing, rewarding, and paying users of the service who uploaded infringing works.  FF Magnat Ltd. also fosters and induces others to act in concert in order to infringe upon Plaintiff's copyrighted works.  The parties behind the infringing behavior of FF Magnat Ltd. personally controlled the illegal activities of FF Magnat Ltd.  At the time of the infringing activity, FF Magnat Ltd. maintained registration of the Oron.com domain name through Network Solutions, an American company operating out of Herndon, Virginia.  At the time of the infringing activity, FF Magnat Ltd. utilized the services of CC Bill and PayPal to process its payments.  CC Bill is an American company operating out of Tempe, Arizona. PayPal is an American company operating in Mountain View, California.

-3-

COMPLAINT

6. Defendant STANISLAV DAVIDOGLOV, a citizen of the Ukraine, is one of the beneficial owners, operators, and guiding forces behind FF Magnat Ltd. and is equally responsible for any and all offenses by FF Magnat Ltd. as alleged herein.

7. The true name and capacity, whether individual, corporate, affiliate, or otherwise, of Defendant JOHN DOE a/k/a ROMAN ROMANOV is presently unknown to Plaintiff, and for that reason Plaintiff sues John Doe by such fictitious name. Plaintiff is informed and believes and based thereon alleges that John Doe a/k/a/ Roman Romanov is in some way responsible for the damages herein alleged. Plaintiff will amend this Complaint when it discovers the true name and capacity of John Doe a/k/a Roman Romanov. Plaintiff is informed and believes and based thereon alleges that Defendant John Doe a/k/a Roman Romanov is one of the beneficial owners, operators, and guiding forces behind FF Magnat Ltd. and is equally responsible for any and all offenses by FF Magnat Ltd. as alleged herein.

## JURISDICTION AND VENUE

8. This is a civil action for injunctive relief and damages for copyright infringement under the Copyright Act, 17 U.S.C. §101 *et seq*. This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement, pursuant to 17 U.S.C. §§ 101, *et. seq.,* and 28 U.S.C. §§ 1331 and 1338(a) and (b).

9. This Court has supplemental jurisdiction over Plaintiff's claims arising under the laws of California pursuant to 28 U.S.C. § 1367(a) because these claims are so related to Plaintiff's claims under federal law that they form part of the same case or controversy and derive from a common nucleus of operative facts.

-4-

COMPLAINT

THE LAW OFFICE OF D. GILL SPERLEIN
345 GROVE STREET
SAN FRANCISCO, CA 94102    FAX: 415-404-6616
TEL: 415-404-6615

10.    Personal jurisdiction is proper over the Defendants because the wrongful activity at issue concerns Defendants' operation of commercial businesses through which Defendants knowingly transacted business and entered into contracts with individuals and companies in the United States, including CC Bill, a Tempe, Arizona company, PayPal, a Mountain View, California, and Verisign, a Herndon, Virginia company.  FF Magnat Ltd. listed a Pennsylvania address on its domain name registration for Oron.com.  Therefore, FF Magnat Ltd. and its beneficial owners have availed themselves of the privilege of doing business in the United States, and are properly subject to jurisdiction in any federal court.  *See*, 28 U.S.C. 1391 ("An alien may be sued in any district.").  *See also*, Fed. R. Civ. P. 4(k)(2).

11.    The Court has personal jurisdiction over all Defendants because Defendants have purposefully availed themselves of the privilege of conducting activities in this forum, thereby invoking the benefits and protections of its laws.  Defendants solicit, transact, and are doing business within the State of California.  Defendants sell membership subscriptions to California residents.  Defendants have committed unlawful and tortuous acts both within and outside the State of California causing injury in California.  Defendants have infringed and continue to infringe works belonging to Plaintiff, a Nevada limited liability company with business operations in California.  Thus Defendants' acts are expressly aimed against Plaintiff, whose business operates from within this jurisdiction.  Plaintiff's claims arise out of the conduct that gives rise to personal jurisdiction over Defendants and invocation of personal jurisdiction is reasonable.

-5-

COMPLAINT

12.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b), (c) and (d); and 1400(a).

## INTRA DISTRICT ASSIGNMENT

13.     Because this is a claim for copyright infringement, it may be assigned to any of the division of this Court under local rules.

## STATEMENT OF FACTS

14.     The advent of the Internet fundamentally changed the way the way the world exchanges information and engages in business.   These changes have brought increased opportunities for businesses and individuals to exchange information and engage in business on a global scale that was previously unimaginable.   However, for all the advantages the Internet allows, it also presents previously unimaginable opportunities to engage in fraud, deceit, and theft.

