HCMP1275/2012

IN THE HIGH COURT OF THE

HONG KONG SPECIAL ADMINISTRATIVE REGION

COURT OF FIRST INSTANCE

MISCELLANEOUS PROCEEDING NO.1257 of 2012

**********

BETWEEN

LIBERTY MEDIA HOLDINGS, LLC                               PLAINTIFF

and

FF MAGNAT LIMITED                                         DEFENDANT

********************************************

2ND AFFIRMATION OF WONG SUK MEI

********************************************

I, Wong Suk Mei, solicitor of Messrs. S.T. Poon & Wong, solicitors for the Defendant of 16th Floor, Hong Kong Trade Centre, 161-167 Des Voeux Road Central, Hong Kong, solemnly, sincerely and truly affirm and say as follows :-

1. I have personal conduct of the above case. I am duly authorised by the Defendant to make this affirmation for and on its behalf.

2. Unless otherwise stated herein, the facts and matters deposed to herein are within my own knowledge or had been derived in the conduct of the above case, and are true and correct to the best of my knowledge, information and belief.

3.   On or about 00:23 hour on 3rd July 2012, I was informed by Mr. Stevan Lieberman the attorney for the Defendant in United States that the claim against the Defendant in United Sates had reached a settlement.

4.   Upon receipt the confirmation from our client, I therefore prepare a letter together with a draft consent summons to the Plaintiff's solicitors for their consideration. I also contacted Mr. Wan clerk to the Deputy High Court Judge Carlson tried to arrange the appropriate time to submit the duly signed consent summons for the Deputy High Court Judge Carlson's approval.

5.   On 4th July 2012, I was informed by the Plaintiff's solicitors that no agreement had been reached between the Plaintiff and the Defendant and 2 draft consent summons were annexed to their covering letter. Upon receipt of such information, I contacted the Defendant for further instructions and arrange the affirmations to be affirmed at Mascow forthwith.

6.   I therefore received the affirmed affirmation on the 5th July 2012. I produced copy affirmation together with exhibit duly affirmed by on 4th July 2012 as Exhibits "WSM-2". The Affirmations was affirmed by the Beneficial Owner of the Defendant in support of the Defendant's application to discharge the Order made by the Deputy High Court Judge Carlson and to release money from the Hongkong and Shanghai Banking Corporation Limited to the Defendant for its ordinary and proper business operation and legal fee and representation.

7.   The purpose of this affirmation is to enclose the copy affirmation in support of the Defendant's application on an urgent basis. The affirmation is currently sent to Hong Kong by courier and I will ensure the original thereof will be filed at this Honourable Court as soon as possible upon receipt.

8. Up to the present stage, I estimated that our legal fee including but not limited to the counsel fee had been incurred in the sum of about HK$169,725.00 and I anticipate that further legal fee will be incurred for discharging the Order made by the Deputy High Court Judge Carlson on 22nd June 2012 in or about HK$100,000.00.

Affirmed at Messrs. Poon )
Sum & Cheng Solicitors )
)
this 11th day of July 2012 )

Before me,

Lam Fong Vai Alex
Solicitor, Hong Kong SAR
Poon, Sum & Cheng
Solicitors & Notaries

HCMP1275/2012

# IN THE HIGH COURT OF THE
# HONG KONG SPECIAL ADMINISTRATIVE REGION
# COURT OF FIRST INSTANCE
## MISCELLANEOUS PROCEEDING NO.1257 of 2012

**********

**BETWEEN**

**LIBERTY MEDIA HOLDINGS, LLC**                                    **PLAINTIFF**

and

**FF MAGNAT LIMITED**                                              **DEFENDANT**

*********************************************

This is the exhibit marked "WSM-2" referred in the Affirmation of Wong Suk Mei dated the 5th July 2012.

| Item No. | Description | Dated | Pages |
|----------|-------------|-------|-------|
| 1. | 2nd Affirmation of Stanislav Davidoglov | 4/07/12 | 1-103 |

*Before me*

*Lam Fong V.*

Lam Fong Vai Alex
Solicitor, Hong Kong SAR
Poon, Sum & Cheng
Solicitors & Notaries

HCMP 1275 / 2012

IN THE HIGH COURT OF THE
HONG KONG SPECIAL ADMINISTRATIVE REGION
COURT OF FIRST INSTANCE
MISCELLANEOUS PROCEEDINGS NO. 1275 OF 2012

