# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Liberty Media Holdings, LLC, a California Corporation, <br><br>　　　　　　Plaintiff, <br><br>　vs. <br><br>FF Magnat Limited, *d/b/a* Oron.com; Maxim Bochenko, *a/k/a* Roman Romanov; and John Does 1-500, <br><br>　　　　　　Defendants. | Case No.: 2:12-cv-01057-GMN-RJJ <br><br>**ORDER** |

Pending before the Court is FF Magnat Limited, *d/b/a* Oron.com's ("Defendant") Motion for Disbursement of Additional Funds and to Stay Execution of Judgment [ECF No. 90].

## I.　BACKGROUND

On June 21, 2012, the Court granted Plaintiff Liberty Media Holdings, LLC's Motion for a Temporary Restraining Order that froze Defendant's accounts for fourteen (14) days, including its account with PayPal, Inc. ("PayPal"). (ECF No. 11.) Pursuant to the parties' joint stipulation, the Court ordered that these accounts remain frozen until August 9, 2012. (ECF No. 29.) Thereafter, the parties entered into settlement negotiations. (ECF No. 85.) Although the parties previously disputed the existence of a settlement agreement, on August 7, 2012, the Court granted Plaintiff's Motion to Enforce the Settlement Agreement that the parties agreed to on July 5, 2012. (ECF No. 85.) Under the terms of the Settlement Agreement, Plaintiff was entitled to $550,000.00. (ECF No. 85.) In that Order, the Court further ordered that *"FF Magnat's account shall remain frozen, in order to satisfy any fee award, which may be sought by Plaintiff, but which must be brought within thirty (30) days of this Order."* (ECF No. 85, 8:3-5.) In addition, Plaintiff filed a Motion for Attorneys' Fees on August 10, 2012, seeking

Case 2:12-cv-04500-CBM-RJ Document 8-5 Filed 08/28/12 Page 2 of 3
Case 2:12-cv-01057-GMN-RJJ Document 102 Filed 08/27/12 Page 2 of 3

$199,821.50 in attorneys' fees and costs. (ECF No. 89.) In total, given the Settlement Agreement and Plaintiff's Motion for Attorneys' Fees, the maximum amount due from Defendant to Plaintiff was $749,821.50. (ECF No. 90.) However, on August 21, 2012, the Court ordered PayPal to satisfy the judgment against Defendant and pay $550,000.00 to Plaintiff from Defendant's frozen PayPal account. (ECF No. 97.) Thus, the current maximum amount that Defendant could possibly be ordered to pay to Plaintiff is the sum of $199,821.50 that Plaintiff seeks in its pending Motion for Attorneys' Fees. (ECF No. 89, 100.)

Defendant is now seeking disbursement of its funds that remain frozen in the PayPal account above the amount it could possibly be ordered to pay to Plaintiff. (ECF No. 90.) This is not Defendant's first attempt to obtain relief from the Order that froze its accounts. (*See* ECF Nos. 15, 20, 24.) In fact, the Court has entertained such a motion on at least two previous occasions. (*See* ECF Nos. 19, 27.) On June 26, 2012, in response to the first such motion, the Court specifically stated that "the Court will only consider [a motion for disbursement of funds] if it is accompanied by an itemization specifying which funds are requested and for what purpose. This request should be accompanied by an affidavit verifying the amounts requested, their current location and their intended use." (ECF No. 19, 1:22-25.) Subsequently, on June 29, 2012, the Court addressed an additional request for the release of funds and explicitly advised that "any future requests must be accompanied by a full accounting of Defendant's accounts and presented with appropriate documentation . . . ." (ECF No. 27, 2:13-16). However, these denials and Orders were entered prior to the settlement agreement when Plaintiff was still pursuing its copyright infringement claims.

## II. DISCUSSION

Plaintiff's claims against Defendant were *dismissed with prejudice* as a result of the Order Enforcing the Settlement. The maximum amount to which Plaintiff could possibly be entitled to is the sum awarded in the Settlement Agreement, plus the amount that Plaintiff

subsequently requested in attorneys' fees and costs. Specifically, Plaintiff is entitled to $550,000.00 under the terms of the Settlement Agreement, and is currently seeking $199,821.50 in attorneys' fees and costs, the sum total of which is $749,821.50. This amount must remain frozen in Defendant's PayPal account.

However, the Court previously ordered PayPal to satisfy the judgment that Plaintiff received against the Defendant in the Court's Order enforcing the settlement agreement. Therefore, once PayPal has paid the ordered $550,000.00 to Plaintiff, PayPal must keep only the remaining $199,821.50 frozen until Plaintiff's Motion for Attorneys' Fees is resolved. To that end, the Court grants, in part, Defendant's Motion for Disbursement of Funds. Until PayPal, Inc. pays Plaintiff the sum of $550,000.00, as previously ordered, a total amount of $749,821.50 must remain frozen in Defendant's PayPal account. Any sum exceeding that amount must be unfrozen.

Because the Court previously ordered PayPal to satisfy Plaintiff's judgment against Defendant resulting from the Order enforcing the settlement agreement, Defendant's Motion to Stay Execution of the Judgment is denied as moot.

### III. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion for Disbursement of Funds (ECF No. 90) is **GRANTED, in part.** Until PayPal, Inc. pays Plaintiff the sum of $550,000.00, as previously ordered, a total amount of $749,821.50 must remain frozen in Defendant's PayPal account. Any sum exceeding that amount must be unfrozen.

**IT IS FURTHER ORDERED** that the Motion to Stay Execution of Judgment (ECF No. 90) is **DENIED, as moot.**

**DATED** this 27th day of August, 2012.

_____
Gloria M. Navarro
United States District Judge