# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

The Law Office of D. Gill Sperlein
345 Grove Street   San Francisco, CA 94102   Fax: 415-404-6616
Tel: 415-404-6615

DATATECH ENTERPRISES, LLC, a                )
Nevada Limited Liability Company,           )
                                            )
    Plaintiff,                              )
                                            )
            vs.                             )
                                            )
FF MAGNAT LIMITED d/b/a                     )
ORON.COM, STANISLAV                         )
DAVIDOGLOV, and JOHN DOE a/k/a              )
ROMAN ROMANOV (an alias); and              )
                                            )
    Defendants.                             )
                                            )
                                            )
_____ )

**Case No.:** C-12-4500 CRB

**ORDER GRANTING PLAINTIFF DATATECH ENTERPRISE, LLC'S APPLICATION FOR TEMPORARY RESTRAINING ORDER**

The Plaintiff has shown a substantial likelihood of success on the merits of its claims sufficient for the Court to issue a limited Temporary Restraining Order.  Plaintiff alleges copyright infringement, contributory copyright infringement, vicarious copyright infringement and Alter Ego. (Compl., ECF No. 1.)  To show a substantial likelihood of prevailing on the merits of a copyright infringement claim, Plaintiff must show that: (1) it owns the copyright to which its infringement claims relate; and, (2) Defendants violated one of the Plaintiff's exclusive rights in the works.  *See*, *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991); *Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1232-33 (11th Cir. 2010); *Sid & Marty Krofft Television Prods., Inc. v. McDonald's Corp.*, 562 F.2d 1157, 1162 (9th Cir 1977); *Educational Testing Servs. v. Katzman*, 793 F.2d 533, 538 (3d Cir. 1977).  These two factors have been clearly established by the Plaintiff.

Plaintiff has established irreparable harm wherein there is a substantial chance that upon final resolution, the movant cannot be made whole.  Plaintiff has demonstrated that Defendants are engaged in allegedly fraudulent transfers that may impinge on the Court's ability to issue effective equitable relief. *See*, *In re Estate of Ferdinand Marcos, Human Rights Litigation*, 25 F.3d 1467 (9th Cir. 1994) (proper to issue an injunction to keep assets from being dissipated overseas, especially where defendant had engaged in a pattern of such activity).

The balance of equities favors the issuance of a temporary restraining order in that it is limited in scope and it does nothing more than prohibit Defendants from fraudulent transfers and compels that they unwind those in which they have already engaged.  Freezing any U.S. funds protects Plaintiff's ability to receive any possible relief.  There is also a genuine public interest in upholding copyright protections. *See*, *Erickson v. Trinity Theatre, Inc*., 13 F.3d 1061, 1066 (7th Cir. 1994) (quoting *Apple Computer, Inc. v. Franklin Computer Corp*., 714 F.2d 1240, 1255 (3d Cir. 1983) ("It is virtually axiomatic that the public interest can only be served by upholding copyright protections …")).

Finding that the Plaintiff has demonstrated good cause for the relief requested herein, **IT IS HEREBY ORDERED** that:

1.  Any bank or financial institution in the United States with an account belonging to FF Magnat Limited, Oron.com; Stanislav Davidoglov, Roman Romanov will immediately freeze those funds from being withdrawn for a period of fourteen (14) days until a hearing on the Preliminary Injunction can be held;

-2-

2.  PayPal, Inc. will immediately freeze any and all funds in any FF Magnat Limited or Oron.com accounts from being withdrawn for a period of fourteen (14) days until a hearing on Preliminary Injunction can be held;

3.  CCBill, LLC will immediately freeze any and all funds in any FF Magnat Limited or Oron.com accounts from being withdrawn for a period of fourteen (14) days until a hearing on Preliminary Injunction can be held;

4.  AlertPay will immediately freeze any and all funds in any FF Magnat Limited or Oron.com accounts from being withdrawn for a period of fourteen (14) days until a hearing on Preliminary Injunction can be held;

5.  All Defendants are hereby enjoined from disgorging or dissipating any funds, property, domain names, or other assets until further notice.

**IT IS FURTHER ORDERED** that security pursuant to Federal Rule of Civil Procedure 65 shall be posted immediately after entry of this Order in the amount of  ONE THOUSAND ($1000.00) DOLLARS AND NO CENTS.

**IT IS FURTHER ORDERED** that Plaintiff immediately serve the Complaint, Motion For Temporary Restraining Order, Motion For Preliminary Injunction, and copy of this Order on Defendants.

**IT IS FURTHER ORDERED** that a hearing is scheduled for **September 11, 2012** at **10:00 a.m.**, before the Honorable Charles R. Breyer, United States District Judge, in Courtroom **6** of the United States Courthouse, **450 Golden Gate Avenue, San Francisco, CA** for Defendants to show cause why an Order pursuant to Federal Rule of Civil Procedure 65

ORDER

should not be entered granting to Plaintiff a preliminary injunction extending the relief granted by this Temporary Restraining Order.

**IT IS FURTHER ORDERED** that Defendants' answering papers shall be filed with the Clerk of this Court and served on Plaintiff's attorneys, with a courtesy copy being delivered to the Court, on or before **September 4, 2012 at 5:00 p.m.**  Reply papers shall be likewise filed with the Clerk of this Court and served on Defendants' attorneys, with a courtesy copy being delivered to the Court, on or before **September 10, 2012 at 12:00 p.m.**

DATED this 28 day of August, 2012, at 3:00 p.m.



_____

Charles R. Breyer

United States District Judge

ORDER