D. GILL SPERLEIN (SBN 172887)
THE LAW OFFICE OF D. GILL SPERLEIN
345 Grove Street
San Francisco, California 94102
Telephone: (415) 404-6615
Facsimile: (415) 404-6616
gill@sperleinlaw.com

Attorneys for Plaintiff DataTech Enterprises, LLC,

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| DATATECH ENTERPRISES, LLC, a Nevada Limited Liability Company,<br><br>    Plaintiff,<br><br>        vs.<br><br>FF MAGNAT LIMITED d/b/a ORON.COM, STANISLAV DAVIDOGLOV, and JOHN DOE a/k/a ROMAN ROMANOV (an alias); and<br><br>    Defendants. | Case No.: 2-12-4500 CRB<br><br>**PLAINTIFF'S OPPOSITION TO ADMINISTRATIVE MOTION FOR ORDER SHORTENING TIME TO HEAR DEFENDANT FF MAGNAT LIMITED'S MOTION FOR PARTIAL RELEIF FROM TEMPORARY RESTRAINING ORDER**<br><br>Judge:   Hon. Charles R. Breyer<br>CtRm.:   6- 17th Fl |

   Defendant FF Magnat Limited applied to the Court for an order shortening time to hear its Motion for Limited Partial Relief from Temporary Restraining Order. For the reasons set forth below, Plaintiff opposes this Administrative Request as a waste of judicial resources and an end run around the Court's prior Order and local rules pertaining to page limits.

**<u>INTRODUCTION</u>**

   In his declaration in support of Defendant's Motion for Partial Relief from Temporary Restraining Order, Steven Lieberman states that Oron incurred in excess of $290,000 in legal fees

-1-

defending against the *Liberty* action in the Nevada District Court. The current motion filed by Defendant, makes it easy to understand how its attorneys amassed such high legal fees and makes clear their intent to incur equally high fees in this matter and to engage in all efforts to pay for those fees out of funds that rightfully belong to Plaintiff. The Court should recognize Defendant's slash and burn litigation strategy for what it is, deny Defendant's unwarranted and incomprehensible request for an expedited hearing on its motion for relief, and ultimately deny the relief Defendant seeks.

## ARGUMENT

**I. Because the Relief Sought Would Greatly Prejudice Plaintiff While Offering Minimal Relief to Defendant, the Requested for Relief Should Be Considered at the Order to Show Cause Hearing, and Not in Advance.**

Currently, the Court has scheduled for September 11, 2012 a hearing to show cause why a preliminary injunction should not issue, with Defendant's answering papers due on September 4, 2012. At the hearing on September 11th, the parties will have the opportunity to fully brief the Court on issues relating to the TRO and Preliminary Injunction. Rather than prepare for that hearing, Defendants have diverted their attention to seeking relief that would have no effect other than to pre-game their arguments to the Court. Should the Court hear Defendant's Motion for Limited Partial Relief on the expedited schedule Defendant requests, the issue would not even be submitted to the Court until September 5th, the day after Defendant's attorneys have completed and filed their answering papers thereby substantially completing the majority of the work related to the order to show cause hearing. Granted, the attorneys will need to review Plaintiff's Reply papers and attend the hearing, but even if they work around the clock, at most the attorneys will bill an additional 24 hours. Moreover, should the Defendant's attorneys successfully convince the Court to dissolve the TRO without issuing a Preliminary Injunction, the relief they seek to request will become moot. It

-2-

makes no sense to schedule additional briefing and an additional hearing date in advance of the Order to Show Cause hearing when the best Defendants could hope for would be to have a limited amount of funds to pay their bills a few days prior to the hearing.

