D. GILL SPERLEIN (SBN 172887)
THE LAW OFFICE OF D. GILL SPERLEIN
345 Grove Street
San Francisco, California  94102
Telephone: (415) 404-6615
Facsimile: (415) 404-6616
gill@sperleinlaw.com

Attorneys for Plaintiff DataTech Enterprises, LLC,

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCSICO DIVISION**

| | |
|---|---|
| DATATECH ENTERPRISES, LLC, a Nevada Limited Liability Company, <br><br> Plaintiff, <br><br> vs. <br><br> FF MAGNAT LIMITED d/b/a ORON.COM, STANISLAV DAVIDOGLOV, and JOHN DOE a/k/a ROMAN ROMANOV (an alias); and <br><br> Defendants. | Case No.: 2-12-4500 (CRB) <br><br> **PLAINTIFF DATATECH ENTERPRISES, LLC'S MOTION FOR ORDER PERMITTING ALTERNATIVE SERVICE** <br><br> Date:  TBD (Expedited Hearing Requested) <br> Time: TBD (Expedited Hearing Requested) <br> CtRm:  6, 17th Fl |

<u>**NOTICE OF MOTION**</u>

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE, that on _____ at 10:00 a.m., or as soon thereafter as this matter may be heard by the above-entitled court, located at 450 Golden Gate Avenue, San Francisco, California, 94012, Plaintiff DataTech Enterprises, LLC will move this Court for an Permitting Alternative Service.

## STATEMENT OF RELIEF SOUGHT

By this Motion, Plaintiff seeks an Order permitting service on Defendant Stanislav Daivdogslov through alternate means.  Specifically, Plaintiff seeks an Order allowing it to serve the Summons, Complaint, Order Granting Plaintiff DataTech Enterprises, LLC's Application for Temporary Restraining Order (hereinafter "Order on TRO") and other papers on Stanislav Davidoglov, by leaving physical copies of those documents at the business address for Defendant FF Magnat Limited (a company for which he claims to be the sole owner) in Hong Kong and serving physical and electronic copies of the documents upon Krieg, Keller, Sloan, Reilley, & Roman, LLP (hereinafter the Krieg Firm), FF Magnat Limited's attorneys in San Francisco.

Plaintiff also concurrently files an administrative motion seeking expedited hearing on this motion and Plaintiff's concurrently filed Motion for Order Granting Leave to Take Discovery prior to Rule 26 Conference.

## INTRODUCTION AND BACKGROUND

The Court previously Granted Plaintiff's *Ex Parte* Application for a Temporary Restraining Order enjoining Defendants from dissipating assets and ordering U.S. banks and financial institutions to freeze any funds held in Defendants' names.  Order on TRO, ECF. No. 9.  The Order directed Plaintiff to immediately serve the Complaint, Motion for Temporary Restraining Order, Motion for Preliminary Injunction, and copy of the Order on Defendants.  Plaintiff took steps to ensure that Defendants immediately received copies of those documents as described herein and in the supporting Declaration of Plaintiff's Counsel, D. Gill Sperlein.

# ARGUMENT

**I.   Federal Law Allows for Alternative Service.**

"Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served at a place not within any judicial district of the United States: **(1)** by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; **(2)** if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice: **(A)** as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction; **(B)** as the foreign authority directs in response to a letter rogatory or letter of request; or **(C)** unless prohibited by the foreign country's law, by:**(i)** delivering a copy of the summons and of the complaint to the individual personally; or **(ii)** using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or **(iii)** by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. Pro. 4(f).

As obvious from its plain language, service under Rule 4(f)(3) must be (1) directed by the court; and (2) not prohibited by international agreement. No other limitations are evident from the text. In fact, as long as court-directed and not prohibited by an international agreement, service of process ordered under Rule 4(f)(3) may be accomplished in contravention of the laws of the foreign country." *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002)

Applying this construction of Rule 4(f)(3) trial courts have authorized a wide variety of alternative methods of service including authorizing service via electronic mail (*In re Int'l Telemedia Associates, Inc.,* 245 B.R. 713, 720 (Bankr. N.D. Ga. 2000)) and on defendant's attorney. *Forum Fin. Group, LLC v. President & Fellows,* 199 F.R.D. 22, 23–24 (D.Me.2001).

-3-

Nothing in the Rule requires that any type of service is required, prior to court-directed service. *Rio Properties,* 284 F.3d at 1015. Service of process under Rule 4(f)(3) is neither a "last resort" nor "extraordinary relief." *Id.*

Here personal service on Defendant Stanislav Davidoglov (hereinafter "Davidoglov") would likely prove impossible. Certainly, it would be impossible through personal service to provide him notice of this action and the relevant deadlines as quickly as Plaintiff was able to by serving copies of the relevant documents at his business' address in Hong Kong and his company's attorneys.

