D. GILL SPERLEIN (SBN 172887)
THE LAW OFFICE OF D. GILL SPERLEIN
345 Grove Street
San Francisco, California 94102
Telephone: (415) 404-6615
Facsimile: (415) 404-6616
gill@sperleinlaw.com

Attorneys for Plaintiff DataTech Enterprises, LLC,

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCSICO DIVISION

| | |
|---|---|
| DATATECH ENTERPRISES, LLC, a Nevada Limited Liability Company,<br><br>    Plaintiff,<br><br>    vs.<br><br>FF MAGNAT LIMITED d/b/a ORON.COM, STANISLAV DAVIDOGLOV, and JOHN DOE a/k/a ROMAN ROMANOV (an alias); and<br><br>    Defendants. | **Case No.: 2-12-4500 CRB**<br><br>**PLAINTIFF DATATECH ENTERPRISES, LLC'S MOTION FOR LEAVE TO TAKE DISCOVERY PRIOR TO RULE 26 CONFERENCE**<br><br>Date: TBD (Expedited Hearing Requested)<br>Time: TBD (Expedited Hearing Requested)<br>CtRm: 6, 17th Fl |

## NOTICE OF MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE, that on _____ at 10:00 a.m., or as soon thereafter as this matter may be heard by the above-entitled court, located at 450 Golden Gate Avenue, San Francisco, California, 94012, Plaintiff DataTech Enterprises, LLC will move this Court for an Order Granting Leave to Take Discovery Prior to Rule 26 Conference.

-1-
MOTION FOR ORDER GRANTING LEAVE TO TAKE EARLY DISCOVERY
C-12-4500 (CRB)

**STATEMENT OF RELIEF SOUGHT**

Pursuant to Local Rule 7-11, Plaintiff files this Motion seeking leave to take limited discovery prior to the scheduled Rule 26 conference for the reasons set forth herein and in the concurrently filed Declaration D. Gill Sperlein (hereinafter 2nd Sperlein Decl).  Specifically, Plaintiff seeks to subpoena various Internet service providers (ISPs) to obtain information to identify the Defendant currently identified as John Doe a/k/a Roman Romanov.  Should the Court Deny Plaintiff's concurrently Filed Motion for Order Permitting Alternative Service, Plaintiff also seeks immediate discovery on Defendant FF Magnat Limited for information necessary to serve process on Defendant Stanislav Davidoglov.

Plaintiff concurrently files an Administrative Motion seeking expedited hearing on this Motion and Plaintiff's concurrently filed Motion for Order Permitting Alternative Service.

**INTRODUCTION AND FACTUAL BACKGROUND**

Defendant FF Magnat Limited (hereinafter "FF Magnat Ltd.") is a Hong Kong business that operated an Internet-based business at the domain Oron.com.  FF Magnat Ltd.'s business model fostered and promoted the infringement of Plaintiff's exclusive rights through the unauthorized and uncompensated copying, storing, distributing, displaying, selling, and transferring of Plaintiff's copyright protected works by, among other things, inducing, soliciting, incentivizing, rewarding, and paying users of the service who uploaded infringing works.  Complaint at ¶5.  Defendant Stanislav Davidoglov, a citizen of the Ukraine, is one of the beneficial owners, operators, and guiding forces behind FF Magnat Ltd., and is equally responsible for any and all offenses by FF Magnat Ltd. as alleged in the Complaint.  *Id*. at ¶6.  The true name of Defendant John Doe a/k/a Roman Romanov

(hereinafter "Romanov") is presently unknown to Plaintiff[1]. *Id*. at ¶6. Plaintiff believes and has alleged in its Complaint that Romanov is one of the beneficial owners, operators, and guiding forces behind FF Magnat Ltd. and is equally responsible for any and all offenses by FF Magnat Ltd. as alleged herein. *Id*. at ¶7. It is possible that Davidoglov and Romanov are one and the same.

In order to discover the true identity of Romanov so that Plaintiff can amend its Complaint and serve a copy of the Summons and Amended Complaint on him, Plaintiff seeks leave to take early discovery. Discovery in advance of the Rule 26 conference is necessary because Romanov participates in a scheme with the other Defendants to transfer funds out of the United States and around the world in order to avoid payment to copyright holders whose works they have infringed, including Plaintiff. *See*, Order Granting Plaintiff DataTech Enterprise LLC's Application for Temporary Restraining Order (hereinafter, Order Granting TRO), ECF 9. Moreover, data linking Romanov's true identity to an e-mail address and Skype account he used in conducting business on behalf of Defendant FF Magnat Ltd. is held by third parties and could be purged prior to the Rule 26 conference if not secured immediately.

