1  **KENNETH E. KELLER** (71450) kkeller@kksrr.com
2  **STAN G. ROMAN** (87652) sroman@kksrr.com
   **MICHAEL D. LISI** (196974) mlisi@kksrr.com
3  **KRIEG, KELLER, SLOAN, ROMAN & HOLLAND LLP**
   555 Montgomery Street, 17th Floor
4  San Francisco, CA  94111
   Tel:    (415) 249-8330
5  Fax:    (415) 249-8333

6  Attorneys for Defendant FF MAGNAT LIMITED

7

8

9                 **UNITED STATES DISTRICT COURT**

10               **NORTHERN DISTRICT OF CALIFORNIA**

11

12 DATATECH ENTERPRISES, LLC,  a          Case No. C-12-4500 CRB
   Nevada Limited Liability Company,
13                                         **DEFENDANT FF MAGNAT LIMITED'S**
            Plaintiff                      **OPPOSITION TO PLAINTIFF'S**
14                                         **MOTION FOR ORDER PERMITTING**
        vs.                                **ALTERNATIVE SERVICE**
15
   FF MAGNAT LIMITED d/b/a/ ORON.COM;      Hearing:      September 11, 2012
16 STANISLAV DAVIDOGLOV, and JOHN          Judge:        Hon. Charles R. Breyer
   DOE a/k/a/ ROMAN ROMANOV (an alias).    Courtroom:    Courtroom 6 - 17th Floor
17
            Defendants.
18

19

20

21

22

23

24

25

26

27

28                                            1
   DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR
   ORDER PERMITTING ALTERNATIVE SERVICE
   CASE NO. C-12-4500 CRB

1    Without intending to waive any defenses that Defendant FF Magnat Limited ("Oron") or

2  Defendant Stanislav Davidoglov may have based on lack of personal jurisdiction, venue or improper

3  service of the summons and complaint, Oron opposes Plaintiff DataTech Enterprises, LLC's

4  ("Plaintiff's") Motion for Order Permitting Alternative Service defendant Stanislav Davidoglov

5  ("Davidoglov").[1]

## I.

7    The Federal Rules of Civil Procedure provide that civil litigation commences with service of

8  process on the defendant, and sets forth various mechanisms for doing so.  Plaintiff, however, wishes

9  to circumvent those procedural requirements, and instead asks this Court to simply deem Defendant

10 Stanislav Davidoglov served.  Yet not only has Plaintiff not even attempted to serve Davidoglov,

11 Plaintiff has also failed to explain why it could not effect such service.  Plaintiff's Motion further

12 fails to even address the requirements for service under the Hague Convention, which apply to

13 Davidoglov as a citizen of Ukraine, a signatory to that treaty.  Even the case law that Plaintiff cites

14 does not support its effort to avoid its procedural obligations.  Plaintiff's Motion should be denied.

## II.    ARGUMENT

### A.    Plaintiff Has Not Established That Alternative Service Is Appropriate

17    The Federal Rules of Civil Procedure outline the requirements for serving process on

18 individuals in foreign countries.  Specifically, Rule 4(f) permits (1) service pursuant to international

19 treaty, such as a the Hague Convention; (2) where no international treaty governing service, service

20 under one of several specified methods, or (3) service by "by other means not prohibited by

21 international agreement, as the court orders."  Fed. R. Civ. Proc. 4(f).  In this instance, Plaintiff asks

22 the Court to permit alternative service on Davidoglov, whom Plaintiff represents is a citizen of

23 Ukraine,, by (a) leaving physical copies of those documents at the business address for Defendant FF

---

[1]  Defendant Oron is specially appearing at this juncture to oppose Plaintiff's motion for early
discovery.  By filing this Opposition, Oron does not intend to submit to this Court's jurisdiction or to
waive any right to challenge jurisdiction and/or improper service.  To the contrary, Oron intends to
challenge jurisdiction in opposition to plaintiff's motion for preliminary injunction and by way of a
motion to dismiss the complaint.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR
ORDER PERMITTING ALTERNATIVE SERVICE
CASE NO. C-12-4500 CRB

1    Magnat Limited ("FF Magnat") in Hong Kong, and (b) serving physical and electronic copies of the

2    documents upon counsel for FF Magnat's counsel in San Francisco.

