**KENNETH E. KELLER** (71450) kkeller@kksrr.com
**STAN G. ROMAN** (87652) sroman@kksrr.com
**MICHAEL D. LISI** (196974) mlisi@kksrr.com
**KRIEG, KELLER, SLOAN, ROMAN & HOLLAND LLP**
555 Montgomery Street, 17th Floor
San Francisco, CA  94111
Tel:    (415) 249-8330
Fax:    (415) 249-8333

Attorneys for Defendant FF MAGNAT LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DATATECH ENTERPRISES, LLC, a Nevada Limited Liability Company,<br><br>Plaintiff<br><br>vs.<br><br>FF MAGNAT LIMITED d/b/a/ ORON.COM; STANISLAV DAVIDOGLOV, and JOHN DOE a/k/a/ ROMAN ROMANOV (an alias).<br><br>Defendants. | Case No. C-12-4500 CRB<br><br>**DEFENDANT FF MAGNAT LIMITED'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO TAKE DISCOVERY PRIOR TO RULE 26 CONFERENCE**<br><br>Hearing:     September 11, 2012<br>Judge:       Hon. Charles R. Breyer<br>Courtroom:  Courtroom 6 - 17th Floor |

Without intending to waive any defenses it may have based on lack of personal jurisdiction, venue or improper service of the summons and complaint, Defendant FF Magnat Limited dba Oron.com ("Oron") hereby opposes Plaintiff DataTech Enterprises, LLC's ("Plaintiff") Motion for Leave to Take Discovery Prior to Rule 26 Conference ("Motion").[1]

## I.     INTRODUCTION

Plaintiff's request for early discovery puts the cart before the horse. Prior to even alleging facts that would establish that Doe defendant Roman Romanov could be held individually liable for the copyright infringement being alleged, Plaintiff claims that it is entitled to early discovery to ascertain Romanov's true identity. In reality, Plaintiff is merely searching for something to support its inclusion of Romanov in its complaint. Yet the federal pleading standards require more, and Plaintiff should not be permitted to obtain early discovery so that it can paint over the omissions in its complaint. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 ("Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."). If discovery in the ordinary course of this lawsuit, taken after the scheduled Rule 26 conference, indicates that Roman Romanov is a legitimate individual defendant, then Plaintiff can certainly seek leave at that time to amend its complaint. But Plaintiff should not be permitted to conduct a premature fishing expedition, thereby running up everyone's costs, in an effort to name additional defendants to its complaint without having to justify to the Court why such defendants should be named individually.

## II.     ARGUMENT

### A.   Plaintiff Has Not Established Good Cause To Support Its Request for Early Discovery, And Its Motion Should Be Denied

As Plaintiff recognizes in its Motion, Plaintiff bears the burden of establishing good cause to permit early discovery under Rule 26. Yet Plaintiff's Motion fails to satisfy that burden, and should

---

[1] Defendant Oron is specially appearing at this juncture to oppose Plaintiff's motion for early discovery. By filing this Opposition, Oron does not intend to submit to this Court's jurisdiction or to waive any right to challenge jurisdiction and/or improper service. To the contrary, Oron intends to challenge jurisdiction in opposition to plaintiff's motion for preliminary injunction and by way of a motion to dismiss the complaint.

1

DEFENDANT FF MAGNAT LIMITED'S OPPOSITION TO PLAINTIFF'S MOTION FOR
LEAVE TO TAKE DISCOVERY PRIOR TO RULE 26 CONFERENCE
CASE NO. C-12-4500 CRB

be denied.

To support its motion, Plaintiff argues incorrectly that the three factors identified in *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999), weigh in favor of early discovery. A review of those factors, however, undermines Plaintiff's Motion.

First, contrary to its blanket assertion, Plaintiff has not identified Romanov such that this Court can determine whether Romanov is a person subject to being sued as an individual defendant in a federal copyright infringement action. Plaintiff has simply alleged, on information and belief, that Romanov is "one of the beneficial owners, operators, and guiding forces" behind Oron, but has not identified any facts to support those vague and conclusory allegations. In addition, even if that were true (which Oron does not concede and which in fact is not true), merely being a beneficial owner, operator or "guiding force" behind a company is not sufficient to impose personal liability on an individual defendant for alleged copyright infringement. Plaintiff has presented no evidence demonstrating that the individual identified as Roman Romanov directly participated in the alleged infringement or in activity that induced, caused or materially contributed to the infringing activity of another. *See Fonovisa, Inc. v. Cherry Auction, Inc.*, 76 F.3d 259, 264 (9th Cir. 1996). Instead, Plaintiff has simply parroted allegations from a prior lawsuit, even though allegations in that lawsuit concerning Romanov's identity were proven false.[2]

Second, Plaintiff has not identified any – much less "all" – previous steps taken by the Plaintiff to identify the Doe defendant. *Columbia Ins. Co.*, 185 F.R.D. at 578-80.

