D. GILL SPERLEIN (SBN 172887)
THE LAW OFFICE OF D. GILL SPERLEIN
345 Grove Street
San Francisco, California 94102
Telephone: (415) 404-6615
Facsimile: (415) 404-6616
gill@sperleinlaw.com

Attorneys for Plaintiff DataTech Enterprises, LLC,

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCSICO DIVISION**

| | |
|---|---|
| DATATECH ENTERPRISES, LLC, a Nevada Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>FF MAGNAT LIMITED d/b/a ORON.COM, STANISLAV DAVIDOGLOV, and JOHN DOE a/k/a ROMAN ROMANOV (an alias); and<br><br>Defendants. | Case No.: 2-12-4500 (CRB)<br><br>**REPLY TO OPPOSITION TO PLAINTIFF DATATECH ENTERPRISES, LLC'S MOTION FOR ORDER PERMITTING ALTERNATIVE SERVICE**<br><br>Date: September 11, 2012<br>Time: 2:00 p.m.<br>CtRm: 6, 17th Fl |

This is an action for copyright infringement against FF Magnat, an alleged Hong Kong Limited company, Stanislav Davidoglov[1], and John Doe and individual who uses the alias Roman Romanov.

---

[1] Plaintiff named Defendant in its Complaint and other papers as Stanislav Davidoglov. In its Opposition to Plaintiff's Motions for Alternative Service FF Magnat Limited refers to the individual Defendant in the same manner. However, in its Response to Order to Show Cause, FF Magnat inverses the name, referring to him as Davidoglov Stanislav. Plaintiff requests clarification on this issue from Defense Counsel.

-1-

Plaintiff has moved the Court for an order permitting it to serve Defendant Stanisloav Davidoglov by alternative service. Defendant FF Magnat opposed Plaintiff's motion arguing that Plaintiff must first attempt service through the procedures set forth in the Hague Convention on International Service.

### I.   ARGUMENT

**A. The Law Does Not Require Plaintiff to Attempt Service Under the Hague Convention First.**

Nothing in the Rule requires that any type of service is required, prior to court-directed service. *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002).

**B. The Law Does Not Require Plaintiff to Demonstrate That Service is Lawful in the Ukraine.**

As long as court-directed and not prohibited by an international agreement, service of process ordered under Rule 4(f)(3) may be accomplished in contravention of the laws of the foreign country." *Rio Properties,* 284 F.3d at1014.

**C. Facts Show That Service Through The Central Authority Is Not Likely to Be Successful.**

Even the limited record before the Court on this motion indicates Stanislav Davidoglov or Davidoglov Stanislav, whichever is correct, would not be easy to serve. Defense counsel denied Plaintiff's request for a waiver of service of process. Even with nothing further, it does not take much imagination to conclude that attempting service on someone in the Ukraine who does not want to be served is not likely to be successful.

However, there is more on the record that shows attempts will be futile. Defendants in the action operate their criminal enterprise behind a veil of secrecy. This is further complicated by the

fact that they operate their enterprise entirely within the digital world and can carry out their business from literally anywhere in the world.

For example, FF Magnat claims to be a Hong Kong business, but the only thing in Hong Kong is a mail box and a bank account. See, Affirmation of Li Hon Ki in Support of Plaintiff's Motion for Preliminary Injunction at ¶3; Declaration of D. Gill Sperlein in Support of Plaintiff's Motion for Preliminary Injunction at ¶4, Ex. C.

Moreover, there is significant evidence that since the F.B.I. indicted a similar illegal cyber locker, MegaUpload, the corporate defendant (and those behind it) have taken evasive measures to elude the jurisdiction of U.S. Courts. FF Magant, transferred the registration of the domain name registration for oron.com from a U.S. registrar to one located outside the U.S. FF Magnat switched from using the U.S. payment processor PayPal to process its subscriptions, to Alert Pay, a Canadian payment processer. Declaration of Robert Hare in Support of Plaintiff's Motion for Preliminary Injunction at ¶7. Evidence also shows that FF Magant transfers money out of the United States to Hong Kong where it converts the money to foreign currencies, if not gold, and transfers it around the world. Declaration of Davidoglov Stanislav in Support of Oron's Response to Order to Show Cause re Plaintiff's Motion for Preliminary Injunction at ¶21, Ex. E.

In a document submitted to the Hong Kong Court Stanislav Davidoglov provided a Ukrainian address in Yalta. However, the stamp of the notary showed that he executed in Moscow, Russia. The Declarations he signed and submitted in the *Liberty* case and in this case indicated he signed in Chisanau, Moldova.

It is beyond reason to believe that that Stanislav Davidoglov, the owner of a company that is doing everything it can to evade the jurisdiction of U.S. Courts, is going to be waiting to accept documents served several months from now to a Ukrainian address that only he knows is accurate. If

representatives of his company purport that he will be, then why do they not simply accept service for him now. In the meantime, we know that Stanislav Davidoglov has actual notice of this litigation as he has filed a Declaration with the Court in Support of his company's Response to Order to Show Cause.

**CONCLUSION**

The Court should recognize that Stanislav Davidoglov will attempt to evade service of process just as he has directed his company to take other measures to evade U.S. Courts and thus should deem him served for the purposes of this Court.

Respectfully submitted,

Dated *September 10, 2012*                     */s/ D. Gill Sperlein*

_____
D. GILL SPERLEIN
THE LAW OFFICE OF D. GILL SPERLEIN

Attorney for Plaintiff DataTech Enterprises, LLC,

-4-

REPLY TO OPPOSITION TO MOTION FOR
ORDER PERMITTING ALTERNATIVE SERVICE
C-12-4500 (CRB)