D. GILL SPERLEIN (SBN 172887)
THE LAW OFFICE OF D. GILL SPERLEIN
345 Grove Street
San Francisco, California 94102
Telephone: (415) 404-6615
Facsimile: (415) 404-6616
gill@sperleinlaw.com

Attorneys for Plaintiff DataTech Enterprises, LLC,

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCSICO DIVISION**

| | |
|---|---|
| DATATECH ENTERPRISES, LLC, a Nevada Limited Liability Company,<br><br>   Plaintiff,<br><br>   vs.<br><br>FF MAGNAT LIMITED d/b/a ORON.COM, STANISLAV DAVIDOGLOV, and JOHN DOE a/k/a ROMAN ROMANOV (an alias); and<br><br>   Defendants. | Case No.: 2-12-4500 (CRB)<br><br>**REPLY TO OPPOSITION TO PLAINTIFF DATATECH ENTERPRISES, LLC'S MOTION FOR ORDER PERMITTING ALTERNATIVE SERVICE**<br><br>Date: September 11, 2012<br>Time: 2:00 p.m.<br>CtRm: 6, 17th Fl |

Plaintiff filed a motion for early discovery in order to determine the identity of John Doe a/k/a Roman Romanov.  Defendants opposed, arguing that Plaintiff is involved in a mere fishing expedition and that allowing early discovery to learn his identity would unnecessarily increases costs.

**I. ARGUMENT**

**A. Considerable Evidence Supports Plaintiff's Allegations Against this Defendant.**

To some degree Plaintiff acknowledges that it cannot yet identify who Romanov is.  Indeed, that is the point of the Motion for Early Discovery.  However, Plaintiff does know some of the things

-1-

Romanov did and it is clear that if certain evidence held by third parties is not secured, it will be lost regardless of whether Romanov is actively trying to destroy it or not. This is true because Internet service providers routinely purge records on a regular basis. Significantly, Defendant FF Magnat does not address this issue in its opposition.

Although Plaintiff knows that someone using the Romanov alias engaged in activity that either constituted or promoted infringement, Plaintiff does not know who he is. However, this is no fault of the Plaintiff. As set forth in several other filings and clearly established, the operators of the oron.com website have engaged in many tactics designed to cover their tracks. Perhaps Romanov is actually Stanislav Davidoglov, or Davidogov Stanislav, or Fedor Goncharov (whose name appears on Oron's PayPal account), or Maxim Bochenko[1] or Oleg Karapetian (who is listed by the Colorado Secretary of State as the agent for Power Resources, LLC, the registrant for the domain name iknowporn.com and who uses the e-mail address mainroman@yahoo.com). Perhaps all these people are the same. Perhaps they each use the Roman Romanov alias interchangeably. What is clear is that the person who uses this alias is an individual who is integral to the operation of oron.com and as such he is among the group of individuals controlling Oron.com riches and is thus in a position to aid in the ongoing dissipation of assets. Thus, in addition to the risk of lost data held by third parties, there is a second reason for needing to identify him quickly.

FF Magnat's concern with regard to early discovery is not that it will unnecessary increase costs. Indeed that would be a rich argument from FF Magnat and its attorneys. The only thing increasing the cost of obtaining this information is Defendant's opposition as the material is in the

---

[1] Defendants claim that allegations that Maxim Bochenko is not Romanov were proven to be false in the *Liberty* case. Not so. Bochenko denied it, that is a very far cry from proving it.

-2-

REPLY TO OPPOSITION TO MOTION FOR
ORDER GRANTING LEAVE TO TAKE EARLY DISCOVERY
C-12-4500 (CRB)

hands of third parties and responses will be prepared by these third parties, not by Defendant[2]. Rather, Defendant understands, as Plaintiff explained, the information currently held by third parties in the form of server logs, will disappear long before the parties engage in formal discovery and thus, Plaintiff will never be able to link the activity associated with the "mainroman" screenname and e-mail addresses to the individuals at the center of oron.com, i.e. the people responsible for the day to day operation of this criminal enterprise. Plaintiff notes that it is not seeking discovery from Defendants as it presumes they will maintain all relevant documents and records, lest they be subject to sanctions. Nor, is plaintiff seeking discovery beyond what is needed to identify and serve parties.

Contrary to Defendant's statements, Plaintiff has alleged facts that Roman Romanov is not only a beneficial owner, but that he (i.e. the person using that identity and e-mails linked to it) engaged in direct operation of oron.com and maintained linking websites that indexed material on Oron.com.

To the extent that Plaintiff has not taken any additional steps to identify Roman Romanov it is because in the digital world there are sometimes no other steps to take. All the gum shoes in the world will not reveal who sits on the other end of an e-mail. Only digital discovery in the form requested will successfully link a real person to an e-mail address. The information Plaintiff seeks is held by third parties which will not (and should not) turn over the information without a subpoena or other court order.

Plaintiffs Complaint, Motion for TRO and Reply to Opposition to Motion for Preliminary Injunction provide substantial evidence, (indeed overwhelming evidence) that oron.com is an entirely illegal operation and that Plaintiff has personal jurisdiction over FF Magant Limited. It is premature

---

[2] This is not to say that the third parties will not bear any expense. They of course will, but the expense will be no more now than it would be later.

-3-

to evaluate personal jurisdiction over Romanov as we do not even know who he is, much less where he lives or where he has contacts.

Contrary to Defendant's statement, Plaintiff explained in detail in its Motion, why the information it seeks from service providers will be lost if not immediately sought. Regardless of whether Romanov seeks to destroy evidence or hide assets, ISPs regularly purge server log data. Because tracing the identity back to the e-mail user will take two steps (first identifying the ip addresses used in connection with the e-mail accounts and then subpoenaing records from the appropriate Internet access provider) it could take months before the data is secured. If the e-mails operated from outside the United States, subpoenaing records took take considerably longer. Records are very likely to be purged if discovery related to this *limited* area of concern, does not commence immediately.

Respectfully submitted,

Dated *September 10, 2012*     */s/ D. Gill Sperlein*

_____
D. GILL SPERLEIN
THE LAW OFFICE OF D. GILL SPERLEIN

Attorney for Plaintiff DataTech Enterprises, LLC,