D. GILL SPERLEIN (SBN 172887)
THE LAW OFFICE OF D. GILL SPERLEIN
345 Grove Street
San Francisco, California 94102
Telephone: (415) 404-6615
Facsimile: (415) 404-6616
gill@sperleinlaw.com

Attorneys for Plaintiff DataTech Enterprises, LLC,

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| DATATECH ENTERPRISES, LLC, a Nevada Limited Liability Company,<br><br>    Plaintiff,<br><br>            vs.<br><br>FF MAGNAT LIMITED d/b/a ORON.COM, STANISLAV DAVIDOGLOV, and JOHN DOE a/k/a ROMAN ROMANOV (an alias); and<br><br>    Defendants. | Case No.: 2-12-4500 CRB<br><br>**DATATECH ENTERPRISES, LLC'S OPPOSITION TO FF MAGNAT LIMITED'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION** |

**INTRODUCTION**

A Motion to reconsider is not an opportunity for parties to re-litigate issues. The relevant local rule specifically states that "[n]o motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in

-1-
OPPOSITION TO MOTION FOR LEAVE TO FILE MOTION TO RECONSIDER
C-12-4500 (CRB)

support of or in opposition to the interlocutory order which the party now seeks to have reconsidered. Any party who violates this restriction shall be subject to appropriate sanctions." L.R. 7-9(c). Defendant makes no new arguments and offers no evidence that was not available to it at the time of the original motion hearing. In spite of the Court having taken the time to reconsider and reread relevant case law after the motion hearing and before issuing its ruling, Defendant simply argues that the Court did not sufficiently perform its job. Defendant merely wants a second chance to make the same arguments; precisely what the local rule prohibits. Plaintiff reserves the right to seek sanctions based on Defendant's inappropriate motion to reconsider. Moreover, Defendant's arguments are no more compelling today, then they were the first time Defendant presented them to the Court.

## ARGUMENT

**I. The Remedy Sought Is an Equitable Remedy for Which An Injunction Is Proper**.

Defendant primarily relies on the Supreme Court's decision in *Feltner v. Columbia*. *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340 (1998). However, the decision of the Court in *Feltner* is not on point as it dealt with the Seventh Amendment right to a jury trial on statutory *damages*. Justice Thomas's statement that actual damages are *generally* thought to be legal is clearly dicta, and his insertion of the word "generally" implies that in some cases even damages can be considered equitable. *Id*. But regardless of whether it was *dicta*, Justice Thomas wrote of damages – not profits. This Court did not grant its preliminary injunction based on the availability of damages, statutory or actual, but based it on the availability of disgorgement of illicit profits - an equitable remedy under Ninth Circuit law

-2-
OPPOSITION TO MOTION FOR LEAVE TO FILE MOTION TO RECONSIDER
C-12-4500 (CRB)

directly on point. The Ninth Circuit has specifically contemplated, addressed, and distinguished the underlying *Dairy Queen* case to which Justice Thompson referred in his *dicta*. *Dairy Queen, Inc. v. Wood,* 369 U.S. 469, 477, 82 S.Ct. 894, 899-900, 8 L.Ed.2d 44. In a case similar to the one before the Court, the Ninth Circuit held, *Dairy Queen* was distinguishable as it dealt with the Seventh Amendment right to a jury trial (more specifically, the right to a jury trial on statutory damages) as opposed to Ninth Circuit precedent directly on point, namely *Reebok International, Ltd. v. Marnatech Enterprise,* 970 F.2d 552 (9th Cir.1992). *Microsoft Corp. v. U-Top Printing Corp.,* 46 F.3d 1143 (9th Cir. 1995).

Plaintiff is entitled to an accounting of profits and to have those profits disgorged - an equitable remedy distinct from Plaintiff's right to damages, whether statutory or actual. Even if Plaintiff suffered no damages, or could prove no damages, a Court in equity could dislodge profits the defendant earned from its infringement and return those profits to the Plaintiff.

"An accounting of profits under § 1117(a) is not synonymous with an award of monetary damages: an accounting for profits is an equitable remedy subject to the principles of equity. [Defendant's] argument that an accounting of profits is not an equitable remedy, but rather merely a legal remedy that cannot support provisional equitable relief, therefore fails." *Microsoft Corp. v. U-Top Printing Corp.,* 46 F.3d 1143 (9th Cir. 1995)(*Citing*, *Reebok International*, *supra*. internal quotations omitted. When the Supreme Court had the opportunity to address this precise issue, if declined to accept certiorari, allowing a 7th Circuit case to stand. *Fuller Brush Products Co. v. Fuller Brush Company,* 299 F.2d 772, 777 (7th Cir.), *cert. denied,* 370 U.S. 923, 82 S.Ct. 1565, 8 L.Ed.2d 503 (1962)(Seventh Circuit found

that accounting for profits is an equitable remedy and that in the case before it equity dictated that only actual damages be awarded – not profits because the infringement was not willful).

