**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8          IN THE UNITED STATES DISTRICT COURT
9          FOR THE NORTHERN DISTRICT OF CALIFORNIA
10
11   DATATECH ENTERPRISES LLC,                    No. C 12-04500 CRB
12              Plaintiff,
13      v.                                        **ORDER DENYING MOTION FOR
                                                  LEAVE TO FILE MOTION FOR
14   FF MAGNAT LIMITED ET AL.,                    RECONSIDERATION**
15              Defendants.
                                         /
16
17   **INTRODUCTION**
18          Defendant FF Magnat Ltd. ("Magnat") has moved for leave to file a motion for
19   reconsideration of this Court's asset-freeze preliminary injunction.  See dkt. 38, 39.  Magnat
20   says (1) this Court overlooked controlling Supreme Court authority; (2) newly submitted
21   bank records show that Magnat never attempted to conceal funds; and (3) this Court got the
22   personal jurisdiction issue wrong.  All of the cases and documents Magnat now relies on
23   were available to it during the original briefing, and none of Magnat's new arguments have
24   merit.
25   **I.      BACKGROUND**
26          This Court previously granted Datatech's request for an asset-freeze preliminary
27   injunction. Dkt. 34, 35.  In relevant part, the Court found that (1) a pretrial asset-freeze
28   injunction was available upon a proper showing because Datatech's claim for disgorgement
     of profits under section 504(b) of the Copyright Act involved an equitable remedy, dkt. 34 at

1  6-7; (2) Datatech established a "reasonable probability of success" on the issue of personal

2  jurisdiction, id. at 3-5; and (3) Datatech established a likelihood of dissipation of assets and

3  irreparable harm, id. at 7.

4  **II.     LEGAL STANDARD**

5       To be granted leave to file a motion for reconsideration, a party must demonstrate one

6  of the following:

7       (1) That at the time of the motion for leave, a material difference in fact or law exists
         from that which was presented to the court before entry of the interlocutory order for
8       which reconsideration is sought.  The party shall also show that in the exercise of
         reasonable diligence the party applying for reconsideration did not know such fact or
9       law at the time of the interlocutory order; or

10      (2) The emergence of new material facts or a change of law occurring after the time of
         such order; or

11      (3) A manifest failure by the court to consider material facts which were presented to
         the court before such interlocutory order.

12  Civil L.R. 7-9(b); see also Fed. R. Civ. P. 54(b).

13  **III.    DISCUSSION**

14       **A.     Propriety of Motion for Reconsideration**

15       Magnat argues that this Court made a "fundamental error of law" by overlooking a

16  1998 Supreme Court case that neither party brought to the Court's attention, and further

17  contends that this Court reached the wrong conclusions on the issues of personal jurisdiction

18  and likelihood of dissipation.  Mot. at 1.  Those arguments do not identify a change in law or

19  facts, nor do they explain why Magnat could not have cited these cases and provided these

20  documents during the previous briefing.  Accordingly, Magnat has not made the necessary

21  showing under Local Rule 7-9(b).

22       **B.     Substance of Magnat's Arguments**

23       Regardless, the arguments Magnat advances have no merit.

24       1. Disgorgement of profits

25       Magnat says that the Supreme Court has "specifically held that the damages available

26  under Section 504(b) are legal and not equitable."  Mot. at 3-4 (citing Feltner v. Columbia

27  Pictures Television, Inc., 523 U.S. 340, 346 (1998)).  In fact, the Supreme Court has never

28

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1    addressed, in <u>Feltner</u> or any other case, whether disgorgement of profits under Section 504(b)

2    is an equitable remedy permitting a pretrial asset-freeze injunction.

3            Rather, in <u>Feltner</u>, the Court held that "the Seventh Amendment provides a right to a

4    jury trial on all issues pertinent to an award of statutory damages under § 504(c) of the

5    Copyright Act, including the amount itself." <u>Id.</u> at 355.  In construing section 504(c), the

6    Court looked at nearby statutory provisions and commented in *dicta* that "awards [under

7    504(b)] of actual damages and profits . . . <u>generally</u> are thought to constitute legal relief." <u>Id.</u>

8    at 346 (emphasis added).  The Court hedged on the issue, and cited only cases dealing with

9    actual damages–not profits.

10           And, the Ninth Circuit has previously observed that whether an asset freeze injunction

11   is appropriate and whether the Seventh Amendment right to a jury trial attaches–which was

12   the issue the Supreme Court addressed in <u>Feltner</u>–are not fungible inquiries.  <u>See</u> <u>Microsoft</u>

13   <u>Corp. v. U-Top Printing Corp.</u>, 46 F.3d 1143 (9th Cir. 1995) (unpublished).  This Court is not

14   aware of a single case holding that asset-freeze injunctions are unavailable in actions for

15   disgorgement of profits under section 504(b), and several cases have observed that section

16   504(b)'s disgorgement remedy is equitable in nature.[1]  Nothing in <u>Feltner</u> persuades the

17   Court that its previous conclusion was incorrect.

18           2. Asset dissipation

19           Magnat next provides a "supplemental" declaration of Defendant Stanislav, attaching

20   to it bank records purportedly showing that transferring assets out of the United States was a

21   routine business transaction and not an attempt to conceal money.  <u>See</u> Stanislav Decl. (dkt.

22   39).  The controlling question for purposes of the injunction is whether "absent a freeze,

23   [Defendant] would either dispose of, or conceal, <u>or send abroad</u>, all of the moneys."  <u>F.T.C.</u>

24   <u>v. H. N. Singer, Inc.</u>, 668 F.2d 1107, 1113 (9th Cir. 1982) (emphasis added).  Magnat's

25   documents may well suggest that it did not intend to conceal the money, but the reason for

26

27           [1]<u>See</u> <u>Data Gen. Corp. v. Grumann Sys. Support Corp.</u>, 36 F.3d 1147, 1176 (1st Cir. 1994),
     <u>abrogated on other grounds</u>, 130 S. Ct. 1237 (2010); <u>Microsoft Corp. v. Quebec, Inc.</u>, No. 06-
28   CV-0892, 2007 WL 3232465, at *1 (N.D. Ohio Nov. 1, 2007); <u>cf.</u> <u>Semerdjian v. McDougal</u>
     <u>Littell</u>, 641 F. Supp. 2d 233, 247 (S.D.N.Y. 2009).

3

the money disappearing abroad is less important than the fact it will move beyond this Court's reach. Magnat's new documents actually provide further evidence of the likelihood of that happening.

### 3. Personal jurisdiction

Finally, Magnat says this Court was wrong about the likelihood of Datatech showing that this Court has personal jurisdiction over Magnat. It cites one new case that bears no resemblance to the facts here, see Glencore Gain Rotterdam B.V. v. Shivnath Rai Harnarain Co., 284 F.3d 1114, 1126-27 (9th Cir. 2002) (action by Dutch company to confirm British arbitration award against Indian company stemming from contract dispute involving shipments of rice to India), and otherwise rehashes the arguments this Court previously found unpersuasive. Nothing has changed.

## IV.     CONCLUSION

Magnat has failed to identify a proper basis for bringing a motion for reconsideration, and in any event its arguments have no merit. The Court therefore DENIES Magnat's Motion for Leave to File a Motion for Reconsideration.

**IT IS SO ORDERED.**

Dated: October 4, 2012

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE

G:\CRBALL\2012\4500\order re reconsideration.wpd                4