**KENNETH E. KELLER** (71450) kkeller@kksrr.com
**STAN F. ROMAN** (87652) sroman@kksrr.com
**MICHAEL D. LISI** (196974) mlisi@kksrr.com
**KRIEG, KELLER, SLOAN, ROMAN & HOLLAND LLP**
555 Montgomery Street, 17th Floor
San Francisco, CA 94111
Tel:   (415) 249-8330
Fax:   (415) 249-8333

**EVAN FRAY-WITZER** evan@CFWLegal.com
**CIAMPA FRAY-WITZER, LLP**
20 Park Plaza, Suite 505
Boston, MA 02116
Tel:   (617) 426-0000
Fax:   (617) 507-8043
*Admitted Pro Hac Vice*

**VALENTIN GURVITS** vgurvits@bostonlawgroup.com
**BOSTON LAW GROUP, PC**
825 Beacon Street, Suite 20
Newton Centre, MA 02459
Tel:   (617) 928-1804
Fax:   (617) 928-1802
*Admitted Pro Hac Vice*

Attorneys for Defendant FF MAGNAT LIMITED

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DATATECH ENTERPRISES, LLC, a Nevada Limited Liability Company,<br><br>Plaintiff<br><br>vs.<br><br>FF MAGNAT LIMITED d/b/a ORON.COM; STANISLAV DAVIDOGLOV, and JOHN DOE a/k/a ROMAN ROMANOV (an alias).<br><br>Defendants. | Case No. C-12-4500 CRB<br><br>**DECLARATION OF EVAN FRAY-WITZER IN SUPPORT OF ADMINISTRATIVE ORDER SHORTENING TIME TO HEAR DEFENDANT FF MAGNAT LIMITED'S MOTION FOR PARTIAL RELIEF FROM PRELIMINARY INJUNCTION**<br><br>Judge:       Hon. Charles R. Breyer<br>Courtroon:   Courtroom 6 – 17th Floor |

1

I, Evan Fray-Witzer, declare and state as follows:

1. I am a member of the Bar of the Commonwealth of Massachusetts and counsel to Defendant FF Magnat Limited ("Oron"). I have personal knowledge of the matters as set forth in this declaration except those matters stated on information and belief, and as to those I am informed and believe they are true.

2. On September 14, 2012, this Court issued a preliminary injunction ("Order") (Docket No. 35). That Order, as written, places severe restrictions on Oron's ability to access the funds in its accounts with various banks and payment services, including PayPal. Not only does the Order require those financial institutions and payment services to "freeze" any assets in Oron's accounts, but it also enjoins Oron from "disgorging or dissipating any funds, property, domain names, or other assets until further notice." Read literally, the Order prohibits Oron from paying attorneys' fees or legal costs to defend itself in this action.

3. Without access to funds necessary to pay its attorneys, I am informed and believe that Oron will be prejudiced in its ability to defend itself in this action. Specifically, *inter alia*, Oron will be unable to properly research, brief and argue its motion to dismiss for lack of jurisdiction and to pursue its interlocutory appeal of the Order.

4. On October 31, 2012 I sent an email to plaintiff's counsel, Gill Sperlein, informing him that Oron intended to file a Motion for Partial Relief from the preliminary injunction and asking if plaintiff would agree to have it heard on an expedited basis. Mr. Sperlein responded that he was opposed to an expedited hearing.

\\

\\

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 5th day of November, 2012 in Boston, MA.

_____
Evan Fray-Witzer