D. GILL SPERLEIN (SBN 172887)
THE LAW OFFICE OF D. GILL SPERLEIN
345 Grove Street
San Francisco, California  94102
Telephone: (415) 404-6615
Facsimile: (415) 404-6616
gill@sperleinlaw.com

Attorneys for Plaintiff DataTech Enterprises, LLC,

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

DATATECH ENTERPRISES, LLC, a

Nevada Limited Liability Company,

    Plaintiff,

          vs.

FF MAGNAT LIMITED d/b/a
ORON.COM, STANISLAV
DAVIDOGLOV, and JOHN DOE a/k/a
ROMAN ROMANOV (an alias); and

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**Case No.: 2-12-4500 CRB**

**DATATECH ENTERPRISES, LLC'S
NOTICE OF MOTION AND MOTION
FOR SANCTIONS**

**Date:  December 14, 2012
Time:  10:00 a.m.
CtRm:  6, 17th Floor**

### NOTICE OF MOTION

    TO: DEFENDANTS  FF  MAGNAT  LIMITED  d/b/a  ORON.COM,  STANISLAV

DAVIDOGLOV, and JOHN DOE a/k/a ROMAN ROMANOV (an alias) and their attorneys

of record:

THE LAW OFFICE OF D. GILL SPERLEIN
345 GROVE STREET   SAN FRANCISCO, CA 94102   FAX: 415-404-6616
TEL: 415-404-6615

PLEASE TAKE NOTICE THAT ON December 14, 2012 at 10:00 a.m., or as soon thereafter as the matter maybe heard in the above-entitled Court located at 450 Golden Gate Avenue, San Francisco, California, 94102, Courtroom 6, 17th Floor, PLAINTIFF DATATECH ENTERPRISES, LLC, will and hereby do move this Court for Sanctions against FF Mangat's attorneys for the improper filing of Defendant's Motion for Leave to File Motion for Reconsideration.

This motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, all pleadings and papers on file in this action, and upon such other evidence and argument as may be presented to the Court at the time of the hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
### I.    INTRODUCTION

The Federal Rules of Civil Procedure provides for sanctions against an attorney or party when the attorney or party presents  a motion for any improper purpose including to cause unnecessary delay or to needlessly increase the cost of litigation or files a motion based on legal contentions that are not warranted by existing law or contain frivolous arguments. Fed. R. Civ. Pro. 11(b)(1) and (2) and (c).

In order to dissuade parties and attorneys from seeking reconsideration of a Court's orders which litigants may otherwise be tempted to do, local rule specifically sets forth that "[n]o motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order

The Law Office of D. Gill Sperlein
345 Grove Street   San Francisco, CA 94102   Fax: 415-404-6616
Tel: 415-404-6615

-2-

which the party now seeks to have reconsidered.  Any party who violates this restriction *shall be subject to appropriate sanctions*."  Civ. L. Rule. 7-9 (c), *emphasis added*.

28 U.S.C. §1927 allows the Court to impose sanctions against any attorney (but not a party) who multiplies the proceedings in any case unreasonably.  28 U.S.C. §1927.

Ignoring these prohibitions Defendant FF Magnat and its attorneys unnecessarily burdened the Court and Plaintiff with an unmeritorious motion for leave to file a motion for reconsideration that simply rehashed arguments made in its Response to Order to Show Cause re Preliminary Injunction.  Defendant specifically informed Plaintiff that it would engage in a strategy of depleting funds available for satisfying the inevitable judgment against it by spending those funds on attorney fees.  Thus, the Court should levy sanctions against FF Magnat and or its attorneys.

## II.  ARGUMENT

### A.  Sanctions against FF Magnat's Attorneys Are Proper under Federal Rule of Civil Procedure 11.

"[Ninth Circuit] cases have established that sanctions *must* be imposed on the signer of a paper if either a) the paper is filed for an improper purpose, or b) the paper is 'frivolous.' *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990)(*Emphasis added*).  "Sanctions under Rule 11 are mandatory."  *Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1540 (9th Cir. 1986).

