D. GILL SPERLEIN (SBN 172887)
THE LAW OFFICE OF D. GILL SPERLEIN
345 Grove Street
San Francisco, California 94102
Telephone: (415) 404-6615
Facsimile: (415) 404-6616
gill@sperleinlaw.com

Attorneys for Plaintiff DataTech Enterprises, LLC,

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DATATECH ENTERPRISES, LLC, a Nevada Limited Liability Company,<br><br>    Plaintiff,<br><br>        vs.<br><br>FF MAGNAT LIMITED d/b/a ORON.COM, STANISLAV DAVIDOGLOV, and JOHN DOE a/k/a ROMAN ROMANOV (an alias); and<br><br>    Defendants. | Case No.: C-12-4500 (CRB)<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT DATATECH ENTERPRISES, LLC'S MOTION FOR SANCTIONS**<br><br>Date: December 14, 2012<br>Time: 10:00 a.m.<br>CtRm: 6, 17th Floor |

Defendant FF Magnat Limited filed an Administrative Motion for Order Granting Leave to File a Motion for Consideration of the Court's Order of Preliminary Injunction.

The Federal Rules of Civil Procedure provides for sanctions against an attorney or party when the attorney or party presents a motion for any improper purpose including to cause unnecessary delay or to needlessly increase the cost of litigation or files a motion based

-1-

[PROPOSED] ORDER DENYING DEFENDANT'S
MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION
C-12-4500 (CRB)

on legal contentions that are not warranted by existing law or contain frivolous arguments. Fed. R. Civ. Pro. 11(b)(1) and (2) and (c).

In order to dissuade parties and attorneys from seeking reconsideration of a Court's orders which litigants may otherwise be tempted to do, local rule specifically sets forth that "[n]o motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered. Any party who violates this restriction *shall be subject to appropriate sanctions*." Civ. L. Rule. 7-9 (c), *emphasis added*.

28 U.S.C. §1927 allows the Court to impose sanctions against any attorney (but not a party) who multiplies the proceedings in any case unreasonably. 28 U.S.C. §1927.

Ignoring these prohibitions Defendant FF Magnat and its attorneys unnecessarily burdened the Court and Plaintiff with an unmeritorious motion for leave to file a motion for reconsideration that simply rehashed arguments made in its Response to Order to Show Cause re Preliminary Injunction. Further an attorney representing Defendant FF Magant Limited specifically informed Plaintiff's attorney that FF Magant would prefer to deplete funds available on attorney fees rather than leave those funds to be available to satisfy any judgment the Court may eventually enter in this matter.

Having considered the papers filed in this matter and finding good cause **IT IS HEREBY ORDERED,** that FF Magant's Counsel pay to Datatech Enterprises, Inc. the cost of responding to its unmeritorious motion. Plaintiff's attorney bills at the rate of $335 per hour and spent 7.3 hours preparing a response to Defendants Motion and an additional 4.6

-2-

[PROPOSED] ORDER DENYING DEFENDANT'S
MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION
C-12-4500 (CRB)

hours preparing its Motion for Sanctions.   Thus, FF Magnat's Counsel is ordered to pay Plaintiff $3,986.50 in sanctions.

DATED: _____  _____

**CHARLES R. BREYER**
**U.S. DISTRICT JUDGE**

-3-

[PROPOSED] ORDER DENYING DEFENDANT'S
MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION
C-12-4500 (CRB)