D. GILL SPERLEIN (SBN 172887)
THE LAW OFFICE OF D. GILL SPERLEIN
345 Grove Street
San Francisco, California  94102
Telephone: (415) 404-6615
Facsimile: (415) 404-6616
gill@sperleinlaw.com

Attorneys for Plaintiff DataTech Enterprises, LLC,

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| DATATECH ENTERPRISES, LLC, a Nevada Limited Liability Company,<br><br>    Plaintiff,<br><br>        vs.<br><br>FF MAGNAT LIMITED d/b/a ORON.COM, STANISLAV DAVIDOGLOV, and JOHN DOE a/k/a ROMAN ROMANOV (an alias); and<br><br>    Defendants. | Case No.: 2-12-4500 CRB<br><br>**PLAINTIFF'S OPPOSITION TO ADMINISTRATIVE MOTION FOR ORDER SHORTENING TIME TO HEAR DEFENDANT FF MAGNAT LIMITED'S MOTION FOR PARTIAL RELEIF FROM PRELIMINARY INJUNCTION**<br><br>Judge:   Hon. Charles R. Breyer<br>CtRm.:   6- 17th Fl |

For a second time Defendant FF Magnat Limited has moved the Court for Limited Partial Relief from an Order of this Court preventing Defendant from dissipating illicit profits earned from its illegal reproduction and sale of Plaintiff's copyright protected works.  And for a second time, Defendant FF Magnat Limited has applied to the Court for an order shortening time to hear such a Motion.  For the reasons set forth below, Plaintiff opposes this Administrative Request to shorten time.

-1-

# ARGUMENT

### I.  Plaintiff Will Be Prejudiced If the Court Grants Defendants' Request to Hear it Motion of an Expedited Matter.

Even if Defense counsel had not explicitly told Plaintiff's counsel of his intentions, it would nonetheless be clear that Defendant intends to wage a war of attrition.  As a practical matter, Plaintiff's counsel is a sole practitioner with a full litigation docket.  Thus, even if, as Defendants claim, the issues in Defendant's Motion for relief are not complex, Plaintiff's attorney must nonetheless prepare a thoughtful response.

Further, Plaintiff believes that there are complex issues which it must to bring to the attention of the Court prior to the consideration of Defendant's Motion.

At the same time, Plaintiff must prepare to defend against Defendants' interlocutory appeal.

Plaintiff's counsel requires the full and ordinary amount of time to prepare an adequate response to Defendant's motion and Defendant offers no reasonable explanation as to why Plaintiff should not be permitted such time.  Plaintiff will be prejudiced if not given an opportunity to fully oppose Defendants' Motion.

### II.  If Defendant Needed to Access Funds Sooner, It Should Have Filed a Regularly Noticed Motion Earlier.

Mr. Gurvits states that Defendant incurred in excess of $93,000 in attorney fees prior to his making an appearance in this case.  Declaration of Valentin Gurvits in Support of Defendant FF Magnat Limited's Motion for Partial Relief from Preliminary Injunction, ECF No. 52-1 (Gurvits Decl.) at ¶2.  Mr. Gurvits made his first appearance in this matter on October 15, 2012.  Application for Admission of Attorney *Pro Hac Vice*, ECF45.  Defense counsel knew at that time that Defendant

would spend in excess of what the Court previously released.  Nonetheless, Defendant waited until November 5, 2012 to file its Motion seeking the release of additional funds.  If the motion could wait to be filed, knowing that Defendant was quickly depleting its funds, than Plaintiff should not be prejudiced by being forced to reply more quickly than it would otherwise be entitled to under the regular notice rules.  Defendant's attorney waited several weeks to file a motion seeking additional funds.  There is no reason why Defendant should not wait several more weeks so that Plaintiff has sufficient time to respond to the Motion.

### III. The Court Has Already Considered the Relief Defendant Seeks and Rejected it.

Defendant previously moved the Court for the same relief it seeks here.  Specifically, Defendant requested that the Court allow it to withdraw $310,000 from its PayPal account in order to pay legal bills.  Motion of Defendant FF Magant Limited for Partial Relief from Temporary Restraining Order, ECF No. 12 at p. 1:6-9.  The Court considered Defendant's request and granted limited relief, allowing Defendants to withdraw $125,000 for the purpose of defending this action a more than reasonable amount. Order Granting Motion for Partial Relief form Temporary Restraining Order, ECF No. 23.  Defendant understood (or should have understood) that it must control its litigation budget accordingly.  Nonetheless, Defendant apparently spent beyond its budget, and elected to mount unnecessary and excessive legal bills.  Moreover, the Court has now found that Plaintiff is likely to succeed on the merits of its claims and that Defendant FF Magnat is likely to dissipate funds.  Memorandum and Order, EFC No. 34.  Thus, the Court should not now allow Defendant to dissipate those same funds by driving up litigation costs so that the funds go to Defendant's attorneys, rather than remain available to pay the likely judgment.

///

///

-3-

## **CONCLUSION**

For the reasons set forth above, the Court should deny Defendant's Administrative Request for an Order Shortening Time to hear its Second Motion for Partial Relief from Temporary Restraining Order.

Dated: *November 10, 2012*           Respectfully submitted,

                                     */s/ D. Gill Sperlein*

                                     _____
                                     D. GILL SPERLEIN
                                     THE LAW OFFICE OF D. GILL SPERLEIN

                                     Attorney for Plaintiff DataTech Enterprises, LLC,

-4-