IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DATATECH ENTERPRISES LLC,<br><br>Plaintiff,<br><br>v.<br><br>FF MAGNAT LIMITED ET AL.,<br><br>Defendants. | No. C 12-04500 CRB<br><br>**ORDER DENYING MOTION FOR SANCTIONS** |

**INTRODUCTION**

Plaintiff Datatech moves under Federal Rule of Civil Procedure 11, this Court's inherent powers, and 28 U.S.C. § 1927 for sanctions in the form of attorneys' fees against Defendant FF Magnat Limited ("Magnat"), arguing that Magnat's Motion for Leave to File Motion for Reconsideration (dkt. 38) was frivolous, that it was filed in bad faith and for an improper purpose, and that it violated Local Rule 7-9.

**I.   BACKGROUND**

This Court granted Datatech's request for an asset-freeze preliminary injunction. Dkt. 34, 35. In relevant part, the Court found that (1) a pretrial asset-freeze injunction was available upon a proper showing because Datatech's claim for disgorgement of profits under section 504(b) of the Copyright Act involved an equitable remedy, dkt. 34 at 6-7; (2) Datatech established a "reasonable probability of success" on the issue of personal

jurisdiction, id. at 3-5; and (3) Datatech established a likelihood of dissipation of assets and irreparable harm, id. at 7.

Magnat moved for leave to file a motion for reconsideration, dkt. 38, arguing that the Court made a "fundamental error of law" by overlooking a Supreme Court case that neither party had previously brought to the Court's attention, and further contending that the Court had reached the wrong conclusions on the issues of personal jurisdiction and likelihood of dissipation. The Court denied the motion, finding that the newly cited Supreme Court case did not affect the Court's analysis and that the remaining arguments had, in substance, already been presented and rejected. Order Denying Mot. for Leave (dkt. 43).

Datatech now moves for sanctions. The Court finds this matter suitable for resolution without oral argument under Local Rule 7-1(b).

## II.  LEGAL STANDARDS

### A.  Rule 11

Federal Rule of Civil Procedure 11 provides that by presenting a pleading to the court, an attorney represents that:

> to the best of the person's knowledge . . . :
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support . . .

Fed. R. Civ. P. 11(b). Thus, a district court may impose Rule 11 sanctions if a party files a paper with the court for an improper purpose, or if the filing is frivolous. G.C. & K.B. Investments, Inc. v. Wilson, 326 F.3d 1096, 1109 (9th Cir. 2003). The standard governing both the "improper purpose" and "frivolous" inquiries is objective. Id. at 1109. If Rule 11(b) has been violated, the court may impose an appropriate sanction on the attorney, law firm or party responsible for the violation. Fed. R. Civ. P. 11(c).

### B.  Local Civil Rule 7-9

Local Rule 7-9 provides that any party moving for reconsideration must show demonstrate one of the following:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the court before entry of the interlocutory order for which reconsideration is sought. The party shall also show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
> (3) A manifest failure by the court to consider material facts which were presented to the court before such interlocutory order.

Civil L.R. 7-9(b). It also provides that

> [n]o motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered. Any party who violates this restriction shall be subject to appropriate sanctions.

Id. 7-9(c).

### C. 28 U.S.C. § 1927

Under 28 U.S.C. § 1927, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such a conduct." 28 U.S.C. § 1927. The imposition of sanctions under § 1927 requires a finding of recklessness or bad faith. Lahiri v. Universal Music & Video Distribution Corp., 606 F.3d 1216, 1219 (9th Cir. 2010).

### D. Inherent Powers

District courts are "vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1992). The Ninth Circuit requires "conduct that is tantamount to bad faith" to justify sanctions under the district court's inherent powers. B.K.B. v. Maui Police Dep't, 276 F.3d 1091, 1108 (9th Cir. 2002). Bad faith may be found even where a party's actions have some minimal basis in law or fact; where "a litigant is substantially motivated by vindictiveness, obduracy, or mala fides, the assertion of a colorable claim will not bar the assessment of attorneys fees" under the court's inherent powers. Id.

//

3

### III. DISCUSSION

Though Datatech nominally addresses each of the various bases for sanctioning Magnat separately, its argument for each boils down to two contentions: First, Datatech says that the motion only rehashed arguments already rejected by the Court. Second, Datatech says that Magnat made clear its motive for the motion was improper when, following the hearing on the preliminary injunction, Datatech's counsel approached counsel for Magnat and asked about the possibility of settling the matter, and Magnat's counsel responded that they would rather give the money to lawyers than to the plaintiff. See Sperlein Decl. (dkt. 41-1) ¶¶ 2-3.

The Court does not find that Magnat's motion was frivolous. The motion was brought on three grounds, and for each ground Magnat identified new authority or provided new facts helpful to its position that were not considered by the Court at the time of its previous ruling. Mot for Leave at 3 (citing Feltner v. Columbia Pictures Television, Inc., 523 U.S. 340, 346 (1998)); id. at 5 (citing Stanislav Decl., dkt. 39 (containing new facts about asset movements)); id. at 7 (citing Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co., 204 F.3d 1114, 1127 (9th Cir. 2002)).

Magnat offered no real explanation as to why those authorities and facts could not have been cited and included in the original briefing on the preliminary injunction, but the Court's review of the record reveals that all three involved issues where the Court's Order relied in part on reasoning or particular authorities not briefed by the parties, and the Court declines to fault Magnat for conducting follow-up research and fact gathering related to those points. For the same reasons, the Court declines to find that Magnat filed the motion in bad faith. Assuming without deciding that Magnat's counsel made the statement alleged by Datatech, it does not follow that all future filings in the case were necessarily undertaken in bad faith.

//
//
//

4

## IV. CONCLUSION

Magnat's Motion for Leave to File Motion for Reconsideration was not frivolous and the Court does not find that it was filed for an improper purpose, recklessly, or in bad faith. Accordingly, the Court DENIES Datatech's motion for sanctions.

**IT IS SO ORDERED.**

Dated: November 19, 2012

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE