IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DATATECH ENTERPRISES LLC,

    Plaintiff,

    v.

FF MAGNAT LIMITED ET AL.,

    Defendants.

No. C 12-4500 CRB

**ORDER DENYING MOTION FOR PARTIAL RELIEF FROM PRELIMINARY INJUNCTION**

**INTRODUCTION**

    Defendant FF Magnat Limited ("Magnat") moves for partial relief from this Court's asset-freeze preliminary injunction, see dkts. 34-35, seeking an additional $300,000 to pay for ongoing and anticipated litigation costs. Mot. Partial Relief (dkt. 52). The Court finds this matter suitable for resolution without oral argument under Local Rule 7-1(b).

**I.    BACKGROUND**

    This Court already released $125,000 to Magnat to pay for litigation expenses. Dkt. 23. Magnat now says it has already spent more than that to date, Gurvits Decl. (dkt. 52-1) ¶ 2, and that in Magnat's counsel's "professional judgment, . . . [Magnat] will incur at least $300,000 in additional attorneys' fees and costs arising from the defense of and counter-claims in this action and pursuing the interlocutory appeal file[d]." Id. ¶ 3. Magnat provides no detail–only a bottom-line number and vague references to the kinds of litigation activities undertaken and anticipated.

## II. LEGAL STANDARDS

A district court "may, within its discretion, forbid or limit payment of attorney fees out of frozen assets." Commodity Futures Trading Comm'n v. Noble Metals Int'l, Inc., 67 F.3d 766, 775 (citing FTC v. World Wide Factors, Ltd., 882 F.2d 344, 347 (9th Cir. 1989)). In Noble Metals the Ninth Circuit held that "where the frozen assets fell far short of the amount needed to compensate" the people with an equitable interest in the frozen assets, the district court was within its discretion to deny access to the assets–though the court also noted that an asset shortfall was not necessarily always a sufficient reason to deny a request, and that "[d]iscretion must be exercised by the district court in light of the fact that wrongdoing is not yet proved when the application for attorney fees is made." Id.

## III. DISCUSSION

Magnat has not made a showing that justifies the relief sought. It has made no effort to establish that the money potentially subject to an equitable disgorgement remedy is less than the amount currently frozen. Indeed, Magnat has never provided any documentation or firm detail regarding the extent of the assets frozen by the Court's order. This Court will not exercise its discretion to release a particular sum absent knowledge of whether and how depletion of those funds could impact Plaintiff's ultimate potential recovery. In the case of an asset shortfall, such a showing would have to be made before the Court would then consider whether the other circumstances of the case warranted release of funds for attorneys' fees–an issue the Court does not reach in this Order.

## IV. CONCLUSION

The Court DENIES Magnat's motion for partial relief from the preliminary injunction.

**IT IS SO ORDERED.**

Dated: November 19, 2012

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE