1  D. GILL SPERLEIN (SBN 172887)
   THE LAW OFFICE OF D. GILL SPERLEIN
2  345 Grove Street
   San Francisco, California  94102
3  Telephone: (415) 404-6615
   Facsimile: (415) 404-6616
4  gill@sperleinlaw.com
5

6  Attorneys for Plaintiff DataTech Enterprises, LLC,

7

8              UNITED STATES DISTRICT COURT
           NORTHERN DISTRICT OF CALIFORNIA
9               SAN FRANCISCO DIVISION

10
                                    )
11 DATATECH ENTERPRISES, LLC, a     )  **Case Number: 2-12-4500 CRB**
                                    )
12 Nevada Limited Liability Company, )
                                    )
13       Plaintiff,                 )  **JOINT CASE MANAGEMENT**
                                    )  **STATEMENT & [PROPOSED]**
14              vs.                 )  **ORDER**
                                    )
15 FF MAGNAT LIMITED d/b/a          )
16 ORON.COM, STANISLAV              )
   DAVIDOGLOV, and JOHN DOE a/k/a   )  **Date:    December 7, 2012**
17 ROMAN ROMANOV (an alias); and    )  **Time: 8:30 a.m.**
                                    )  **CtRm: 6, 17th Floor**
18                                  )
19       Defendants.               )
                                    )
20 _____ )

21
         The parties to the above-entitled action jointly submit this JOINT CASE
22
   MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing
23
   Order for All Judges of the Northern District of California dated July 1, 2011 and Civil
24
   Local Rule 16-9.
25

26

27

28

*Form updated January 2012*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1.  <u>Jurisdiction & Service</u>
*The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding persona jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.*

This is an action for Copyright infringement and thus the Plaintiff asserts that the Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 1338(a).  FF Magnat does not concede subject matter jurisdiction at this time and contends that questions concerning the ownership of the copyrights may exist.

Plaintiff has served Defendant FF Maganat Limited pursuant to the Court's Order allowing alternative service.  (ECF No 33)  Defendant disputes that this service was proper.  The location of Defendant Stanislav Davidoglov and the identity and location of Defendant John Doe a/k/a Roman Romanov are unknown to Plaintiff and thus Plaintiff has not yet served them.  Plaintiff will serve these Defendants when information about their identities and whereabouts is uncovered through discovery.

In granting Plaintiff's Motion for Preliminary Injunction, the Court ruled, on its initial review, that there is "at least a reasonable probability" that Plaintiff  will succeed in establishing personal jurisdiction over FF Magnat.  (ECF No. 34, p 3:3-6:21) However, Defendant FF Magnat Limited contests personal jurisdiction and intends to bring a motion to dismiss for lack for personal jurisdiction.

2.  <u>Facts</u>
*A brief chronology of the facts and a statement of the principal factual issues in dispute.*
**Agreed facts include:**

FF Magnat operated a website at oron.com.  The website allowed for the storage of files on a series of servers.  Users of the service could store files on these servers. Files could be retrieved if the user had the unique url assigned at the time the file was stored on FF Magnat's servers.  Users were able to pay Oron a fee in order to increase the speed at which they could download files they wished to access.

*Form updated January 2012*

On or about June 15, 2011, FF Magnat registered with the United States Copyright Office an agent for receiving take down notices.

**Disputed facts include:**

**<u>Plaintiff's Statement of Disputed Facts</u>**

Whether and to what extent DataTech Enterprises sent take down notices to FF Magnat requesting that it remove or block access to audiovisual files containing works to which DataTech claims it holds the copyright which it alleged were stored on the FF Magnat's servers. FF Magnat allowed the download of DTE files before they registered an agent for received takedown notices.

FF Magnat actively solicited affiliates to upload files.

FF Magant paid affiliates for the upload of files.

The extent of payments FF Magnat made to affiliates operating from within the United States.

