**KENNETH E. KELLER** (71450) kkeller@kksrr.com
**STAN F. ROMAN** (87652) sroman@kksrr.com
**MICHAEL D. LISI** (196974) mlisi@kksrr.com
**KRIEG, KELLER, SLOAN, ROMAN & HOLLAND LLP**
555 Montgomery Street, 17th Floor
San Francisco, CA 94111
Tel: (415) 249-8330
Fax: (415) 249-8333

**EVAN FRAY-WITZER** evan@CFWLegal.com
**CIAMPA FRAY-WITZER, LLP**
20 Park Plaza, Suite 505
Boston, MA 02116
Tel: (617) 426-0000
Fax: (617) 507-8043
*Admitted Pro Hac Vice*

**VALENTIN GURVITS** vgurvits@bostonlawgroup.com
**BOSTON LAW GROUP, PC**
825 Beacon Street, Suite 20
Newton Centre, MA 02459
Tel: (617) 928-1804
Fax: (617) 928-1802
*Admitted Pro Hac Vice*

Attorneys for Defendant FF MAGNAT LIMITED

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DATATECH ENTERPRISES, LLC, a Nevada Limited Liability Company,<br><br>Plaintiff<br><br>vs.<br><br>FF MAGNAT LIMITED d/b/a ORON.COM; STANISLAV DAVIDOGLOV, and JOHN DOE a/k/a ROMAN ROMANOV (an alias).<br><br>Defendants. | Case No. C-12-4500 CRB<br><br>**FF MAGNAT LIMITED'S OPPOSITION TO DATATECH'S MOTION TO EXTEND ORDER OF PRELIMINARY INJUNCTION TO COVER ADDITIONAL FUNDS** |

## I. INTRODUCTION

Having already frozen significantly more funds than it was entitled to, DataTech Enterprises, LLC ("Datatech") now attempts to freeze even more funds which FF Magnat Limited ("Oron") does not even have in its control. Oron continues to argue that DataTech was not entitled to an injunction freezing *any* of Oron's funds. *See DataTech Enterprises, LLC v. FF Magnat Limited*, USCA No. 12-17299 (9th Cir.).[1] Although these issues will be more fully briefed in Oron's Rened Motion for Relief from Preliminary Injunction, which Oron intends to file in the coming week, DataTech is not entitled to an equitable injunction for legal damages arising from Section 504(b) of the Copyright Act, and even if it were, its damages under Section 504(b) are far less than the amounts frozen by this Court's current preliminary injunction – therefore, an extension of the preliminary injunction would be improper. Moreover, DataTech cannot rely on the purely legal statutory damages of Section 504(c) to establish its damages for the purposes of a preliminary injunction freeze of funds.

[1] As Oron has argued, damages and profits under Section 504(b) of the Copyright Act are legal damages, not equitable ones, making them an inappropriate basis on which to issue an asset-freeze injunction of the nature issued by this Court. *See Grupo Mexicano de Desarrollo, S.A., v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 330-33 (1999). This issue is currently on interlocutory appeal with the Ninth Circuit Court of Appeals and Oron has briefed it extensively in its Opening and Reply Briefs. *See DataTech Enterprises, LLC v. FF Magnat Limited*, USCA No. 12-17299, Doc. 5 p. 20-30 and Doc. 19 p. 4-7 (9th Cir.). "[P]rofits due to lost sales generally constitutes the type of harm that is fully compensable through money damages and therefore does not support injunctive relief." *Amylin Pharms., Inv. v. Eli Lilly & Co.*, 456 Fed. Appx. 676, 678 (9th Cir. 2011) (citations omitted). *See also Dateline Exports, Inc. v. Basic Constr., Inc.*, 306 F.3d 912, 914 (9th Cir. 2002) ("In *Grupo Mexicano*, the Supreme Court held that a district court does not have the authority to issue a preliminary injunction preventing a party from disposing of assets pending adjudication of a claim for money damages."). The Supreme Court has specifically held that damages available under Section 504(b) were legal and *not* equitable. *See Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340 (1998) ("[T]he Copyright Act does not use the term 'court' in the subsection addressing awards of actual damages and profits, see § 504(b), which generally are thought to constitute legal relief." (multiple citations omitted)). *See also Joes Hand Promotions v. Lukito*, 2010 U.S. Dist. LEXIS 76276 (N.D. Cal. 2010) (citing the *Feltner* decision as one which explains "that the monetary relief is legal . . . and an award of statutory damages may serve purposes traditionally associated with legal relief, such as compensation and punishment.").

