1 | **KENNETH E. KELLER** (71450) kkeller@kksrr.com
**STAN F. ROMAN** (87652) sroman@kksrr.com
2 | **MICHAEL D. LISI** (196974) mlisi@kksrr.com
**KRIEG, KELLER, SLOAN, ROMAN & HOLLAND LLP**
3 | 555 Montgomery Street, 17th Floor
San Francisco, CA 94111
4 | Tel: (415) 249-8330
Fax: (415) 249-8333

**EVAN FRAY-WITZER** evan@CFWLegal.com
**CIAMPA FRAY-WITZER, LLP**
20 Park Plaza, Suite 505
Boston, MA 02116
Tel: (617) 426-0000
Fax: (617) 507-8043
*Admitted Pro Hac Vice*

**VALENTIN GURVITS** vgurvits@bostonlawgroup.com
**BOSTON LAW GROUP, PC**
825 Beacon Street, Suite 20
Newton Centre, MA 02459
Tel: (617) 928-1804
Fax: (617) 928-1802
*Admitted Pro Hac Vice*

Attorneys for Defendant FF MAGNAT LIMITED

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DATATECH ENTERPRISES, LLC, a Nevada Limited Liability Company, | Case No. C-12-4500 CRB |
| Plaintiff | **DECLARATION OF VALENTIN GURVITS REGARDING MISREPRESENTATIONS OF ATTORNEY SPERLEIN IN SUPPORT OF DEFENDANT FF MAGNAT LIMITED'S MOTION FOR RELIEF FROM PRELIMINARY INJUNCTION** |
| vs. | |
| FF MAGNAT LIMITED d/b/a ORON.COM; STANISLAV DAVIDOGLOV, and JOHN DOE a/k/a ROMAN ROMANOV (an alias). | |
| Defendants. | |

I, Valentin Gurvits, declare and state as follows:

1. I am a member in good standing of the Bar of the Commonwealth of Massachusetts and counsel to Defendant FF Magnat Limited ("Oron"). I have been admitted by this Court *pro hac vice* with respect to the above entitled action. I make this declaration in support of FF Magnat Limited's Motion For Relief From Preliminary Injunction.

2. I am aware that DataTech's attorney, Mr. D. Gill Sperlein ("Mr. Sperlein"), alleged on behalf of DataTech in several prior filings that I "threatened that [Oron] would seek to dissipate [its assets] by expending [them] on lawyers fees rather than making the funds available […] to satisfy a judgment" (Doc 41, Page 6) and that Oron "intends to deplete the limited funds available to satisfy the inevitable judgment by spending those funds on attorneys" (Doc 55, page 7 and page 3).

3. **I want to be very clear on this point: I unequivocally deny stating anything of the sort to Mr. Sprelein.** Mr. Sperlein is intentionally misleading the Court in an attempt to improperly deny Oron legal fees for its legitimate defense and to prejudice the Court against Oron. Mr. Sperlein's claims to the contrary are unworthy of an officer of the Court and Oron intends to serve Mr. Sperlein with a Rule 11 letter demanding that he retract these statements.

4. At no time did I state that Oron would dissipate funds so as to prevent DataTech from recovering a judgment.

5. On or about September 11, 2012, I attended a hearing in the U.S. District Court in San Francisco on the preliminary injunction ordered in the above captioned action. I was seated in the courtroom during oral argument on the motion.

6. Following the hearing, I understand that Mr. Sperlein suggested to Oron's local counsel, Mr. Kenneth Keller, that Oron should think about settlement.

7. I observed Mr. Keller point at me and tell Mr. Sperlein that all settlement negotiations with Oron should go through me.

8. Mr. Sperlein and I then stepped outside of the courtroom and spoke about settlement in the corridor.

9. Mr. Sperlein suggested to me that the present action could be settled for less than the cost of litigation.

10. I responded to Mr. Sperlein that Oron believed the present action was frivolous and based on false allegations, and that Oron was not subject to jurisdiction in the US and had DMCA defenses as well.

11. I pointed out that Oron already settled one frivolous lawsuit in Nevada, which resulted in the immediate filing of the present action, which Oron also believes to be without merit.

12. I stated that we were certain that, if Oron were to settle with DataTech, a new troll would pop up looking for money. I told Mr. Sperlein that Oron was concerned that settling frivolous claims was simply leading to additional frivolous litigation and that, rather than giving the money to DataTech in settlement, it made more sense for Oron to use its funds to defend itself and dissuade third parties from filing more frivolous lawsuits.

13. I am outraged that Mr. Sperlein would spin our conversation into an allegation that I threatened to dissipate Oron's funds "for an improper purpose" on legal fees so as to deny DataTech recovery of an "inevitable judgment."

I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

1   Executed this 9th day of January, 2013, in Newton Centre, MA.

2                                          /s/ Valentin Gurvits
                                           Valentin Gurvits

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23