15.     Since the Internet's inception pirates have exploited the capabilities of the Internet to illegally reproduce and distribute intellectual property.   The problem first came into the popular conscience with the advent of Napster and litigation related to the copyright infringement to which the Napster website and technology contributed and fostered.   The Ninth Circuit quickly and unequivocally ruled that reproducing and distributing unauthorized digital copies of intellectual property by and though the Internet was no more legal than if those same works were reproduced and distributed in the analog or brick and mortar environments.

THE LAW OFFICE OF D. GILL SPERLEIN
345 GROVE STREET
SAN FRANCISCO, CA 94102    FAX: 415-404-6616
TEL: 415-404-6615

-6-

16. Post Napster pirates have tried to create new infringement models in order to work around the Ninth circuit's *Napster* holding. Pirates developed systems where neither the infringing content, nor the essential indexing features resided on centralized computers, but rather remained on the computers of millions of individual peers. This time the matter went to the Supreme Court of the United States in *Metro-Goldwyn-Mayer Studios, Incorporated v. Grokster, Limited*, 545 U.S. 913, 125 S.Ct. 2764, 162 L.Ed.2d 781 (2005) where the Court ruled that even if an individual or entity develops an entirely decentralized system, they may be held liable when that system is developed to encourage and induce infringement.

17. The present infringement-based business model, typified by Defendants' operation, is a reaction to both the legal regime after *Grokster* and the technological reality that permits wholesale theft and online distribution of entire motion picture films.

18. Defendants here made an ill-fated attempt to create yet another end run around legal precedent. Amazingly however, they incorporated a centralized distribution system, encouraged, paid for, and annexed centralized indexing systems, and induced users to use the system for infringement by rewarding them with cash payments. Then they went one step further and charged individuals a subscription fee to access the infringing material they induced others to upload to their centralized servers.

19. Defendant FF Magnat Ltd., which operates oron.com, a self-described "file hosting" site, holds the technological capacity to implement this new strategy. In conjunction with the other Defendants, Defendant FF Magnat Ltd. actively reproduced, distributed, sold, and publically displayed vast amounts of copyrighted intellectual property, including, but not limited to, copyrighted motion pictures.

-7-

COMPLAINT

20.    Under the file hosting business model, a company provides access to massive amounts of data storage.    The primary purpose of providing this storage capacity and allowing public access without a user name or password, is to leverage users' desire to obtain the copyrighted works more reliably and quickly, which they can do by paying a subscription fee to the file hosting company.   Much like Napster, the offending company stores the stolen works on its computers and servers.

21.    However, there are two things that set Defendant FF Magnat Ltd. operation apart from Napster.  In an ill-fated attempt to avoid liability, FF Magnat Ltd. pays others to create and host the indexes used to locate the files on their system.   Second, unlike Napster, FF Magnat Ltd. charges a fee to efficiently access the infringing files residing on its system and rewards individuals who upload those files by sharing the revenue generated by selling access to downloaders.

22.    FF  Magnat  Ltd.  and  users  acting  in  concert  with  it  upload  infringing copyrighted works to FF Magnat Ltd.'s vast electronic storage facilitates.   When a user uploads a file to Oron.com, FF Magnat Ltd. provides the user with a Uniform Resource Locator ("URL" or "link").   The user can then distribute the link through a separately maintained index available to other individuals, allowing any recipient of the link to access, reproduce, and download the infringing material from FF Magnat Ltd.'s servers.   A user with the link is not required to have a user name or password or other any form of security information to access the files.

23.    While FF Magnat Ltd. allows individuals to download these unsecured files without providing security information and without paying a membership fee, it constructed

-8-

the website to intentionally limit the usefulness of the site for non-paying members by keeping strict 100MB downloading maximums, limiting multiple downloads, limiting downloading speed, and not allowing users to resume downloads that have been interrupted. In order to efficiently access files on FF Magnat Ltd.'s system, a downloader must pay a €9.95 per month or up to as much as €74.95 per year, a bargain for obtaining access to a nearly unlimited amount of stolen and popular content.

24.    FF Magnat Ltd.'s customers had access to billions of dollars of infringing full-length movies, songs, software, and images available on its servers. Neither Defendants nor their customers who downloaded the pirated material paid any royalties or license fees to the actual copyright owners.

25.    The value of FF Magnat Ltd.'s illegal services have made it so attractive to its customers that Oron.com became one of the most popular websites on the Internet ranking within the top 1,000 most visited websites in the world.