BETWEEN

LIBERTY MEDIA HOLDINGS, LLC                                Plaintiff

and

FF MAGNAT LIMITED                                          Defendant

## 2ND AFFIRMATION OF STANISLAV DAVIDOGLOV

I, Stanislav Davidoglov of 20 Muhina St., apt. 27, Yalta 98603, Ukraine, do solemnly, sincerely and truly affirm and say as follows :-

1. I am the beneficiary owner of the Defendant company FF Magnat Limited ("FF Magnat") and am duly authorized to make this Affirmation on behalf of FF Magnat in support of its application for discharge and/or variation of the *ex parte Mareva* injunction made by Deputy High Court Judge Carlson on 22 June 2012 ('the Order').

2. Unless otherwise stated herein, the facts and matters deposed to herein are within my own knowledge or are gleaned from records and documents, and are true and correct to the best of my knowledge, information and belief.

*Incorporation of FF Magnat*

3.     FF Magnat is a Hong Kong private limited company incorporated on 26 November 2010. Although the registered shareholder is Annabelle Jean Louis, I am the beneficiary owner of FF Magnat by a deed of trust duly signed by Annebelle Jean Louis.

*Business of FF Magnat – Oron.com*

4.     Since 26th November 2010 FF Magnat has run its internet business in the domain name of Oron.com, which is a file sharing hosting company that provides worldwide "cloud" data storage services accessible on the internet throughout the world to private individuals, business and professional users. Like well-known "cloud services" offered by such companies as Apple ("iCloud" and apple.me), Amazon, Google, Hewlett Packard and DropBox, Oron.com offers its users the ability to upload and store large amounts of data on remote and secure servers. The users have complete control over their stored data and decide whether to share their data with others.

5.     Oron.com allows free storage and access to data on its website but charges a flat fee for its premium service, which allows faster uploading and downloading and longer storage. That is how Oron.com makes its money, not through the infringement of anyone's copyrights. Oron.com is strictly governed by its extensive Terms of Service to which each user or guest has to agree to comply. Oron.com is fully compliant with laws such as the Digital Millennium Copyright Act and the Communications Decency Act in USA and similar worldwide legislations.

6.     The majority of the users of Oron.com are from Europe and Asia and only 13.4% of the visitors to Oron's website come from USA. The overwhelming

percentage of its revenue is derived from users outside of the United States.

7. The Plaintiff is a producer of hard core gay pornographic material, some of which third persons might have stored on Oron.com's computer servers. However, when compared to the total amount of third party files stored on Oron.com's servers, the amount of the Plaintiff's material is infinitesimal. It is estimated that uploads of Plaintiff's files constitute significantly less than one-tenth of one percent (0.1%) of the data stored on Oron.com.

*The litigation in USA*

8. On or about 30 May 2012, the Plaintiff provided to FF Magnat's US attorney a draft complaint, which is similar to a draft Statement of Claim in Hong Kong, alleging that they had a valid claim against FF Magnat in USA. Negotiation of settlement and arranging for mediation between the Plaintiff and FF Magnat then took place. At one stage, the Plaintiff requested FF Magnat to, among other terms, pay them US$500,000 as settlement sum.

9. On 20 June 2012, the Plaintiff commenced legal proceedings in the District Court of Nevada, USA against 3 defendants, including FF Magnat d/b/a Oron.com being the 1st defendant and on 21 June 2012 obtained a Temporary Restraining Order freezing the domain name of oron.com and the assets of FF Magnat. There is now produced and shown to me marked "SD-1" a copy of the Temporary Restraining Order dated 21 June 2012 made by United States District Judge Gloria M Navarro ("the US District Judge").

10. The US Attorney was also retained to defend FF Magnat in the US proceedings. The Answering Papers has been filed in the US Nevada District Court. There is now produced and shown to me marked "SD-2" a copy of the Defendants' Answering Papers dated 3 July 2012. I am advised and verily believe

that FF Magnat has a good defence to the Plaintiff's claim in USA.

11. On 26 June 2012, upon FF Magnat's application, the US District Judge authorized US$100,000 be released from FF Magnat's PayPal account for its legal fees and business expenses notwithstanding the objection made by the Plaintiff. There is now produced and shown to me marked "SD-3" a copy of the Order of the US District Judge dated 26 June 2012.