Defendants know their Motion for Limited Relief is doomed. The Nevada Court in the *Liberty* case rejected the exact same arguments twice, and Defendant's motion here suffers the same deficiencies. *See*, *Liberty Media Holdings, LLC v. FF Magnet, Ltd*, 12-cv-01057-GMN-RJJ, D.C.N., EFC No. 19 and 27, attached hereto as Exhibits A and B. In Liberty, as in this case the Court issued a Temporary Restraining Order and scheduled an Order to Show Cause hearing as to why a Preliminary Injunction should not issue. Defendant filed a similar emergency request for partial relief seeking access to $375,000 for business and legal expense. The Court expressed concerned that the Defendant did not "provide any itemization or accounting for the Court to consider in making its determination as to whether the requested amount [was] reasonable". *Id.*, ECF No. 19 at p. 1:20-25, attached as Exhibit A   However, giving FF Magnat the benefit of the doubt the Court released $100,000 and invited Defendant to file a subsequent motion if it accompanied the motion with an itemization specifying which funds are requested and for what purpose with an affidavit verifying the amounts requested, their current location and their intended use. *Id*. FF Magant Limited indeed reapplied to the Court but failed to follow the Court's direction for specificity and thus the Court rejected the request. *Id*. at ECF No. 21, p. 2:9-11, attached as Exhibit B.

Defendant's Motion here suffers from the same deficiencies. Namely, Defendant asks to withdraw funds that rightfully belong to Plaintiff without providing any evidence of the Defendant's assets or its actual need to access the funds. The fact that FF Magant Limited has not paid its prior legal bills means nothing if it is holding millions of dollars in assets in various currencies around the world. Defendant does not even bother to tell the Court how much money is in its PayPal and other

-3-

U.S. accounts, much less its holdings in other accounts throughout the world. Before granting any relief, the Court should require a complete world-wide accounting of Defendant's holdings and assets. It is clear that Defendant does not want to reveal the location of any other assets because it hopes to prevent Plaintiff from seeking out those funds to satisfy its eventual judgment in this action which potentially will be in the tens of millions of dollars.

It seems specious that a law firm would make an appearance on behalf of a party that already owes the firm $160,000 without some assurance that the party will pay for the future work related to this case. Especially in light of the risk that the Court will not allow the firm to withdraw from the representation of Defendant in this case, even if it does not get paid for its services and the fact that two US courts and one Hong Kong court have found that Plaintiff DataTech and another Plaintiff in the identical situation (Liberty) have/had a substantial likelihood of success on the merits of their claims. While Plaintiff does not, and would not, ask for information about the nature of the assurances FF Magant Limited gave its attorneys, Plaintiff does insist that Defendant present a worldwide accounting before the Court even considers releasing Plaintiff's lost profits to Defendant in order for it to pay its past, present, or future legal bills.

**II. Defendant's motion is an end-run around page limits set by local rules.**

Plaintiffs Request for Administrative Relief is nothing more than a pregame of their briefing on the Order to Show Cause. Though Defense counsel may desperately hope the Court will release some funds, they likely understand their request is doomed, given their client's apparent unwillingness to reveal its assets. However, their Motion serves another purpose, which is obvious. Two pages of Defendant's brief deal with the issue of allowing access to funds for legal expenses. Though disguised as an argument of why Defendant will incur extraordinary legal fees in this action, the remainder of the brief actually argues the merits of why the Preliminary injunction should not

issue. The Court should not permit this end-run around the briefing page limits set by local rules. The Court should order the Defendant to either withdraw its motion for emergency relief or deem the submitted motion to be the first 15 pages of its answer to the order to show cause.

## **CONCLUSION**

For the reasons set forth above, the Court should deny Defendant's Administrative Request for an Order Shortening Time and further order that Defendant either withdraw its Motion for Limited Partial Relief or deem the Motion to constitute the first 15 pages of its answering papers on the Order to Show Cause.

Dated: *August 31, 2012*              Respectfully submitted,


                                      */s/ D. Gill Sperlein*


                                      _____
                                      D. GILL SPERLEIN
                                      THE LAW OFFICE OF D. GILL SPERLEIN

                                      Attorney for Plaintiff DataTech Enterprises, LLC,