## II. Service on FF Magnat Limited and Its Attorneys is Reasonable to Give Notice to Its Owner, Stanislav Davidoglov.

Under penalty of perjury, Davidoglov describes himself at the owner of Defendant FF Magnat Ltd. *See*, *Liberty Media Holdings, LLC v. FF Magnet, Ltd, 12-cv-01057-GMN-RJJ, D.C.N.*, 2nd Decl. of D. Gill Sperlein at ¶6 and Ex. D at ¶1). He further states that Oron, which he uses synonymously with FF Magnat Limited, is a Hong Kong company. *Id.* Plaintiff served documents on the Hong Kong address. *Id.* at ¶13, Ex. H. Plaintiff's process server in Hong Kong reports that the address provided on corporate papers is what is referred to in Hong Kong as a secretarial office. It is a formal mailing address only. According to Plaintiff's Hong Kong process server, this practice is very common in Hong Kong, especially if the company is only set up in Hong Kong to allow a bank account to be opened or to allow a company to look legitimate if anyone checks whether it exists.

FF Magnat Limited uses payment processors in the United States and in other countries. When the infringing website was in operation, the servers resided in the Netherlands. Davidoglov claims he lives in Yalta, the Ukraine, but signed the declaration FF Magnat's attorneys filed in the Liberty case in Chisinau, Moldava. *Id.* at ¶6, Ex. D.

-4-

MOTION FOR ORDER PERMITTING ALTERNATIVE SERVICE
C-12-4500 (CRB)

FF Magnat's lawyers refuse to answer Plaintiff's inquiry as to whether they represent Davidoglov. 2nd Sperlein Dec. at 4, Ex. B. However, the following facts are not disputed. The Krieg Firm represents FF Magnat Limited, and Defendant Davidoglov claims to be the owner of that company. *Id*. at ¶6 and Ex. D at ¶1). In the *Liberty* action, the Krieg Firm prepared and filed a Declaration by Davidoglov. *Id*. at ¶6 and Ex. D. As the owner of FF Magnat Limited, Davidoglov undoubtedly received notice of this action from the Krieg Firm.

Plaintiff has taken the following actions in order to serve Defendant Davidoglov the Summons, Complaint, *Ex Parte* Application for TRO, and Order on TRO. On the day the Court issued the TRO, Plaintiff's attorney delivered an electronic copy of the documents, along with supporting Declarations and Exhibits to all attorneys identified on the docket in the Nevada action including David S. Kahn, Sheri M. Thome, J. Scott Burris (Wilson Elsner Moskowitz Edelman & Decker, LLP, Las Vegas); Kenneth E. Keller, Stan G. Roman, Michael D. Lisi (Krieg, Keller, Sloan, Reilley & Roman LLP, San Francisco); and Steven Lieberman (Greenberg & Lieberman, LLC, Washington, D.C.). *Id*. at ¶2. Plaintiff's attorney asked if the attorneys were authorized to accept service of process or if there was someone / somewhere else to whom they would him to serve documents. *Id.*

The following day, Plaintiff's attorney sent a longer and more formal letter requesting this information again and also directly inquiring as to whether counsel represented Defendants in this matter. *Id*. at ¶3, Ex. A. Mr. Roman responded only that they were not authorized to accept or waive service, but refused to respond to the question of whether they represented the Defendants in this action. *Id*. at ¶4, Ex. B. That evening, Plaintiff's counsel sent the documents to Hong Kong to be delivered to FF Magnat Limited's address of record. *Id*. at ¶13, Ex. H. As Defense counsel refused to respond to Plaintiff's request as to whether they would like to have the documents delivered in any

-5-

MOTION FOR ORDER PERMITTING ALTERNATIVE SERVICE
C-12-4500 (CRB)

other fashion, on August 30, 2012, Plaintiff's attorney delivered a complete physical set of the documents to the Krieg Firm. *See*, concurrently filed Proof of Service / Declaration of Steve E. Earhart.

At 2:50 p.m. Michael Lisi of the Krieg Firm first indicated that the Firm *might* represent a party in this action by asking Plaintiff's attorney via e-mail if Plaintiff would stipulate to having a Motion for Relief from the TRO heard on an expedited basis. 2nd Sperlein Decl. at ¶4. However, Mr. Lisi still did not directly tell Plaintiff's counsel whether or not the Krieg Firm represented any defendant. *Id.* Subsequently, the Krieg Firm appeared on behalf of FF Magnat Limited when it filed its Motion for Relief from the TRO.

## **CONCLUSION**

Plaintiff would not likely achieve personal service of the Summons, Complaint and other operative documents on Defendant Stanislav Davidoglov prior to the Order to Show Cause hearing. There can be no doubt that Davidoglov already has actual notice. Thus, Plaintiff respectfully request that the Court Order that Plaintiff be permitted to serve Defendant Stanislav Davidoglov by 1) delivering the documents to the following address:

Stanislav Davidoglov

Individually and as Beneficial Owner

FF Magnat Limited

Unit 1502, 15/F, Jubilee Centre

46 Gloucester Road

Wanchai, Hong Kong

2) by e-mailing the documents to Kenneth E. Keller, Stan G. Roman, Michael D. Lisi at Krieg, Keller, Sloan, Reilley & Roman LLP, San Francisco, California; and 3) by delivering physical copies

of the documents to the Krieg Firm in San Francisco.

As Plaintiff has already taken these steps, Plaintiff requests that the Court deem Defendant Stanislav Davidoglov as having been served with the Summons, Complaint, Application for TRO and Order on TRO in this action.

Respectfully submitted,

Dated *September 2, 2012*           */s/ D. Gill Sperlein*

_____
D. GILL SPERLEIN
THE LAW OFFICE OF D. GILL SPERLEIN

Attorney for Plaintiff DataTech Enterprises, LLC,