## ARGUMENT

### I. Federal Rules Allow for Early Discovery.

Rule 26(d) provides that a court may authorize early discovery "for the convenience of parties and witnesses and in the interests of justice." Fed. R. Civ. Pro. 26(d). A court may grant a request to take discovery prior the parties' meeting under Rule 26(f) where the requesting party demonstrates good cause. *See, Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002).

---

[1] Liberty identified Romanov in its Complaint as Maxim Bochenko. However, Bochenko filed a Declaration in that action stating under penalty of perjury that he is not the individual who uses the alias Roman Romanov. 2nd Sperlein Decl. at ¶5. Ex. C. Discovery may prove otherwise.

-3-
MOTION FOR ORDER GRANTING LEAVE TO TAKE EARLY DISCOVERY
C-12-4500 (CRB)

THE LAW OFFICE OF D. GILL SPERLEIN
345 GROVE STREET   SAN FRANCISCO, CA 94102
TEL: 415-404-6615   FAX: 415-404-6616

"Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.* Good cause is frequently found in cases involving claims of infringement and unfair competition. *Id.*

Courts have developed the following factors to consider when granting motions for expedited discovery to identify anonymous Internet users: (1) whether the plaintiff can identify the missing party with sufficient specificity such that the court can determine that defendant is a real person or entity who could be sued in federal court; (2) all previous steps taken by the plaintiff to identify the Doe defendant; and (3) whether the plaintiff's suit could withstand a motion to dismiss. *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999). Each of these factors resolves in favor of granting Plaintiff's requested relief.

First, Plaintiff has sufficiently identified an individual who is a real person Plaintiff could sue in Federal Court. Documentary evidence shows that Romanov is in part responsible for operating Oron.com, the infringing website at issue in this action. The requested discovery is necessary for Plaintiff to determine the true name and address of this individual using this alias so that Plaintiff can serve process on the Defendant.

Much of the evidence that may lead to the identity of Romanov resides with third parties who have no obligation to preserve this evidence and therefore it could be lost if not recovered prior to the Rule 26 Conference. Also, in light of Codefendant FF Magnat Ltd.'s efforts to dissipate assets and transfer money abroad, Romanov, who owns or is employed by FF Magnat Ltd., could very well also be engaged in fraudulent transfers or other efforts to dissipate assets or destroy evidence. Thus, it is critical to identify him quickly so that Plaintiff can serve upon him the Court's Order enjoining Defendants "from disgorging or dissipating funds, property, domain names, or other assets".

Second, there are no other practical measures Plaintiff could take to identify the potential Defendant prior to that information being purged by third parties. Due to the nature of on-line transactions, Plaintiff has no way of investigating the identity of Romanov except through subpoenas on third-parties to identify his physical location.

Third, Plaintiff has asserted against Romanov a *prima facia* claim for copyright infringement and contributory copyright infringement that can withstand a motion to dismiss. Specifically, Plaintiff has alleged that a) it owns and has registered the copyrights in the work at issue; and b) the specified potential defendants made unauthorized reproductions of that work and distributed the infringing reproductions without Plaintiff's authorization. These allegations state a claim for copyright infringement. 17 U.S.C. § 106(1)(3). The Court has already made a determination that Plaintiff is likely to succeed on the merits of its copyright infringement claims. *See*, ECF No. 9, Order Granting TRO. Clearly, Plaintiff has a legitimate interest in identifying Romanov in order to serve process and prosecute its claims.

**II. Plaintiff Can Justify the Specific Request and Explain the Specific Request.**

In addition to the three factors discussed above, courts have ruled that a plaintiff requesting early discovery to identify defendants should justify specific requests and explain how such requests "will lead to identifying information about defendant that would make service of process possible." *See, Columbia* 185 F.R.D. at 580; *Gillespie v. Civiletti*, 629 F. 2d 637, 642 (9th Cir.1980).

Plaintiff accessed documentary evidence from the *Liberty* case that indicates Romanov uses the e-mail address mainroman@gmail.com and the Skype account "mainroman" to carry on his Oron.com related business. *See*, 2nd Sperlein Decl. at ¶¶7-8 and Ex. E and G. Plaintiff seeks to subpoena Google, Inc., which owns Gmail, and Microsoft Corporation, which owns Skype, for documents relating to this account that have any information showing the account holder's, name,

address, telephone numbers, other e-mail accounts or other identifying information. Plaintiff also seeks server logs relating to these accounts showing the IP addresses from which Romanov logged on to his accounts. If information shows mainroman regularly logged on from the same ip address(es), Plaintiff then can subpoena the Internet service provider(s) (ISP) that supplied those Internet connection(s) in order to obtain the subscriber information for the location to which the ISP assigned the IP address. *Id*. at ¶¶10-11. This second, alternative method of tracing the account back to the account holder is necessary because Gmail and Skype accounts can be obtained anonymously or by using false subscriber information. *Id*. at ¶12. Plaintiff also requests that the Court separately order Google, Inc. and Microsoft Corporation to preserve all e-mails or conversations related to this account so that if Plaintiff is able to identify and serve Romanov by his true name, those e-mails will be available through the normal discovery process after all parties have appeared. Otherwise, those e-mails and conversations could be destroyed or purged prior to the opening of regular discovery.