3        Yet Plaintiff offers nothing to support its conclusory suggestion that alternative service

4    under Rule 4(f)(3) is proper here.  In deciding whether service should proceed under Rule 4(f)(3) as

5    opposed to 4(f)(1) or (2), the court must determine whether "the particularities and necessities of a

6    given case require alternate service of process under Rule 4(f)(3)."  *Rio Properties, Inc. v. Rio Int'l*

7    *Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002).  More particularly, the plaintiff must demonstrate

8    "that the facts and circumstances of the . . . case necessitate[ ] the district court's intervention."  *Id.*

9    Plaintiff, however, has not even attempted to make such a showing.

10        First, Plaintiff completely ignores the fact that service could be effected through the Hague

11   Convention.  As Plaintiff notes, Davidoglov is a resident of Ukraine, which is a signatory to the

12   Hague Convention.   As required by the Convention, Ukraine has designated a Central Authority to

13   handle requests for service of process, and thus any litigant in the United States requesting service of

14   process of U.S. documents in Ukraine should transmit the designated form, with translations of the

15   necessary documents into the Ukrainian language, directly to the Ukraine Central Authority.  (*See*

16   "Ukraine Judicial Assistance", United States Department of State website,

17   http://travel.state.gov/law/judicial/judicial_3027.html#sopcivcom).  Plaintiff has made no effort to

18   effect service via the Hague convention, and thus has not shown that the circumstances here

19   necessitate the Court's intervention.

20        Second, even when Plaintiff attempts to justify its request for alternative service, it fails to

21   offer any evidence to support its position.  Rather, Plaintiff merely concludes that "personal service

22   on [Davidoglov] would likely prove impossible."  (Motion at 4:4-5).  Plaintiff does not explain why

23   service would be impossible, or even why it could not simply follow the Hague Convention procedures.

24   Rather, Plaintiff simply argues that it could not effectuate service before the September 11, 2012 OSC

25   hearing.  That argument is misleading at best.  Plaintiff's Motion does not simply leave seek to serve its

26   TRO papers by alternative means – rather, Plaintiff wishes to serve process on Davidoglov.  There is no

27   requirement that formal service of process be completed prior to the OSC, hearing, and thus the timing of

28

2

1  that hearing does not provide grounds for Plaintiff's alternative service request.

2          Nor do the few cases that Plaintiff cites in its Motion support its request.  In those cases, the

3  plaintiff was able to show that there was no other means of service available, or that such efforts

4  would be futile.  For example, in *Rio Properties*, the plaintiff sued for infringement of its "RIO"

5  trademark.  Although the *Rio Properties* court ultimately granted plaintiff's motion for alternative

6  service, it expressly noted that it did so only after plaintiff attempted service both domestically and

7  in the defendant corporation's home country of Costa Rica.  *Rio Properties*, 284 F.3d at 1012-1013.

8  Moreover, unlike the case here, Costa Rica is not a signatory to the Hague Convention, and therefore

9  that avenue of service was not available to the plaintiff.  *Id*. at 1015 n.4.

10          Similarly, in *In re International Telemedia Associates, Inc.*, 245 B.R. 713 (Bankr. N.D. Ga.

11  2000), the court granted a motion for alternative service only after plaintiff met its burden of

12  showing that court intervention was required.  *Id*. at 718 ("The evidence presented in connection

13  with the Trustee's Motion for Service clearly demonstrates [defendant] Diaz to be a "moving target,"

14  making it virtually impossible for the Trustee to find him and effect service by any of the traditional

15  means specified in the Federal Rules of Civil Procedure.").  Specifically, the bankruptcy court found

16  that (a) the bankruptcy trustee had spoken with defendant 6-10 times, but that defendant refused to

17  provide an address, and instead claimed to be traveling; (b) that when defendant did provide a

18  temporary address, documents mailed to that address were refused; and (c) even when the Trustee