Third, Plaintiff has not shown that its suit against Mr. Romanov could withstand a motion to dismiss. Although it points to the Court's TRO, Plaintiff overlooks the fact that the TRO was issued ex parte, before Oron had a chance to address any of the allegations underlying the complaint or the

---

[2] Plaintiff points out that Liberty Media, the plaintiff in an earlier action against Oron in Nevada, alleged that "Roman Romanov" was Maxim Bochenko, a defendant in the Nevada action. Yet as Plaintiff recognizes, Bochenko provided a sworn declaration that he was not Roman Romanov. Despite this, Plaintiff has once again – as Liberty Media did – alleged that Roman Romanov is an owner, operator and "guiding force" behind Oron, without any basis for such allegations. It is obvious that counsel for Plaintiff in this action is merely parroting untrue allegations from the other case and/or working together with counsel in that case.

request for injunctive relief in this action. Indeed, as explained more fully in Oron's opposition to the motion for preliminary injunction (ECF 21), there are several grounds on which this lawsuit should be dismissed, including lack of personal jurisdiction over Oron, and by extension, lack of personal jurisdiction over individual "owners or operators" of Oron who do not reside in the United States. And in any event, in issuing the TRO, the Court did not address the individual liability of any defendant.

Perhaps recognizing that it cannot meet its burden of establishing good cause for early discovery, Plaintiff instead tries to suggest that it faces imminent harm if its Motion is denied. Those claims, however, are demonstrably untrue. For example, Plaintiff claims that early discovery is necessary because "Romanov participates in a scheme with the other Defendants to transfer funds out of the United States and around the world." (Motion at 3:8-11) (citing TRO). That is absolutely false. Putting aside that Plaintiff makes that claim despite conceding that it does not even know who Roman Romanov is, Plaintiff has presented absolutely no evidence that Romanov has been in any way involved in transferring Oron funds to another jurisdiction. Indeed, the evidence provided in opposition to Plaintiff's request for a preliminary injunction demonstrates that there is no scheme by Oron or anybody acting on behalf of Oron to transfer or hide funds. For example, Plaintiff's argument in favor of the TRO to which it now cites was demonstrably misleading. Plaintiff purposely withheld from this Court evidence that Oron was not – as Plaintiff alleged – engaged in any scheme to convert funds to gold in Hong Kong. Furthermore, as detailed in its opposition, Oron is a Hong Kong company which utilized Pay Pal for certain transactions. There is nothing nefarious about a Hong Kong company transferring funds generated through a legitimate business venture from the United States to its bank in Hong Kong. Plaintiff cannot manufacture a supposed scheme to hide funds based on an email that was improperly hacked and then apparently "photoshopped" and then to seek early discovery based on equally unfounded allegations that some unidentified Doe defendant participated in that non-existent scheme.

Plaintiff also urges this Court to permit early discovery because of the evidence it seeks "is held by third parties and could be purged prior to the Rule 26 conference if not secured

3

immediately" (Motion at 3:14-16) and because Romanov "could very well also be engaged in fraudulent transfers or other efforts to dissipate assets or destroy evidence." Again, Plaintiff offers no evidence to suggest that such any such transfers, dissipation of evidence, or document destruction is taking place (or to explain how Romanov would be able to destroy evidence in the possession of third parties). Plaintiff has simply not shown an urgent need for the requested information.

### III. CONCLUSION

Although Plaintiff wishes the Court to believe that early discovery is necessary to avoid the destruction of evidence or prevent the dissipation of funds, the fact is that Plaintiff is not facing either of those threats. The Plaintiff has no evidence whatsoever to support these bold, but false accusations. Rather, Plaintiff has simply realized that it has no basis for including Doe defendant Romanov in this action, and is now seeking early discovery in order to fix that glaring omission. Plaintiff, however, has not met its burden of demonstrating the requisite good cause for early discovery, and consequently Oron respectfully requests that the Court deny Plaintiff's Motion for Leave to Take Discovery Prior to Rule 26 Conference.

Dated: September 7, 2012                                KRIEG, KELLER, SLOAN, ROMAN & HOLLAND LLP


By: _____/s/_____
KENNETH E. KELLER
Attorneys for Defendant FF MAGNAT LIMITED