Because of the underlying equitable principle, an injunction freezing the illicit profits is proper. That is the law today and it was the law when the Court issued its Preliminary Injunction.

**II. The Court Did Not Invite Defendant to Provide Additional Evidence.**

Defendant suggests in its motion for reconsideration that the Court invited it to provide supplemental documentary evidence in support of its position that it has not dissipated assets. Defendant FF Magant Limited's Motion for Leave to File Motion for Reconsideration, ECF No. 38 at 1:12-14. The Court did not. In fact, at the hearing the Court said that whether Defendant's motives for moving money were nefarious or not, the potential harm to Plaintiff rendered the injunction appropriate. Rather, the Court invited Defendant's to make a motion to limit the preliminary injunction by establishing that the amount of funds held under the injunction were more than the amount of profits attributable to the infringement of Plaintiff's works. This the Defendant has not done. The fact that the Defendant is a willful infringer who transacts business internationally and sends large amounts of money around the world on a nearly constant basis is sufficient alone to establish a likelihood that they will dissipate assets.[1]

---

[1] Defendant claims that Plaintiff has unclean hands because a document submitted may have been obtained illegally. Plaintiff notes that it obtained the document through PACER as it was an exhibit in the *Liberty* case.

-4-
OPPOSITION TO MOTION FOR LEAVE TO FILE MOTION TO RECONSIDER
C-12-4500 (CRB)

Curiously, Defendant does not provide statements from its Paypal account. Thus, the Court cannot determine how Defendant moves money through that account, whether it transfers funds from the PayPal account to individuals within the United States (the most likely reason Defendant does not provide this evidence), whether Defendant regularly transfers funds to accounts other than the HSBC account in Hong Kong, or whether Defendant continued to process funds through the PayPal account after it became aware of the risk facing infringing cyberlocker operations in light of the Mega Upload indictments.

Even more stunning is what the newly submitted documentary evidence demonstrates. The statements show that FF Magnat collected money from PayPal and regularly transferred the funds in Hong Kong Dollars to their HSBC Business Direct HKD Savings Account. From there it changed the funds to various currencies, transferring the funds into their HSBC Business Direct Foreign Currency Savings account. Beginning in July of 2011, FF Magant made large withdraws in foreign currencies - U.S. Dollars, Euros, CHF (Swiss Francs) and CNY (Chinese Yuan). Defendant also transferred some limited funds to interest bearing deposit accounts called HSBC Business Direct Time Deposits and Deposit Plus. In the three months between July and September, 2011, FF Magant withdrew from its account the U.S. dollar equivalent of nearly $6 million dollars worth of U.S. Dollars, Swiss Francs, Euros, and Yuen. FF Magant continued to operate for another nine months. In January of 2012, Mega Upload Oron's largest competitor was forced to stop operating after the F.B.I. indicted its operators for criminal copyright infringement. Oron's traffic skyrocketed and FF Magnat's profits certainly increased significantly even over and above the already astronomical

amounts reflected in the statements. Defendant FF Magnat transferred millions of dollars around the world, and continues to be circumspect with this Court concerning the location and amount of those assets. The additional evidence Defendant provided offers even more compelling support for the Court's Preliminary Injunction.

### III. Defendant Presents No New Facts or Law With Regard to Jurisdiction.

Again, Defendant improperly rehashes law and facts that it presented at the hearing on the Preliminary Injunction. Moreover, Defendant mischaracterizes the declaration of Robert Hare, which specifically establishes that the Defendant made payments to him *in Florida* for incentivizing customers to purchase Oron subscriptions. Of course, Mr. Hare is only one example of a U.S. based affiliate. There can be no doubt that when Plaintiff obtains Defendant's records, it will establish many more U.S. based Oron affiliates, as well as thousands of U.S. based Oron subscribers.

### IV. Plaintiff Reserves the Right to Seek Sanctions for Defendants Improper Motion for Reconsideration.

For reasons set forth above, it is clear that Defendants request for reconsideration is improper and subjects Defendant to sanctions. Moreover, Defendant, through counsel, threatened that it would seek to dissipate any assets it currently holds by expending those funds on lawyers fees rather than making the funds available for settlement or to satisfy a judgment[2]. Sperlein Declaration at ¶3. This unwarranted motion for reconsideration appears

---

[2] This statement, which was in the context of a settlement discussion is not being presented for the purpose of proving or disproving the validity of a claim or to impeach by a prior inconsistent statement or a contradiction. The Court may consider this evidence under Federal rule of Evidence 408 (b).

to be the first attempt to make good on this threat. The Court should not tolerate such litigation tactics.

Dated: *September 27, 2012*                    Respectfully submitted,

*/s/ D. Gill Sperlein*

_____
D. GILL SPERLEIN
THE LAW OFFICE OF D. GILL SPERLEIN
Attorney for Plaintiff DataTech Enterprises, LLC,