-3-

THE LAW OFFICE OF D. GILL SPERLEIN
345 GROVE STREET
SAN FRANCISCO, CA 94102
TEL: 415-404-6615   FAX: 415-404-6616

The subjective belief of FF Magant or its attorneys with regard to the motion they filed is immaterial. *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 829 (9th Cir. 1986) *abrogated on other grounds by Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 110 S. Ct. 2447, 110 L. Ed. 2d 359 (1990).  Plaintiff need only establish objectively, that a competent attorney admitted to practice before the district court would understand the motion to be filed would be violative of Rule 11.  *Id.* at 830; *Golden Eagle*, 801 F.2d at 1536.  Repetitive presentation of previously rejected positions evidences an improper purpose.  *Zaldiva*, 780 F.2d at 831-832.

"Specifically, frivolous motions for reconsideration are sanctionable."  *Edgerly v. City & County of San Francisco*, C 03-02169 WHA, 2005 WL 235710 (N.D. Cal. Feb. 1, 2005) aff'd, 495 F.3d 645 (9th Cir. 2007) *reh'g granted, opinion withdrawn,* 527 F.3d 841 (9th Cir. 2008) and *opinion superseded on reh'g,* 599 F.3d 946 (9th Cir. 2010) and *aff'd,* 599 F.3d 946 (9th Cir. 2010), *Citing by comparison, G.C. & K.B. Invs., Inc. v. Wilson,* 326 F.3d 1096. 1110-11 (9th Cir.2003).

In its Order Denying Motion for Leave to File Motion for Reconsideration, the Court clearly set forth its finding that FF Magant filed its Motion in spite of the fact that it did not present any new facts or law that could not have been presented in its original Opposition and that regardless, the arguments it presented had no merit.  When "[t]here was nothing in the motion that could not have been in [the Party's] original brief [and the other Party] had unnecessarily to expend time and resources responding to [the Party's] arguments [,t]hey should not be required to have done so at their own expense, or that of their counsel.

-4-

Sanctions under Rule 11 are appropriate." *Banner v. Raisin Valley, Inc.*, 213 F.R.D. 520, 521 (N.D. Ohio 2003).

An attorney may file a motion that is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law. However, even if Defendant believed that it could make a good faith argument for the extension of existing law, this Court had already rejected such an argument.

The Court recognized that the motion for leave to file a motion for reconsideration presented the same arguments that the Court previously rejected. The fact that Plaintiff's motion did not present any new law or facts was objectively obvious from the face of the motion on its face. Thus, the Court's Order denying Leave as well as Defendants motion itself, establish that a competent attorney would understand the Motion for Leave violated Federal Rule of Civil Procedure 11 because it was frivolous and in violation of Local Civil Rule 7-9(c). This violation warrants sanctions.

**B. Sanctions against FF Magnat's Attorneys Are Proper under Local Civil Rule 7-9.**

Because attorneys might otherwise be tempted to request reconsideration of every ruling against them, local rules prohibit the filing of a motion for leave to file a motion for reconsideration that simply repeats arguments made by the applying party in support of or in opposition to the interlocutory order which the party seeks to have reconsidered. Civ. L. Rule. 7-9 (c). "Any party who violates this restriction shall be subject to appropriate sanctions." *Id.*

-5-

District Courts have the inherent power to levy sanctions.  *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980).  Thus, local rules relating to sanctions are proper, provided they are not inconsistent with any federal law or the Federal Rules of Civil Procedure.  *Miranda v. S. Pac. Transp. Co.*, 710 F.2d 516, 521 (9th Cir. 1983).  Local Rule 7-9 is not inconsistent with the Federal Rules of Civil Procedure.

It is beyond contention that Defense counsel violated Local Rule 7-9.  Defense counsel did not identify a change in the law or facts subsequent to the filing of its Response to Order to Show Cause re Plaintiff's Motion for Preliminary Injunction.  *See*, Order Denying Motion for Leave to File Motion for Reconsideration, ECF No. 43 at 2:18-21.