Whether FF Magnat directly provided infringing files to individuals operating indexing websites such as pornbb.org.

Whether FF Magnat or its agents owned, operated, or controlled pornbb.org.

Whether FF Magnat otherwise encourage, induced, or contributed to the infringement of DataTech's copyrighted works.

The extent of damages DataTech suffered from the alleged infringement.

The amount of illicit profit FF Magnat earned from the exploitation of the infringed works.

Whether FF Magnat is responsible for the spoliation of evidence.

The name, location and number of all bank accounts, funds, payment processors, assets, or other holdings which may be subject to the asset freeze order in both the United States and Hong Kong and the level of funds in those accounts.

**<u>Defendant's Statement of Disputed Facts</u>**

Whether Datatech owns the exclusive rights to the copyrighted works in question.

Whether FF Magnat took sufficient measures to protect against copyright

*Form updated January 2012*

infringement – including allowing DatatTech's agent, Porn Guardian, direct access to FF Magnat's servers.

Whether FF Magnat took sufficient measures to protect against copyright infringement – including having a repeat infringer policy and maintaining at all times a contact to whom rights holders could send takedown notices.

Whether, and to what extent, copyrighted materials of DataTech were uploaded to Oron.com's servers.

Whether, and to what extent, copyrighted materials of DataTech were downloaded from Oron.com's servers.

Whether, and to what extent, FF Magnat had specific knowledge of copyrighted materials of DataTech being uploaded to Oron.com's servers.

Whether, and to what extent, FF Magnat's users were located in the United States.

Whether, and to what extent, DataTech suffered damages which it can prove with reasonable certainty.

3.  Legal Issues
*A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.*

**Points of law in dispute include:**

Whether the law permitted the Court to issue the Order of Preliminary injunction.

Whether this Court has personal jurisdiction over the Defendants.

Whether the Defendant is entitled to a defense based on the safe harbors of the Digital Millennium Copyright Act (17 USC §512) for any unauthorized reproduction or distribution of Plaintiffs works by and through oron.com *prior to* the date FF Magnat registered an agent for receiving take down notices with the United States copyright Office.

Whether the Defendant is entitled to a defense based on the safe harbors of the Digital Millennium Copyright Act (17 USC §512) for any unauthorized reproduction or distribution of Plaintiffs works by and through oron.com *after* the date FF Magnat

*Form updated January 2012*

registered an agent for receiving take down notices with the United States copyright Office.

Whether FF Magnat's payment to affiliates constitutes inducement to infringe.

Whether DataTech has the ability to prove any damages arising out of the alleged infringement.

Whether, and to what extent, the alleged infringement occurred extraterritorially and whether such extraterritorial infringement is outside of the scope of United States Copyright law.

4. <u>Motions</u>
*All prior and pending motions, their current status, and any anticipated motions.*

Plaintiff filed a Motion for Temporary Restraining Order / Preliminary Injunction. The Court granted Plaintiff's Motion.  (ECF No. 9)  Defendant FF Magant appealed the Court's Order granting preliminary injunction to the Ninth Circuit Court of Appeal. (ECF No.54)

Defendant FF Magnat moved the Court for partial relief form the temporary Restraining Order in order to access funds necessary for its defense.  (ECF No. 12)  The Court granted the motion in part, allowing FF Magant to withdraw $125, 000 from its PayPal account for the purpose of defending itself in this action.  (ECF No. 23)

Plaintiff moved the Court for an Order allowing for alternative service (ECF No. 17) which the Court granted.  (ECF No. 33)

Plaintiff brought a motion for leave to take early discovery (ECF No. 18) which the Court granted.  (ECF No. 33)  However, to date, none of the propounded discovery has lead to the identity or location of the remaining Defendants.