## II. ARGUMENT

### A. DataTech Is Not Entitled to Any Additional Damages For Lost Profits Because It Cannot Show Any Causal Link Between the Alleged Infringements and Oron's Profits and, in Any Event, the Alleged Infringements Are *De Minimis*.

Even assuming that Datatech is entitled to any form of injunctive relief (i.e. that it has suffered damages which are equitable in nature), it is strictly limited to injunctive relief which are directly tied to those equitable damages.

As the party seeking a "drastic and extraordinary remedy" it remains DataTech's burden to "demonstrate, among other things, a likelihood of success on the merits." *Munaf v. Green*, 553 U.S. 674, 689-90 (2008). At the preliminary injunction stage, it therefore remains DataTech's burden to prove a likelihood of success that it is entitled to an additional asset freeze for profits attributable to the alleged infringement "that were already not taken into account in computing the actual damages." 17 U.S.C. § 512(b).

However, DataTech has not put forth a single fact from which this Court can conclude that Oron has received *any* profits attributable to the alleged infringement of DataTech's copyrights. DataTech has, at best, put forth an argument based on conjecture that (a) Oron earned large profits from its operations in general, (b) some of Oron's users allegedly uploaded unauthorized copies of DataTech's adult films on Oron.com, and (c) Oron users paid for a subscription on Oron.com so as to have the ability to download DataTech's films at a higher speed, resulting in profits to Oron. *See, e.g.,* DataTech's Reply to Response to Order to Show Cause, Doc. 29, p. 12. Such surmise and remote speculation cannot be the basis on which an asset freeze is based.

The correct starting point is not Oron's profits in general, but rather those profits attributable to the alleged infringement of DataTech's copyrights. *Polar Bear Productions, Inc.*

*v. Timex Corp.*, 384 F.3d 700, 710-12 (9th Cir. 2004) ("When an infringer's profits are only remotely and speculatively attributable to infringement, courts will deny recovery to the copyright owner. . . . The causation element of the statute serves as a logical parameter to the range of gross profits a copyright plaintiff may seek. This rule of reason 'obviates a good deal of mischief' in claiming profits beyond what might be attributable to the infringement")(numerous citations omitted)). *See also Mackie v. Rieser*, 296 F.3d 909, 915 (9th Cir. 2002), *quoting Taylor v. Meirick*, 712 F.2d 112, 1122 (7th Cir. 1983) ("[I]f General Motors were to steal your copyright and put it in a sales brochure, you could not just put a copy of General Motors' corporate income tax return in the record and rest your case for an award of infringer's profits.").

More importantly, the infringements at issue were *de minimis* in nature in comparison to the number of files hosted on Oron's servers. DataTech has alleged infringement of 436 files. During its operation, Oron's servers hosted "hundreds of millions" of files. Declaration of Davidoglov Stanislav, Doc. 21-1, ¶ 7. If Oron hosted only one hundred million files, these files would represent less than .0005 percent (one half of one thousandth of a percent) of the total files stored on Oron's servers. It is hard to imagine a better definition of *de minimis*. And, of course, DataTech could only hope to prove an equally *de minimis* portion of profits attributable to the alleged infringement.

Additionally, even this miniscule figure is inflated as it represents a percentage of DataTech files allegedly stored on Oron's servers and not how many times (if any) they led to a user purchasing a premium subscription from Oron (which is the only time Oron would have profited from DataTech's materials). As such, *any* allegedly profits would be both *de minimus* and based on nothing other than impermissible speculation. *Mackie v. Rieser*, 296 F.3d 909, 915 (9th Cir. 2002) (collecting cases and citations for the proposition that a plaintiff is required

to demonstrate a nexus between infringement and alleged indirect profits realized by the defendant).

Finally, it bears repeating that any profits that are attributable to the infringements that DataTech may rely on must be in addition to the actual damages suffered by DataTech and profits "not taken into account in computing the actual damages." 17 U.S.C. § 504(b). However, as discussed below, it is unlikely that there are any profits that are not taken into account in computing the actual damages as calculated above.

As alleged in DataTech's complaint, a premium membership on Oron was €9.95 (approximately $13) a month. Even if Oron sold one month long subscription for each of the 18,973 alleged instances of infringement (a preposterous assumption, as DataTech would have to admit itself), Oron's profits (if it had no expenses) would have been $246,649 from the infringements – far below the theoretical maximum "actual damages" of $620,227.37 as computed below. Therefore, there could not possibly be any "attributable profits beyond the actual damages." If DataTech alleges that Oron was selling "a bargain for obtaining access to a nearly unlimited amount of stolen and popular content," it cannot simultaneously claim that Oron was profiting off its videos more than DataTech would have made even in the best of circumstances where it is selling the same volume of product at a far higher price.