26.    Because it charged a membership fee for access to its vast catalogue of pirated intellectual property, FF Magnat Ltd. was a distributor and seller of pirated materials, and must be held responsible as such.

27.    In addition to its status as a direct infringer as discussed *supra.*, FF Magnat Ltd. induced, facilitated, fostered, and materially contributed to the infringement of its users through its "Rewards Program."

28.    FF Magnat Ltd.'s affiliates reward program offered members the opportunity to make money based upon several different metrics. One of FF Magnat Ltd.'s programs employed a "Pay Per Download" structure, in which individuals uploading videos were paid

-9-

based upon the number of downloads of their posted materials. This program paid "up to $25 per 1,000 downloads." This model rewards people who upload popular files because a portion of the people who download the file will purchase an oron.com membership in order to obtain the file more quickly and efficiently. The higher number of people interested in a file, the higher the number of people who will purchase an oron.com membership.

29.     FF Magnat Ltd. also had "Pay Per Sale" programs that compensated members based upon how many premium memberships were bought by users specifically accessing a file a user uploaded to FF Magnat Ltd.'s servers. When the user distributed a link to someone who accessed the Oron.com servers and purchased an Oron.com membership, FF Magnat Ltd. compensated the member who uploaded the infringing file with a percentage of the sale. These "Pay Per Sale" programs also compensated the uploading user anytime a credited user renewed their Oron.com membership, commonly referred to as "rebills", or service renewals. FF Magnat Ltd. offered two different "Pay Per Sale" fee scales: the first provided the member with 55% of sales and 55% of rebills; the second provided 70% of sales and 30% of rebills. Essentially, FF Magnet, Ltd. sold infringing copies of movies and the split the revenue with the individuals who provided them with the infringing movies.

30.     FF Magnat Ltd. also offered a "MIX" program (compensated a user with half of the "Pay Per Download" rate and $7.00 for each sale).

31.     FF Magnat Ltd. also operated a "website owners" program ("WSO") which compensated website owners with up to 15% of all sales referred through the owner's website, even if a different Oron user originally uploaded the content and created the link. In this way, FF Magnat Ltd. paid individuals to maintain indexes directing people where to find

THE LAW OFFICE OF D. GILL SPERLEIN
345 GROVE STREET  SAN FRANCISCO, CA 94102  FAX: 415-404-6616
TEL: 415-404-6615

-10-

movies on the Oron.com servers. The indexes often took the form of a personal blog. The blog would display the box cover of the pirated movies, screen captures of various scenes, a description of the pirated movie, and finally the Oron.com URL that anyone could click and slowly download the pirated movie without providing any username, password or other security information. Alternatively, the user could purchase an Oron.com membership if they did not already have one and download the movie quickly and efficiently. This of course is what FF Magnat Ltd. relied upon to earn its illicit profits. When downloaders were willing to pay the fee, FF Magnat, Ltd. gave a portion of the illicit funds to the individuals maintaining the indexing websites.

32.     Thus, FF Magnat Ltd. financially motivated and induced its users to upload content that users would want to download in massive quantities. This is not a business model to share home movies, but a business model by which FF Magnat Ltd. could earn revenue from copyrighted material without paying royalties or licensing fees to copyright owners.

33.     FF Magnat Ltd. is not a legitimate company and Oron.com was not a legitimate file storage site. The site has no characteristics of a legitimate file hosting company, and it does not aspire to be one. Its website was a pornographic website that showcased images of an erotic nature to users of any age. The Congressional anti-piracy caucus recently described such websites as the worst infringing websites in the world. *See,* http://riaa.org/newsitem.php?id=58185AFD-5525-19D4-FFD2-4233518393AD.

34.     At the time of a substantial portion of the infringing activity complained of herein, FF Magnat Ltd. did not have a registered DMCA agent, and thus regardless of any

THE LAW OFFICE OF D. GILL SPERLEIN
345 GROVE STREET
SAN FRANCISCO, CA 94102   FAX: 415-404-6616
TEL: 415-404-6615

-11-

other factors it is ineligible for the DMCA's safe harbor provisions as set forth at 17 U.S.C. §512 as to those infringements.

35. FF Magnat Ltd. registered its DMCA agent on June 15, 2011. Hundreds of infringements of Plaintiff's works occurred by and through the Oron.com website prior to the listing of this agent.