*Chronology of events*

12. For convenience, a chronology of events is appendixed hereunder and in which the important events have been identified:

| Date | Events |
|---|---|
| 26 November 2010 | Incorporation of FF Magnat |
| 26 November 2010 | Operation of Oron.com |
| 30 May 2012 | Plaintiff provided to FF Magnat's US attorney a draft complaint |
| Between 30 May and 20 June 2012 | Negotiation of settlement and arranging for mediation between Plaintiff and FF Magnat took place |
| 20 June 2012 | Plaintiff was alerted by a third party that HK$852,278.58 was to be transferred from Paypal to FF Magnat' HSBC account in HK |
| 20 June 2012 | Plaintiff commenced legal proceedings in the District Court of Nevada, USA against 3 defendants, including FF Magnat d/b/a Oron.com |
| 21 June 2012 | Plaintiff obtained a Temporary Restraining Order from the US District Judge freezing |

|  |  |
|---|---|
|  | the domain name of oron.com and the assets of FF Magnat |
| 22 June 2012 | Based on the said information of transfer of fund to HK and of the move of registration of Oron.com website from a US company to a European company on 12 June 2012, the Plaintiff apply to the High Court of HK for an *ex parte Mareva* injunction which was granted by Deputy High Court Judge Carlson on the same day |
| 26 June 2012 | The US District Judge authorized US$100,000 be released from FF Magnat's PayPal account for its legal fees and business expenses |
| 3 July 2012 | The Defendants' Answering Papers filed in the US Nevada District Court. |

*FF Magnat's assets in Hong Kong*

13.  It is not in dispute that FF Magnat holds the bank account number 614-024354-838 with HSBC ("HSBC Account") in Hong Kong, and it is true that FF Magnat have regularly transferred funds from its PayPal account to the HSBC Account in Hong Kong, where is the domicile of FF Magnat. However, such regular transfers did not mean that FF Magnat were dissipating its assets as alleged by the Plaintiff.

*Regular transfer of funds from PayPal account to HSBC Account*

14.  As a matter of fact, FF Magnat Limited has a PayPal account that we used to accept payments from customers on our website Oron.com. To actually get to the funds after FF Magnat Limited have accepted them, we need to withdraw funds from the PayPal account to the HSBC Account. This is a completely normal and

routine operation. After funds transferred to the HSBC Account, FF Magnat Limited would use those funds to cover costs of running the website. In fact such operation has been done by FF Magnat Limited since 17th January 2011. There is now produced and shown to me marked "SD-4" a copy of the confirmation from PayPal showing the transfers made in 2012.

15. Such normal and routine operation is also supported by the monthly bank statements of the HSBC Account, a copy of which is produced and shown to me and marked exhibit "SD-5". As seen from the PayPal confirmation and the HSBC bank statements, the routine transfers had been done well before the Plaintiff provided to FF Magnat's US attorney a draft complaint on 30 May 2012, although in the Affidavit of Ronald D. Green, JR made on behalf of the Plaintiff it was said that Mr. Marc J. Randazza *"only discovered the transfer on 20 June 2012 after he had provided a draft complaint to the Defendants on 30 May 2012"*. As such, the Plaintiff's allegations that *"the transfer of these funds demonstrates that the Defendants and their attorneys were negotiating potential settlement and mediation in bad-faith"* and that *"these assets are being intentionally moved offshore for the express intent of keeping the company's valuable property away from the reach of U.S. Courts"* are without foundation and is misconceived.

*Alleged transfer of the registration of domain name*

16. The Plaintiff also alleged that on 12 June 2012 *"the Oron.com website was moved from registration with Network Solutions, LLC, an American company, to registration with EuroDNS S.A., a European company"* (page 97 of exhibit "MJR-1" and paragraph 31 of Affidavit of Ronald D. Green, JR). Based on this information together with the so-called "transfer of funds", the Plaintiff said that they had come to the conclusion that FF Magnat was dissipating its assets offshore.

17. Though it is admitted that EuroDNS S.A has been used by FF Magnat since

12 June 2012 to replace Network Solutions, LLC. I would clarify that it was not a change of domain name registration but is merely a change of domain name registrar. Both EuroDNS S.A and Network Solutions, LLC are worldwide domain name registrar. It was simply because we believed that EuroDNS S.A would be able to provide better customer services than Network Solutions, LLC did, we therefore decided to use its services instead of Network Solutions, LLC's. It is not a *"transfer of the registration domain name to an offshore registrant"* as alleged by the Plaintiff, and there is nothing to do with dissipating assets at all.