Also, in a correspondence with Adult Friend Finder, Romanov negotiates rates for placing advertisements on websites related to Oron.com. *Id*. at ¶9 and Ex G. Plaintiff seeks to subpoena Friend Finder Network to determine if funds were paid to Romanov, if so how it paid those funds and the legal name of the holder of the account to which the funds were paid. Again, this information is being sought to determine who Romanov is and where he is located, so that Plaintiff can amend the Complaint and serve the Summons and Amended Complaint upon him.

### III. Plaintiff Has a Good Faith Belief that this Court Will Be Able to Exercise Personal Jurisdiction over Defendant.

Because it is impossible to accurately and completely analyze personal jurisdiction without knowing the identity of a defendant, it is impossible to engage in a complete and accurate analysis of personal jurisdiction until Plaintiff identifies and names the Defendant. A significant number of Courts agree with this point of view.

In *Io Group, Inc. v. Does 1-19*, the court granted plaintiff's motion for early discovery and plaintiff subpoenaed the ISP for subscriber information. *IO Group, Inc. v. Does 1-19*, C 10-03851 SI, 2010 WL 5071605 (N.D. Cal. Dec. 7, 2010). The subscriber anonymously filed a motion to quash the subpoena and to dismiss the complaint against him based on the lack of personal jurisdiction. The Court denied the motion to dismiss for lack of personal jurisdiction, writing, "[t]he Court, and plaintiff, cannot adequately determine if personal jurisdiction exists until Doe 4 either identifies himself to the Court and plaintiff's counsel or he is identified by [the ISP in response to the subpoena]." *Id*. at *3. *See also*, *Liberty Media Holdings, LLC v. Does 1-62*, 11-CV-575-MMA NLS, 2012 WL 628309, at *3 (S.D. Cal. Feb. 24, 2012)("[i]n the absence of [information about a defendant's connections or lack thereof to California], it is premature to decide whether the Court has personal jurisdiction over unnamed Doe Defendants"); *Call of the Wild, LLC v. Does 1-1,062*, 770 F. Supp. 2d 332, 347 (D.D.C. 2001)("[A]t this juncture when no putative defendant has been named, the Court has limited information to assess whether any putative defendant has a viable defense of lack of personal jurisdiction."); *London-Sire Records, Inc. v. Doe* 1,542 F. Supp. 2d 153, 180-81 (D. Mass. 2008) (denying motion to quash for lack of personal jurisdiction because jurisdictional discovery might establish a basis for jurisdiction); *Sony Music Entm't v. Does 1-40*, 326 F. Supp. 2d 556, 567-68 (S.D. NY, 2007)(concluding it would be premature to determine that personal jurisdiction is lacking before the defendant had been identified).

Nonetheless, even at this early stage factors indicate that Romanov will be subject to personal jurisdiction in the Northern District of California. First, Romanov is engaged in a scheme to siphon profits currently held in this District at PayPal. Romanov, along with the other named Defendants, use PayPal to process the payments users pay to access the infringing works. PayPal is headquartered in Mountain View, California, within the Northern District of California.

Moreover, Romanov likely was aware that the studios that produce content for Plaintiff DataTech Enterprises, LLC are located in San Francisco. Thus, Romanov knew that any harm he caused Plaintiffs would be suffered in the Northern District of California and that he could expect to be called to answer for his intentional torts in this District. See, *Calder v. Jones*, 465 U.S. 783 (1984).

## CONCLUSION

For the forgoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff's request and enter an order substantially in the form of the concurrently filed Proposed Order allowing Plaintiff limited discovery to determine the name and location of the Defendant currently identified as John Doe a/k/a Roman Romanov. Additionally, if the Court denies Plaintiff's concurrently filed motion for an Order Permitting Alternative Service on Defendant Davidoglov, Plaintiff respectfully requests leave to immediately serve limited discovery on Defendant FF Magnat, Ltd. in the form of a document request for all documents containing addresses or other contact information for its owner Stanislav Davidoglov.

Respectfully submitted,

Dated: *September 2, 2012*           */s/ D. Gill Sperlein*

_____
D. GILL SPERLEIN
THE LAW OFFICE OF D. GILL SPERLEIN
Attorney for Plaintiff DataTech Enterprises, LLC