19  was able to locate a last known address, there was no evidence that defendant still resided there.  *Id.*

20  *at 718*.  In addition, the defendant did "provide the Trustee with a permanent facsimile number, in

21  addition to an electronic mail address at ita0999@hotmail.comm" and sent the Trustee a letter

22  "instructing the Trustee to use the new permanent facsimile number [] for any future correspondence

23  and stating that 'the received FAXes are forwarded to me and stored on my E-mail.'"  *Id.*  Based on

24  the Trustee's efforts, and the defendant's expressed preference for having documents sent by

25  facsimile, the court concluded that service by fax, email and regular mail was an acceptable

26  alternative.

27          And in *Forum Fin. Group, LLC v. Harvard College*, 199 F.R.D. 22 (D.Me.2001), plaintiff

28

3

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR
ORDER PERMITTING ALTERNATIVE SERVICE
CASE NO. C-12-4500 CRB

1  sought to serve process on an American citizen residing in Russia by, among other things,

2  employing local counsel in Russia and attempting to serve defendant by certified mail and personal

3  delivery.  *Id*. at 24-25 & n. 5.  Based on a declaration from that local counsel, the Court concluded

4  that the defendant was attempting "to evade service in Russia" and permitted alternative service.

5  *Id.*[2]

6       Here, by contrast, Plaintiff has made no effort to serve Davidoglov under the Hague

7  Convention or otherwise, and has provided this Court with no evidence to support its conclusory

8  claim that service would likely be "impossible."  Instead, Plaintiff merely complains that FF

9  Magnat's counsel would not accept service for Davidoglov, or indicate whether they represented

10  him.  Yet even under the cases Plaintiff cites in its brief, Plaintiff's attempts to serve Davidoglov

11  through another defendant's counsel hardly provides the required "facts and circumstances" that

12  would warrant court intervention to complete service of process.

13       Finally, Plaintiff has made absolutely no showing that its proposed method of serving an

14  individual defendant residing in Ukraine – that is, leaving a copy of the documents at a company in

15  Hong Kong, and providing copies of those documents to that company's attorney in the United

16  States – would <u>not</u> run afoul of Ukrainian law, or the restrictions Ukraine placed on service of

17  process when it signed onto the Hague Convention.  *See* Rule 4(f)(3) (requiring that an alternative

18  means of service not be prohibited by international agreement).  Plaintiff fails to provide the Court

19  with any information about the method of service that is prescribed by Ukrainian law by the courts of

20  general jurisdiction within Ukraine.  Nor has Plaintiff indicated whether Ukraine has directed that service

21  be made in a particular manner.   Accordingly, service under Rule 4(f)(3) is not warranted.

22                            **III.    CONCLUSION**

23       The fact that the Federal Rules of Civil Procedure permit alternative service of process on

24  foreign defendants does not mean that every plaintiff is entitled to request or use such means.

25  Rather, a plaintiff must meet its burden of showing that the facts and circumstances of each case

26

27

[2] At the time, Russia was not a Hague signatory.  *Forum Fin. Group,* 199 F.R.D. at , n.1.

28
                                        4

1  warrant court intervention to aid in the service of process.  Plaintiff has simply not made that

2  showing.  Not only has Plaintiff made no effort to serve Davidoglov, but Plaintiff's Motion simply

3  ignores the fact that other service options – such as the Hague Convention – are available.  Having

4  failed to attempt or even consider its options, Plaintiff cannot have met its burden of showing that

5  alternative service is appropriate here.   Consequently, Defendant Stanislav Davidoglov respectfully

6  requests that the Court deny Plaintiff's Motion for Order Permitting Alternate Service.

7

8  Dated:   September 7, 2012                          KRIEG, KELLER, SLOAN, ROMAN & HOLLAND LLP

9

10                                                     By: _____/s/_____

11                                                          KENNETH E. KELLER
                                                            Attorneys for Defendant FF MAGNAT LIMITED

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR
ORDER PERMITTING ALTERNATIVE SERVICE
CASE NO. C-12-4500 CRB