The Local Rule employs the imperative, i.e. "[a]ny party who violates this restriction *shall* be subject to appropriate sanctions.  L.Civ. R. 7-9(c)(*emphasis added*).  Thus, the Court should impose sanctions on Defendant's counsel for repeating oral and written arguments made in opposition to the Order it sought to have reconsidered.

## C.  Sanctions against FF Magnat's Attorneys Are Proper under 28 U.S.C. §1927.

"Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  28 U.S.C. § 1927.

Although sanctions imposed under the district court's inherent authority require a bad faith finding, recklessness suffices for § 1927 sanctions.  *Lahiri v. Universal Music & Video Distribution Corp.*, 606 F.3d 1216, 1219 (9th Cir. 2010).  Here, the violation is so obvious,

-6-

that Defendant's attorneys were clearly reckless even if they did not file the motion in bad faith.  However, statements from one of the attorneys representing FF Magant, suggest that the filing of the motion was in bad faith.   One of FF Magant attorneys made it clear that FF Magant intends to deplete the limited funds available to satisfy the inevitable judgment by spending those funds on attorneys.[1]   Declaration of D. Gill Sperlein in Support of Plaintiff Datatech Enterprises, LLC's Opposition to FF Magnat Limited's Motion for Leave to File Motion for Reconsideration, ECF No. 41-1 at ¶¶2-3.

Thus, Defendant's attorneys at best recklessly filed the motion, and likely filed the motion for an improper purpose, i.e. to dissipate funds on attorney fees in order to prevent Plaintiff from recovering on its eventual judgment.

The Court should order Defendant's attorneys to satisfy the excess costs, expenses, and attorneys' fees incurred as a result of the filing of Defendant's Motion.

### D. The Appropriate Sanction Is the Attorney Fees Relating to Opposing Defendant's Motion and in Bringing this Motion for Sanctions.

While Local Rule 7-9 does not set forth what an appropriate sanction would be, Rule 11 and 28 U.S.C. §1927 do.  Rule 11 states that a sanction under the rule, "if imposed on motion and warranted for effective deterrence [may include] an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation. Fed. R. Civ. Pro.  11(4).  28 U.S.C. §1927 states that an attorney that

---

[1]  When Plaintiff's counsel approached Defense counsel to discuss this matter immediately following oral argument on the hearing re Preliminary Injunction, defense counsel directed him to Val Gurvits, an attorney licensed in Massachusetts who was present for the hearing.  Mr. Gurvits subsequently moved the Court to appear *pro hac vice* on behalf of Plaintiff FF Magnat and the Court granted that motion.  ECF Nos. 45 and 49.

-7-

THE LAW OFFICE OF D. GILL SPERLEIN   345 GROVE STREET   SAN FRANCISCO, CA 94102   TEL: 415-404-6615   FAX: 415-404-6616

violates the Rule "may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."   28 U.S.C. §1927.

Local Rule 7-9 does not require a party to oppose a motion for leave to file a motion for reconsideration.   Nor does the rule prohibit the filing of an opposition.   Under the circumstances, Plaintiff's counsel acted reasonably in opposing the Motion for Leave.

Plaintiff's counsel spent 7.3 hours preparing Plaintiff's opposition to Defendants Motion for Leave and 4.6 hours preparing this motion for sanctions.   Declaration of D. Gill Sperlein in Support of Datatech Enterprises, LLC's Motion for Sanctions at ¶6.   Plaintiff's attorney bills at the rate of $335 per hour.   *Id.* at ¶4.   Thus, Defendant's improperly filed motion resulted in $3,986.50 worth of attorney fees.   This is a proper amount for a sanction.

## III.   CONCLUSION

Because   Defendant FF Magant unnecessarily burdened the Court and Plaintiff's counsel with an unmeritorious Motion, the Court should levy sanctions against FF Magant in amount equal to the value of the attorney fees Plaintiff spent in responding to the unmeritorious motion and the time spent in preparing this Motion for Sanctions.

Dated:  *November 5, 2012*                     Respectfully submitted,

                                        */s/ D. Gill Sperlein*

                                        D. GILL SPERLEIN
                                        THE LAW OFFICE OF D. GILL SPERLEIN
                                        Attorney for Plaintiff DataTech Enterprises, LLC