Defendant FF Magant moved the Court for partial relief from the Preliminary Injunction (ECF No. 52) which the Court denied.  (ECF No.  58)

Plaintiff anticipates filing a motion for Summary Judgment on the issue of whether FF Maganat is eligible for safe harbor protections of the DMCA for infringements that

*Form updated January 2012*

occurred prior to the date it registered an agent for receiving takedown notices with the copyright office.  Plaintiff may also bring  motion for sanctions for spoliation of evidence.

Defendant anticipates filing a motion to dismiss based on jurisdictional grounds. Defendant also anticipates filing a motion (or motions) for release of funds.  Defendant also anticipates filing a motion for summary judgment on all claims.


5.  Amendment of Pleadings
*The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.*

Plaintiff will seek to amend the complaint to add Defendants as they are identified through discovery.  Plaintiff may also seek to amend to add claims.  Plaintiff requests that it be permitted to engage in significant discovery prior to the cut off for amending pleadings.  Defendant contests jurisdiction and, as such, opposes discovery at this time.


6. Evidence Preservation
*Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.*

Plaintiff has not regular document destruction policy.  Employees have been instructed to preserve any documents that could possibly relate to the claims in this matter.

FF Magnat's assets have been frozen both by order of this Court and by virtue of a case pending in the Federal District Court for the District of Nevada.  As a result of those asset freezes, FF Magnat was unable to pay its vendors for server space and, as a result, FF Magnat believes that all of the data previously stored on such servers has been destroyed.  At a minimum, FF Magnat has no access to such data, if it still exists.  Other than this data, however, FF Magnat has been advised to preserve all documents that relate to the claims in this matter.

*Form updated January 2012*

7.  <u>Disclosures</u>

*Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.*

       FF Magnat argues that no discovery should take place until it is able to bring a motion to dismiss based on lack of personal jurisdiction.  Plaintiff objects to this approach and believes that discovery should begin immediately.  At a minimum Plaintiff asserts that it should be permitted discovery relating to the identity and location of the additional defendants and discovery on jurisdictional issues.  Until the Court resolves this issue, parties have postponed exchange of initial disclosures.

8.  <u>Discovery</u>

*Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).*

       Plaintiff engaged in a limited amount of early discovery in an attempt to identify Defendant Doe aka Roman Romanov, but has thus far been unsuccessful.

       Parties agree that the normal limitations on discovery shall be in effect (except to the extent that the Defendant FF Magant contends that no discovery is appropriate given the Court's lack of jurisdiction.)

       Plaintiff believes that if FF Magnat allowed documents to be destroyed, DataTech may be required to additional interrogatories and deposition time and would like to reserve the right to request such additional discovery.

9.  <u>Class Actions</u>

*If a class action, a proposal for how and when the class will be certified.*

       This is not a class action.

10.  <u>Related Cases</u>

*Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.*

       There are no related actions.

*Form updated January 2012*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

11. <u>Relief</u>

*All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.*

Due to the nature of the infringement in this action it is impossible to calculate damages at this time.  However, Plaintiff will request all of Plaintiff's damages and any unaccounted for illicit profits as provided for under 17 U.S.C. §504 (b).

Alternatively, Plaintiffs will request statutory damages for wilful infringement in the amount of $150,000 for each of its works that Defendants infringed or for which they induced or contributed to the direct infringement thereof as provided for under 17 U.S.C. §504 (c).

Defendants contend that the Plaintiff is obligated to prove actual damages and/or lost profits and that they will be unable to do so.  Defendant FF Magnat contends that under statutory damages, Plaintiff would be required to prove a number of factors including wilfulness and the number of times the allegedly infringing materials were downloaded within the United States.  Defendants contend that Plaintiff will be unable to do so.  Plaintiff contends that it is not required to prove wilfulness or the number of downloads in order to obtain statutory damages.

12. <u>Settlement and ADR</u>

*Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.*

Parties have agreed to an Early Neutral Evaluation.

13. <u>Consent to Magistrate Judge For All Purposes</u>

*Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.*   ____ YES   **X**  NO

14. <u>Other References</u>

*Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.*

*Form updated January 2012*

No.