**B. DataTech's Actual Damages, Calculated In the Light Most Favorable to DataTech, total $620,227.37**

Even if DataTech were entitled to an equitable injunction for its monetary legal damages (which it clearly is not), it is already significantly over-secured. DataTech alleges that Oron has infringed DataTech's copyrights in 436 videos. *See* Blundell Declaration, Docket No. 11, ¶ 5. As calculated herein, DataTech's actual damages are, even in the accounting most favorable to it, only $620,227.37. However, as shown below, DataTech's likely damages are really far less.

DataTech has alleged a grand total of 18,973 instances of infringement of the 436 titles that it has listed. *See* Exhibit A to Declaration of Lance Blundell, Docket No. 11-1. A substantial portion, if not all, of DataTech's catalogue of titles is available to the public for streaming on the Adult Entertainment Broadcast Network's website aebn.net ("AEBN"). *See* Declaration of Matthew Shayefar, enclosed as Exhibit 1 herein, ¶¶ 3-7. The public may purchase the right to stream these videos from the internet for life for only $10.95 each. *Id.* at ¶ 9. Although it is unlikely that DataTech would receive the entirety of the $10.95 that AEBN charges its users (AEBN presumably takes a portion of the payment for itself), and given that it is unlikely that each act of infringement that DataTech has alleged would have otherwise resulted in the purchase of a right to stream for life, $10.95 multiplied by 18,973 infringements only totals $226,727.35.

AEBN also allows its users to download many of DataTech's videos to own for anywhere from $24.95 to $49.95 each. *Id.* at ¶ 10. On average, downloading to own one of DataTech's videos costs only $32.69. *Id.* Again, although it is unlikely that DataTech would receive the entirety of this amount that AEBN charges, and given that it is unlikely that each act of infringement that DataTech has alleged would have otherwise resulted in the purchase of a video, DataTech would have suffered only $620,227.37 in damages for all 18,973 infringements at an average of $32.69 per infringement.

**C. The Funds Already Frozen Pursuant to the Preliminary Injunction Currently Exceed DataTech's Maximum Potential Damages Recoverable Pursuant to Section 504(b) and the Freezing of Any Additional Funds Would Be Improper.**

Pursuant to the current preliminary injunction, Oron has well over the necessary amount frozen that would be necessary to satisfy the theoretical maximum potential damages of $620,227.37 pursuant to Section 504(b) of the Copyright Act. In only its HSBC and PayPal

accounts, Oron has approximately $1,631,095.49. *See* Declaration of Davidoglov Stanislav, enclosed as Exhibit 2 herein, ¶¶ 2-3.

This Court has already indicated that it "will not reduce the scope of the freeze until Magnat makes some showing regarding what, if any, portion of the frozen assets could not ultimately be subject to the equitable relief sought by Datatech." Memorandum and Order, Doc. 34, p. 8. Oron has shown that its frozen assets already exceed the relief sought by DataTech (which it argues is equitable and therefore the basis of the injunction). By that very same logic, the Court should not increase the scope of the freeze as it could not possibly be subject to the equitable relief sought by DataTech.

## III. CONCLUSION

DataTech is not entitled to an injunction freezing any of Oron's funds. Even assuming *arguendo* that it is, DataTech has already frozen more of Oron's funds that it is entitled to have frozen. Consequently, DataTech has no equitable interest to extend the preliminary injunction to include the assets currently held by Mark J. Randazza. Based on the foregoing, FF Magnat Limited respectfully requests that the Court deny DataTech Enterprises, LLC's Motion to Extend Order of Preliminary Injunction to Cover Additional Funds.

Dated: January 2, 2012

Respectfully submitted,

**CIAMPA FRAY-WITZER, LLP**

By: /s/ Evan Fray-Witzer
Evan Fray-Witzer
Attorneys for Defendant
FF MAGNAT LIMITED

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the attached FF Magnat Limited's Opposition to DataTech's Motion to Extend Order of Preliminary Injunction to Cover Additional Funds was served via electronic service, via CM/ECF, on this 2nd day of January, 2013 to all the attorney's of record.

Dated: January 2, 2012                    **CIAMPA FRAY-WITZER, LLP**


                                          By: /s/ Evan Fray-Witzer
                                              Evan Fray-Witzer
                                              Attorneys for Defendant
                                              FF MAGNAT LIMITED