36. FF Magnat Ltd. has not adopted and reasonably implemented, or informed its subscribers and account holders of a policy that provides for the termination in appropriate circumstances of subscribers and account holders who are repeat infringers. FF Magnet Ltd. allowed users to continue to post infringing files even after receiving numerous reports that the user had uploaded infringing content. FF Magnet Ltd. not only allowed these repeat infringers to continue to upload infringing content, but it continued to reward the infringer/uploader by paying him for the uploads through its reward program. As such FF Magnet Ltd. is not eligible for safe harbor provisions set forth at 17 U.S.C. §512 for *any* of the infringing activity alleged herein.

///

## FIRST CAUSE OF ACTION

(Copyright Infringement – 17 U.S.C. §501)

Plaintiffs Own Federally Registered Copyrights of Various Creative Works.

37. Plaintiff repeats and incorporates by this reference each and every allegation set forth in all previous paragraphs as if set forth fully herein.

-12-

38.    Each of the works infringed as alleged in this action is registered to Plaintiff with the United States Copyright Office or registration is pending.  A partial list of the U.S. Copyright Registration Numbers for each of the currently known infringed works are set forth in Exhibit A.  This list will be supplemented.

39.    At all times relevant hereto, Plaintiff has been the registered owners of the audiovisual works reproduced, distributed and publicly displayed by Defendants by and through Oron.com or subsequently obtained ownership of these copyrights through assignment including assignment of the right to pursue its claims of those copyrights prior to assignment.

40.    Defendants reproduced, reformatted, publicly displayed, and distributed Plaintiff's copyright protected works by and through servers and/or other hardware owned, operated and/or controlled by Defendants.

### Defendants Willfully Infringed Plaintiff's Registered Copyrights.

41.    Defendants infringed the copyrights in Plaintiff's creative works by reproducing, distributing, and publicly displaying the works by and through oron.com without approval or authorization of Plaintiff.

42.    Defendants knew they did not have permission to exploit Plaintiff's works on oron.com and knew or should have known their acts constituted copyright infringement.

43.    Plaintiff is informed and believes and based thereon alleges that Defendants made no attempt to discover the proper owners of the works before exploiting them, nor did they take measures to determine whether the works had been properly licensed.  In fact, Defendants took specific measures to limit their knowledge regarding the infringement.

-13-

COMPLAINT

44. Defendants' conduct was willful within the meaning of the Copyright Act. At a minimum, Defendants acted with willful blindness to and in reckless disregard of Plaintiff's registered copyrights.

45. As a result of their wrongful conduct, Defendants are liable to Plaintiff for copyright infringement pursuant to 17 U.S.C. § 501. Plaintiff has suffered, and will continue to suffer, substantial losses, including but not limited to damage to its business reputations and goodwill

46. Plaintiff is entitled to recover damages, which includes its losses and any and all profits Defendants have made as a result of their wrongful conduct. 17 U.S.C. § 504. Alternatively, Plaintiff is entitled to statutory damages under 17 U.S.C. § 504(c).

47. In addition, because Defendants' infringement has been willful, the award of statutory damages should be enhanced in accordance with 17 U.S.C. § 504(c)(2).

48. Plaintiff is also entitled to injunctive relief pursuant to 17 U.S.C. § 502 and to an order impounding any and all infringing materials pursuant to 17 U.S.C. § 503. Plaintiff has no adequate remedy at law for Defendants' wrongful conduct because, among other things, (a) Plaintiff's copyrights are unique and valuable property which have no readily determinable market value, (b) Defendants' infringement harms Plaintiff's business reputation and goodwill such that Plaintiff could not be made whole by any monetary award, and (c) Defendants' wrongful conduct, and resulting damage to Plaintiff may continue. Pursuant to 17 U.S.C. §502, Plaintiff is entitled to preliminary and permanent injunctive relief prohibiting further infringement of Plaintiff's copyrights.

COMPLAINT

49.    In addition, Plaintiff is entitled to recover their attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

## SECOND CAUSE OF ACTION

### (Contributory Copyright Infringement)

50.    Plaintiff repeats and incorporates by this reference each and every allegation set forth in all previous paragraphs as if set forth fully herein.

51.    Without authorization, individuals have reproduced, distributed, created derivative works, and publicly displayed Plaintiff's works by and through oron.com thereby directly infringing Plaintiff's copyrighted works.

52.    Defendants contributed to the infringing acts of those individuals and allowed, encouraged, and induced those individuals to reproduce, distribute, and publicly display Plaintiff's works by and through Oron.com without regard to the ownership of the works.