*FF Magnat's business expenses*

18. As deposed above, after funds transferred from the PayPal account to the HSBC Account, FF Magnat Limited would use those funds to cover costs of running the website. A sum of around EUR72,000.00, which is equivalent to HK$703,000.00 per month is required for settlement of FF Magnat's running costs on a regular basis. However, due to the Order, FF Magnat did not have any funds to settle the monthly bill to Leaseweb and Leaseweb demanded the balance of the contract price in the sum of EUR348,845.29 to be paid forthwith on or before 9 July 2012 as shown in the demand letter of Leaseweb, a copy of which is now produced and shown to me marked "SD-6".

19. In such circumstance, I apply to this Honourable Court for the release of HK$3,406,086.65 to FF Magnat from the HSBC Account on or before 9 July 2012 so that we can settle the said bill within time, otherwise the website will likely be shut down by the service provider.

20. I also reserve the right to apply further sum be released to FF Magnat from the HSBC Account for its ordinary and proper business expenses.

*Legal expenses*

21. FF Magnat has retained solicitors and counsel for legal advice and also

making the present applications. A sum of around HK$169,725.00 has already been incurred. It is expected that a further sum of about HK$100,000 is required when the application for discharge is set down for argument. I thus apply to this Honourable Court for an order that HK$269,725 be released to FF Magnat's solicitors, namely Messrs. S.T. Poon & Wong from the HSBC Account to cover the legal expenses incurred and to be incurred.

22.  In the premises, I respectfully pray for an Order in terms of the Summons filed herein.

AFFIRMED at                                    )
                                               )
                                               )
                                               )
this 4 day of   July 2012                      )

Before me

I, Brezhneva Galina Vladimirovna, deputy of head of the branch N9 of ninth Moscow City State Notary Office, do testify to the authenticity of the signature of known to me Mr. Davidoglov Stanislav Pavlovich, residing at Ukraine, Yalta, Muhina St 20, apt 27., that was put before me.

Entered into the registry as  /н-108

Fee of 3000 rubles collected according to the fee schedule
Notary Public

This Affidavit / Affirmation is filed on behalf of the Defendant

**HSBC 滙豐**

HSBC Business Direct Statement
滙豐「理財易」商務戶口結單

| | | | |
|---|---|---|---|
| Number 戶口號碼 | 614-024354-838 | Branch 分行 | KOWLOON BAY CVC |

Page 2 of 4

16 May 2012

## Portfolio Summary 資產摘要

### HSBC Business Direct 滙豐「理財易」商務戶口

| | Account Number 戶口號碼 | CCY 貨幣 | Balance 結餘 (DR=Debit 結欠) | HKD Equivalent 參考貨幣等值 (DR=Debit 結欠) |
|---|---|---|---|---|
| Deposits 存款 | | | | |
| HKD Savings 港元儲蓄 | 614-024354-838 | HKD | 120,447.28 | 120,447.28 |
| Foreign Currency Savings 外幣儲蓄 | | USD | 18,945.07 | 147,178.57 |
| | | EUR | 509,962.20 | 5,032,602.56 |
| | | CHF | 0.18 | 1.48 |
| | | CNY | 26.91 | 33.05 |
| Foreign Currency Time Deposits 外幣定期存款 | | USD | 4,000.49 | 31,078.61 |
| Total 總計 | | | | 5,331,341.55 |