15.  Narrowing of Issues

*Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.*

Some questions of liability and defenses may be disposed of by summary judgment.  Defendants believe that the entire case may be disposed of on a motion to dismiss.

16.  Expedited Trial Procedure

*Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A.  If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64, Attachments B and D.*

Plaintiff has suggested that because FF Magnat is the subject of a Preliminay Injunction it may be beneficial to move forward on an expedited schedule.  The Parties continue to discuss this issue.

17.  Scheduling

*Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.*

| | |
|---|---|
| Last Day to Amend Pleadings | May 31, 2013 |
| Fact Discovery Cut Off | July 12, 2013 |
| Designation of Experts | July 26, 2013 |
| Designation of Rebuttal Experts | August 9, 2013 |
| Expert Discovery Cut Off | August 30, 2013 |
| Deadline for Filing Dispositive Motions | September 27, 2013 |
| Pretrial Conference | October 2013 |
| Trial | November 2013 |

Parties note that if the Court accepts FF Magnat's position that there should be a discovery hold until the Court rules on its anticipated Motion to Dismiss for Lack of Personal Jurisdiction, all dates will have to be moved out.

*Form updated January 2012*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Also, because some records may require International travel and International judicial involvement, Plaintiff believes that discovery may take considerably longer than it would if records and witnesses were solely in the United States.  Plaintiff asserts that it is nearly impossible to determine in advance how much longer discovery may take as it may be determined by the speed at which foreign governments are willing and able to act. The above dates do not account for this.  Thus, Plaintiff would like to reserve the right to request additional discovery time, noting in advance that such requests may be for substantially more discovery time.

18.  Trial
*Whether the case will be tried to a jury or to the court and the expected length of the trial.*

Plaintiffs have requested a jury trial.  Trial is expected to require seven to ten days.

19.  Disclosure of Non-party Interested Entities or Persons
*Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.*

The parties have submitted their Certification of Interested Parties.  Plaintiff at ECF No. X and Defendant FF Magnate at ECF No.  In addition the Parties restate the contents of their certifications here:

**Plaintiff DataTech Enterprises, LLC**

The undersigned, counsel of record for Plaintiff DataTech Enterprises, LLC, certifies that the following listed parties may have a pecuniary interest in the outcome of this case.  These representations are made to enable the Court to evaluate possible disqualification or recusal.

*Form updated January 2012*

DataTech Enterprises, LLC – party Plaintiff

DataTech Global, LLC – parent Company of party Plaintiff

Chris Ward Enterprises, LLC - copyright holder and assignor

**Defendant FF Magnat Limited**

Pursuant to Civil L.R. 3-16, the undersigned counsel for FF Magnat Limited certifies that as of this date, FF Magnat is unaware of any persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities who (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially effected by the outcome of this proceeding.

20.  Other
*Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.*

Dated: *11/30/2012*                         */s/ D. Gill Sperlein*
_____
                                          D. Gill Sperlein
                                          The Law Office of D. Gill SPerlein
                                          Counsel for Plaintiff DataTech Enterprises, LLC

Dated:  *11/30/2012*                        */s/ Evan Fray-Witzer*
_____
                                          Evan Fray-Witzer
                                          Ciampa Fray-Witzer, LLP
                                          Counsel for Defendant FF Magant

I have e-mail consent of Evan Frey-Witzer to attach his electronic signature and file this
document.                                 /s/ D. Gill Sperlein

*Form updated January 2012*

1

2                               <u>CASE MANAGEMENT ORDER</u>

3       The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved

4       as the Case Management Order for this case and all parties shall comply with its provisions. [In

5       addition, the Court makes the further orders stated below:]

6

7

8       IT IS SO ORDERED.

9       Dated: _____

10                                        CHARLES R. BREYER

11                                      UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Form updated January 2012*