53.    Defendants designed, distributed, and made available technology and devices with the object and intent of promoting their use to infringe copyrighted materials. As a direct and proximate result of such inducement, individuals have infringed Plaintiff's copyrighted works by reproducing, distributing, and publicly performing such works by and through oron.com.

54.    Defendants' acts of inducement to infringe were willful, in disregard of Plaintiff's rights, and with indifference to Plaintiff's rights.

55.    Defendants induced the users of its website to engage in copyright infringement, by offering those cash payments in exchange for providing material that would

-15-

COMPLAINT

THE LAW OFFICE OF D. GILL SPERLEIN
345 GROVE STREET
SAN FRANCISCO, CA 94102
TEL: 415-404-6615   FAX: 415-404-6616

cause individuals to purchase Oron.com memberships so that they could quickly and efficiently download the material from Oron.com.

56. Defendants had knowledge of the infringing activity or engaged in willful blindness to avoid knowledge of the infringing activity.

57. The acts and conduct of Defendants, as alleged above in this Complaint constitute contributory copyright infringement.

## THIRD CAUSE OF ACTION

### (Vicarious Copyright Infringement)

58. Plaintiff repeats and incorporates by this reference each and every allegation set forth in all previous paragraphs as if set forth fully herein.

59. Without authorization, individuals have reproduced, distributed, created derivative works and publicly displayed Plaintiff's works by and through oron.com.

60. Defendants had the right and ability to control the infringing acts of the individuals who provided Plaintiff's works to Oron.com as described herein.

61. For example, when FF Magnat Ltd. received notices that a member uploaded infringing content in the past, FF Magnat Ltd. could prevent such a user from uploading additional material. FF Magnat Ltd. utterly failed in this regard and continued to allow users to upload content to their system even when identified as a repeat infringer. In one instance, FF Magnat Ltd. continued allow a user to upload content and continued to pay rewards to the user even after receiving numerous notifications that the user had posted infringing files. Eventually, the user posted more than 1,600 infringing files.

THE LAW OFFICE OF D. GILL SPERLEIN
345 GROVE STREET
SAN FRANCISCO, CA 94102   FAX: 415-404-6616
TEL: 415-404-6615

-16-

THE LAW OFFICE OF D. GILL SPERLEIN
345 GROVE STREET
SAN FRANCISCO, CA 94102    FAX: 415-404-6616
TEL: 415-404-6615

62.     Defendants obtained a direct financial benefit from those infringing activities. Defendants received direct payment from customers to download these infringing files to their own computers.

63.     The acts and conduct of Defendants, as alleged above in this Complaint constitute vicarious copyright infringement.

## FOURTH CAUSE OF ACTION

### (Alter Ego)

64.     Plaintiff repeats and incorporates by this reference each and every allegation set forth in all previous paragraphs as if set forth fully herein.

65.     Plaintiff is informed and believes and based thereon alleges that Defendants John Doe a/k/a Roman Romanov and Stanislav Davidoglov are, and at all times herein mentioned were, the owners of 100% of the interest (shares of Stock) of FF Magnat Ltd., or were otherwise the beneficial owners of FF Magnat Ltd.

66.     Plaintiff is informed and believes and based thereon alleges that Defendants John Doe a/k/a Roman Romanov and Stanislav Davidoglov are, and at all times herein mentioned were, the sole directors of FF Magnat Ltd.

67.     Plaintiff is informed and believes and based thereon alleges that there exists, and at all times herein mentioned there existed, a unity of interest in ownership between John Doe a/k/a Roman Romanov and Stanislav Davidoglov on one hand and FF Magnat Ltd. on the other, such that any individuality and separateness between John Doe a/k/a Roman Romanov and Stanislav Davidoglov on one hand and FF Magnat Ltd. on the other have

-17-

ceased and FF Magnat Ltd. is the alter ego of Defendants John Doe a/k/a Roman Romanov and Stanislav Davidoglov in that:

a. Defendants John Doe a/k/a Roman Romanov and Stanislav Davidoglov have commingled funds and other assets of FF Magnat Ltd. for their own convenience and to assist in evading payment of obligations;

b. Defendants John Doe a/k/a Roman Romanov and Stanislav Davidoglov have diverted funds and other assets of FF Magnat Ltd. for other than corporate uses;

c. Defendants John Doe a/k/a Roman Romanov and Stanislav Davidoglov treated assets of FF Magnat Ltd. as their own;

d. At all times herein mentioned, Defendants John Doe a/k/a Roman Romanov and Stanislav Davidoglov controlled, dominated and operated FF Magnat Limited as their individual business and alter ego, and carried out the activities and business of FF Magnat Ltd. without the holding of directors or shareholders meetings, and without maintaining adequate records or minutes of corporate proceedings;

e. Defendants John Doe a/k/a Roman Romanov and Stanislav Davidoglov failed to adequately capitalize FF Magnat Ltd.