## Account Activities 戶口進支紀錄

### HSBC Business Direct HKD Savings 滙豐「理財易」商務戶口 – 港元儲蓄

| Date 日期 | Transaction Details 進支詳情 | | Deposit 存入 | Withdrawal 提取 | Balance 結餘 |
|---|---|---|---|---|---|
| 18 Apr | B/F BALANCE | 承前轉結 | | | 11,017.26 |
| 18 Apr | HK11804297A24Q5G 055 DBA FDC ENTERPRISES | 轉賬收入 | 8,962.00 | | 19,979.26 |
| 23 Apr | N42300108462 - GOLD/EXCHANGE DEBIT | 購入金/外匯支出 | | 19,979.00 | 0.26 |
| 25 Apr | HK12504293AP6MD2 055 DBA FDC ENTERPRISES | 轉賬收入 | 13,276.67 | | 13,276.93 |
| 27 Apr | CREDIT INTEREST | 利息收入 | 0.82 | | 13,277.75 |
| 2 May | PAYPAL PTE LTD 4CWJ25TTH3G26 | 轉賬收入 | 123,779.70 | | |
| | PAYPAL PTE LTD 4CWJ25U3TQCDJ | 轉賬收入 | 211,267.78 | | |
| | PAYPAL PTE LTD 4CWJ25TTGTY54 | 轉賬收入 | 750,000.00 | | |
| | PAYPAL PTE LTD 4CWJ25TUFQNUQ | 轉賬收入 | 885,226.70 | | |
| | PAYPAL PTE LTD 4CWJ25U4BH9ZU | 轉賬收入 | 889,066.66 | | 2,872,618.59 |
| 3 May | HK103052928FII3E 055 DBA FDC ENTERPRISES | 轉賬收入 | 24,728.69 | | |
| | N50300156045 - GOLD/EXCHANGE DEBIT | 購入金/外匯支出 | | 776,900.00 | |
| | N50300156427 - GOLD/EXCHANGE DEBIT | 購入金/外匯支出 | | 2,000,000.00 | 120,447.28 |

| Total No. of Deposits: 存入次數總計 | | 9 | Total No. of Withdrawals: 提取次數總計 | | 3 |
|---|---|---|---|---|---|
| Total Deposit Amount: 存入總額 | HKD | 2,906,309.02 | Total Withdrawal Amount: 提取總額 | HKD | 2,796,879.00 |

### HSBC Business Direct Foreign Currency Savings 滙豐「理財易」商務戶口 – 外幣儲蓄

| CCY 貨幣 | Date 日期 | Transaction Details 進支詳情 | | Deposit 存入 | Withdrawal 提取 | Balance 結餘 |
|---|---|---|---|---|---|---|
| USD | 16 Apr | B/F BALANCE | 承前轉結 | | | 46,685.04 |
| | 23 Apr | DEPOSIT Internet Ref: BIB- N42300108452 | 存款 | 2,570.24 | | |
| | | WITHDRAWAL | 提款 | | 4,000.00 | |
| | | WITHDRAWAL | 提款 | | 14.20 | 45,241.08 |
| | 3 May | WITHDRAWAL | 提款 | | 3,000.00 | |
| | | WITHDRAWAL | 提款 | | 14.20 | |
| | | WITHDRAWAL | 提款 | | 14.20 | |
| | | WITHDRAWAL | 提款 | | 2,550.00 | |
| | | WITHDRAWAL | 提款 | | 2,626.00 | |
| | | WITHDRAWAL | 提款 | | 14.20 | |
| | | WITHDRAWAL | 提款 | | 2,750.00 | |
| | | WITHDRAWAL | 提款 | | 14.20 | |
| | | WITHDRAWAL | 提款 | | 1,250.00 | |
| | | WITHDRAWAL | 提款 | | 14.20 | |

**Exchange Rate 匯率**

| USD | 7.768700 | CHF | 8.216065 | CNY | 1.228292 | EUR | 9.868580 |

The Hongkong and Shanghai Banking Corporation Limited
香港上海滙豐銀行有限公司

HSBC Business Direct 滙豐「理財易」商務戶口 ☎ 2748 8288

06 IP 6 87M0003

HCMP1275/2012
IN THE HIGH COURT OF THE
HONG KONG SPECIAL ADMINISTRATIVE REGION
THE COURT OF FIRST INSTANCE
MISCELLANOUS PROCEEDING NO.1275 of 2012

\*\*\*\*\*\*\*\*\*\*

BETWEEN

LIBERTY MEDIA HOLDINGS, LLC        Plaintiff

and

FF MAGNAT LIMITED                  Defendant

\*\*\*\*\*\*\*\*\*\*

mmmmmmmmmmmmmmmmmmmmmmmmmmmmmmmmmmm

2ND AFFIRMATION OF WONG SUK MEI
mmmmmmmmmmmmmmmmmmmmmmmmmmmmmmmmmmm
Filed this    5th    day of    July    2012.

S. T. POON & WONG
SOLICITORS
16TH FLOOR, HONG KONG TRADE CENTRE,
161-167 DES VOEUX RAOD,
CENTRAL, HONG KONG

REF: CI/MW/ET/MW/55289/12

Sperlein Declaration
Exhibt B Page 14