f. FF Magnat Ltd. is, and at all times herein mentioned was, a mere shell, instrumentality, and conduit through which Defendants John Doe a/k/a Roman Romanov and Stanislav Davidoglov carried on their business in the corporate name exactly as if it were unincorporated, exercising complete control and dominance of such business to such an extent that any individuality or separateness of FF Magnat Ltd. and Defendants John Doe

-18-

THE LAW OFFICE OF D. GILL SPERLEIN
345 GROVE STREET
SAN FRANCISCO, CA 94102   FAX: 415-404-6616
TEL: 415-404-6615

a/k/a Roman Romanov and Stanislav Davidoglov do not, and at all times herein mentioned did not, exist; and

g. Defendants John Doe a/k/a Roman Romanov and Stanislav Davidoglov diverted assets from FF Magnat Ltd. to themselves to the detriment of creditors, including Plaintiff.

68. Adherence to the fiction of the separate existence of FF Magnat Ltd. as an entity distinct from Defendants John Doe a/k/a Roman Romanov and Stanislav Davidoglov would permit an abuse of the corporate privilege and would be inequitable and unfair.

## FIFTH CAUSE OF ACTION

### (Accounting)

69. Plaintiff repeats and incorporates by this reference each and every allegation set forth in all previous paragraphs as if set forth fully herein.

70. Plaintiff is entitled, pursuant to 17 U.S.C. § 504, to statutory damages or Plaintiff's actual damages and all Defendants' profits attributable to the illegal acts herein described.

71. The amount of compensatory damages due from Defendants to Plaintiff is unknown to Plaintiff and cannot be ascertained without a detailed accounting by Defendants of the precise number of visitors to Defendants' website, the number of downloads of Plaintiff's works from Defendants' website and the amount of income generated by the website.

72. Accordingly, Plaintiff is entitled to and hereby demands a full accounting from Defendants.

-19-

COMPLAINT

**JURY DEMAND**

73.   Plaintiff hereby demands a jury trial in this case.

**PRAYER**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1)   That the Court enter a judgment declaring that Defendants have:

   a) willfully infringed Plaintiff's rights in federally registered copyrights under

      17 U.S.C. § 501 through their direct, contributory and vicarious acts;

   b) otherwise injured the reputation and Plaintiff's business by Defendants' acts

      and conduct as set forth in this Complaint; and

   c) Defendant FF Magnat Ltd. is the alter ego of Defendants John Doe a/k/a

      Roman Romanov and Stanislav Davidoglov;

2)   That the Court issue injunctive relief against Defendants, and that Defendants, their agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with it, be enjoined and restrained from reproducing, distributing, selling, transferring, posting, or making any other infringing use or infringing distribution of Plaintiff's audiovisual works, photographs, or other copyrighted materials;

3)   That the Court enter an order of impoundment pursuant to 17 U.S.C. §§ 503 and 509(a) impounding all infringing copies of Plaintiff's audiovisual works, photographs, or other copyrighted materials that are in Defendants' possession or under their control;

4)   That the Court enter an order requiring a full and complete accounting of all amounts due and owing to Plaintiff as a result of Defendants' illegal activities;

-20-

COMPLAINT

5) That the Court order Defendants to pay Plaintiff's general, special, actual and statutory damages as follows: Plaintiff's damages and Defendants' profits pursuant to 17 U.S.C. § 504(b), or in the alternative, maximum enhanced statutory damages pursuant to 17 U.S.C. § 504(c)(2), for Defendants' willful infringement of Plaintiff's copyrights;

6) That the Court order Defendants to pay Plaintiff both the costs of this action and the reasonable attorney's fees incurred by it in prosecuting this action pursuant to 17 U.S.C. § 504;

7) That the Court order Defendants to pay pre and post judgment interest according to law; and

8) That the Court grant to Plaintiff such other and additional relief as is just and proper.

Dated: 8/27/2012

Respectfully submitted,

D. GILL SPERLEIN
THE LAW OFFICE OF D. GILL SPERLEIN

Attorney for Plaintiff DataTech Enterprises, LLC,

-21-

COMPLAINT