**KENNETH E. KELLER** (71450) kkeller@kksrr.com
**STAN F. ROMAN** (87652) sroman@kksrr.com
**MICHAEL D. LISI** (196974) mlisi@kksrr.com
**KRIEG, KELLER, SLOAN, ROMAN & HOLLAND LLP**
555 Montgomery Street, 17th Floor
San Francisco, CA 94111
Tel:    (415) 249-8330
Fax:    (415) 249-8333


**EVAN FRAY-WITZER** Evan@CFWLegal.com
**CIAMPA FRAY-WITZER, LLP**
20 Park Plaza, Suite 505
Boston, MA 02116
Tel:    (617) 426-0000
Fax:    (617) 507-8043
*Admitted Pro Hac Vice*


**VALENTIN GURVITS** vgurvits@bostonlawgroup.com
**BOSTON LAW GROUP, PC**
825 Beacon Street, Suite 20
Newton Centre, MA 02459
Tel:    (617) 928-1804
Fax:    (617) 928-1802
*Admitted Pro Hac Vice*

Attorneys for Defendant FF MAGNAT LIMITED

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DATATECH ENTERPRISES, LLC, a Nevada Limited Liability Company,<br><br>Plaintiff<br><br>vs.<br><br>FF MAGNAT LIMITED d/b/a ORON.COM; STANISLAV DAVIDOGLOV, and JOHN DOE a/k/a ROMAN ROMANOV (an alias).<br><br>Defendants. | Case No. C-12-4500 CRB<br><br>**DEFENDANT FF MAGNAT'S OPPOSITION TO DATATECH'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Hearing:       March 8, 2013, 10am<br>Judge:         Hon. Charles R. Breyer<br>Courtroom:   Courtroom 6 – 17th Floor |

*"You don't need a weatherman to know which way the wind blows."*
- Bob Dylan

## INTRODUCTION

The simplest response to DataTech Enterprises, LLC's ("DataTech") Motion for Partial Summary Judgment is this: DataTech is wrong.  It is factually wrong, it is legally wrong, and, one has to suspect, its motivations in bringing the present motion are wrong.

While DataTech's factual and legal errors are discussed in greater detail below, it must be noted at the outset that a disturbing (though not surprising) pattern has emerged in DataTech's filings and litigation tactics, strongly suggesting that DataTech true goal is to force Defendant FF Magnat Ltd. ("Oron" or "FF Magnat") to spend money on frivolous motions, unnecessary appearances, and wildly overbroad discovery requests in the hopes that the financial pressures will cause Oron to cave into what might be properly termed "litigation extortion."[1]

DataTech, through its counsel, has already flatly told Oron that settlement could be had for less than the costs of defense.  *See* Gurvits Declaration, ¶ 9, Docket No. 70-5.  It appears to be attempting now to drive this point home by improperly increasing defense costs to create a self-fulfilling prophecy.  That strategy appears to be reflected as well in the present motion brought by DataTech – a motion for partial summary judgment which DataTech filed before this Court has even had the opportunity to rule on the question of personal jurisdiction over the

---

[1] For example, in addition to the present motion, DataTech has also recently sought to *increase* its freeze on Oron's assets, despite the fact that it is already over-secured.  And, despite this Court's order allowing only limited jurisdictional discovery designed to reveal the extent of Oron's connections with the United States (or lack thereof), DataTech served on Oron wildly overbroad discovery requests not limited to the jurisdictional discovery permitted by this Court.  Indeed, with respect to its discovery requests, DataTech has shown its true hand: faced with Oron's objections to its overbroad discovery requests, DataTech wrote to Oron's counsel to say that it intended to procure the documents it wanted by way of direct subpoena to PayPal.  Tellingly, the subpoenas sent to PayPal by DataTech limits the request to payments made in the United States, whereas DataTech's discovery requests to Oron on the same topic did not.  Clearly, DataTech knows how to properly phrase its discovery requests when it wants to do so, but it instead chose to serve Oron with requests that violated this Court's discovery order so as to increase Oron's defense costs.

1    defendants.  Indeed, given the overwhelming factual and legal weaknesses of the present motion,

2    it seems hard to conclude anything but that the motion was filed for no reason other than to

3    increase the pressure to settle on the eve of the hearings before this Court and the conference

4    with the Early Neutral Evaluator.  It is not the type of behavior that this Court should encourage.

5                                    **<u>Relevant Facts</u>**

6           DataTech's motion is, in reality, premised on a single "fact," namely its (incorrect)

7    assertion that "Oron did not provide to the Copyright Office the name, address, phone number,

8    and electronic mail address of an agent designated to receive notifications of claimed

9    infringement until June 15, 2011."  DataTech Motion, p. 3.  In support of this assertion,

10   DataTech cites the Declaration of Stanislav Davidoglov ("First Declaration") and Exhibit D to

11   that Declaration.[2]  Docket Nos. 21-1 and 21-5.  Based on this "fact," DataTech asserts that Oron

12   is not entitled to a safe harbor defense under the Digital Millennium Act ("DMCA") for any

13   alleged copyright infringements which took place prior to June 15, 2011.

14          Datatech's assertion however is wrong and demonstrably so.  FF Magnat was

15   incorporated on November 26, 2010.  *See* Declaration of Stanislav Davidoglov, ¶ 11, attached

16   hereto ("Second Davidoglov Declaration").  FF Magnat first registered a DMCA agent with the

17   Copyright Office on **February 14, 2011**.[3]  *See* Exhibit 2 to Second Davidoglov Declaration.

18   This was actually done three days **before** FF Magnat took ownership of the Oron.com website on

19   February 17, 2011 and was done specifically to ensure that FF Magnat was in full compliance

20

21

22   [2] Notably, DataTech made the same incorrect allegation in its Complaint, bringing into question the extent to which
     DataTech bothered to make a reasonable inquiry into the facts which it alleged in the Complaint prior to its filing.
     Complaint, ¶ 35.

23   [3] The form was actually mailed to the Copyright Office a few days earlier, but was received by the Copyright Office
     on February 14, 2011.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. C-12-4500 CRB

1    with the DMCA's safe harbor requirements from the moment that it acquired and started

2    operating the Oron.com website.  Second Davidoglov Declaration, ¶¶ 9-10.

3            Mr. Davidoglov's first declaration never stated to the contrary.  In the context of a

4    discussion about changes that had been made to Oron.com's terms of service, Mr. Davidoglov

5    noted that, on June 15, 2011, FF Magnat filed an ***amended*** designation of its DMCA agent and

6    that such information was added to Oron.com's terms of service.  Second Davidoglov

7    Declaration, ¶¶ 2-6.  A copy of the document, entitled "Amended Interim Designation of Agent

8    to Receive Notification of Claimed Infringement" was attached to Mr. Davidoglov's First

9    Declaration.  In short, Mr. Davidoglov's First Declaration did not claim that the June 15, 2011

10   amendment was the first designation of agent filed by FF Magnat, nor was it.[4]  *Id.*

11           Had DataTech bothered to check why Oron's June 15, 2011 DMCA form was designated

12   as "amended" and simply contacted the U.S. Copyright Office, it would have been able to

13   quickly determine that it was flat-out wrong about the single assertion underlying its entire

14   motion.  *See,* Declaration of Matthew Shayefar, ¶¶ 2-5, attached hereto.  Indeed, DataTech's

15   entire basis in the present litigation is obviously based on its incorrect factual understanding of

16   FF Magnat's DMCA defenses.[5]

17                                            **<u>Argument</u>**

18           Even if DataTech had been right on the facts, it would still have been wrong on the law.

19   Although it is something of a moot point (given that DataTech was wrong about the singular

---

[4] It should go without saying, of course, that, even if Mr. Davidoglov *had* mistaken the date on which FF Magnat first registered its DMCA agent (which he clearly did not), such a mistake would not override reality.  The first declaration of agent is conclusive proof of when FF Magnat first registered its DMCA agent with the Copyright Office.

[5] This Court's finding of a likelihood of success on the merits when ruling on the preliminary injunction was expressly based on DataTech's incorrect allegation that FF Magnat was not entitled to the DMCA safe harbor at least for the limited time that it allegedly had operated the Oron.com website before registering a DMCA agent. Memorandum and Order, Docket No. 34, p. 5-6.  In reality, the DMCA agent was registered shortly after FF Magnat was incorporated and ***before FF Magnat took ownership of, or operated the Oron.com website.***

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. C-12-4500 CRB

1    crucial fact underlying its motion), DataTech's legal arguments – that a service provider forfeits

2    the protections of the DMCA's safe harbor if it fails to register an agent with the Copyright

3    Office or if its website fails to list all of the identifying details as to the DMCA agent – are

4    contrary to the legislative history of the DMCA, the cases decided under the DMCA, and the

5    undisputed facts in this case.

6           As a starting point, DataTech's hyper-technical line of argument on this issue ignores the

7    legislative intent of the statute.  The stated policy behind the designated agent requirement is

8    "that the parties will comply with the functional requirements of the notification provisions—

9    such as providing sufficient information so that a designated agent or the complaining party

10   submitting a notification may be contacted efficiently…."  Sen. Rep. No. 105-190, 105th Cong.,

11   2d Sess. (May 11, 1998).  See also 37 CFR Part 201, Designation of Agent To Receive

12   Notification of Claimed Infringement, p. 59957 ("It is expected that the parties will comply with

13   the functional requirements of the notification provisions--such as providing sufficient

14   information so that a designated agent or the complaining party submitting a notification may be

15   contacted efficiently--in order to ensure that the notification and take down procedures set for in

16   this subsection operate smoothly.");  *Staff of House Committee on the Judiciary, 105th Cong.,*

17   *Section-By-Section Analysis of H.R. 2281* as Passed by the United States House of

18   Representatives on August 4, 1998, (Rep. Coble) (Comm. Print 1998), at 31-32; *accord, Report*

19   *of the House Committee on Commerce on the Digital Millennium Copyright Act of 1998,* H.R.

20   Rep. No. 105-551, pt. 2, at 56 (1998).

21          Technical deficiencies in compliance "are insubstantial" where they are of the sort that

22   "would not prevent a copyright owner from efficiently communicating with the designated agent

23   and vice versa."  *Perfect 10, Inc. v. Amazon.com, Inc.,* 2009 U.S. Dist. LEXIS 42341, 21-22

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. C-12-4500 CRB

1  (C.D. Cal. 2009).  Where the necessary information is readily available and where – as here – it

2  did not impede the Plaintiff from alerting the Defendant to the existence of potentially infringing

3  materials, the omission is "precisely the sort of technical departures from the listed requirements

4  that Congress believed were inconsequential."  Id.

5          Indeed, it is important to consider DataTech's argument in light of a unique, and

6  undisputed, fact in this case: at DataTech's request, Oron provided DataTech's agent, Porn

7  Guardian, with the ability to directly remove allegedly infringing files from the Oron website.

8  Given this extraordinary step, DataTech cannot possibly be heard to argue that it was somehow

9  prejudiced by a technical deficiency (had there been a technical deficiency) in Oron's

10  registration of an agent or provision of information on its website.[6]

11          In *Viacom, International, Inc. v. YouTube, Inc.,* 07-cv-02103-LLS (S.D.N.Y.), the

12  Plaintiff presented an identical argument to the one made by DataTech:

13          On top of these requirements, Defendants also essentially concede that for the period
           before October 21, 2005, they did not meet the DMCA's requirement that they register
14          their designated agent to receive takedown notices with the Copyright Office.  Section

---

15  [6] It is also undisputed that, from its inception, the Oron.com website provided visitors with an accurate email address
   for the reporting of alleged copyright violations.  Because the website provided an accurate email address for the
16  reporting of violations, Oron is not precluded from asserting a safe harbor defense. *See, e.g., Hendrickson v. Ebay,
   Inc.,* 165 F. Supp. 2d 1082, 1092 (C.D. Cal. 2001) ("Plaintiff argued, for the first time, that eBay should not be able
   to avail itself of the protections of the DMCA because its website failed to identify a "designated agent" until
17  recently.  Based on the comments made during oral argument, the Court surmises that Plaintiff's contention is
   premised on the belief that eBay cannot simply designate 'VeRO Department' for the submission of notices of
18  infringement; rather, eBay must identify on its website the name of an individual 'agent.'  Because Plaintiff failed to
   raise this argument in his papers and failed to submit evidence in support of this argument, the Court declines to
19  consider it.  Nevertheless, the Court notes that the record shows that at all relevant times, eBay advised Plaintiff that
   the notices of infringement should be submitted to the attention of eBay's 'VeRO Program.'  In its emails to
20  Plaintiff, eBay provided a hypertext link to the notice of infringement form on eBay's website.  That form identifies
   the address and fax number for the VeRO Program.  Nothing in the DMCA mandates that service providers must
   designate the name of a person as opposed to a specialized department to receive notifications of claimed
21  infringement. See 17 U.S.C. § 512(c)(2).").

22

23

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. C-12-4500 CRB

512(c)(2) provides: "The limitations on liability established in this subsection apply to a service provider only if the service provider has designated an agent to receive notifications of claimed infringement described in paragraph (3), . . . by providing to the Copyright Office, substantially the following information: (A) the name, address, phone number, and electronic mail address of the agent."  17 U.S.C. § 512(c)(2) (emphasis added).  Defendants provide no evidence that they complied with this requirement before October 21, 2005.  *See* Hurley Decl. ¶ 21 & Ex. 26.  Moreover, § 512(c)(2) unambiguously provides that the safe harbor applies to a service provider "only if" it registers its designated agent with the Copyright Office.  Therefore, Defendants are not entitled to the DMCA defense for the period before October 21, 2005.

*Id.,* Docket No. 284. p. 45, n. 24.

The *YouTube* court gave no credence to the argument and applied the safe harbor for the entire period.  *Viacom Int'l, Inc. v. YouTube, Inc.,* 718 F. Supp. 2d 514 (S.D.N.Y. 2010) ("Defendants are granted summary judgment that they qualify for the protection of 17 U.S.C. § 512(c), as expounded above, against all of plaintiffs' claims for direct and secondary copyright infringement."), *partially vacated on other grounds in Viacom Int'l, Inc. v. YouTube, Inc.*, 676 F.3d 19 (2nd Cir. 2012).[7]

In the present case, DataTech is simply wrong about the date on which FF Magnat first registered its agent with the Copyright Office.  This leaves DataTech with only its assertion that Oron failed to include at its website additional contact details about its agent – an allegation which, even if true – amounts to nothing more than a "technical deficiency" which did not prevent DataTech (or anyone else for that matter) from providing Oron with takedown notices.  Moreover, it is undisputed that, at DataTech's request, Oron worked directly with Datatech's agent, Porn Guardian, making a non-issue of the entire allegation, since DataTech (through its

---

[7] Particularly perplexing is DataTech's assertion that this is a question of "first impression" and that "in all cases known to Plaintiff in which an ISP received 17 U.S.C. §512 immunity, the ISP had delivered designated agent information to the Copyright Office."  DataTech is certainly aware of the *Youtube* case, cited above, because Oron cited the case in its reply brief in the interlocutory appeal currently pending before the Ninth Circuit.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. C-12-4500 CRB

1  agent) was working directly with Oron and not submitting takedown notices through Oron's

2  designated agent.[8]

3  <u>**Conclusion**</u>

4          For the reasons articulated hereinabove, DataTech's Motion for Partial Summary

5  Judgment should be denied.

6   Respectfully Submitted,

7  FF MAGNAT LIMITED,
   BY ITS ATTORNEYS,

8

   /s/  Evan Fray-Witzer
9  **EVAN FRAY-WITZER** Evan@CFWLegal.com
   **CIAMPA FRAY-WITZER, LLP**
10 20 Park Plaza, Suite 505
   Boston, MA 02116
11 Tel:   (617) 426-0000
   Fax:   (617) 507-8043

12

13  /s/ Valentin Gurvits
   **VALENTIN GURVITS** vgurvits@bostonlawgroup.com
14 **BOSTON LAW GROUP, PC**
   825 Beacon Street, Suite 20
15 Newton Centre, MA 02459
    Tel:   (617) 928-1804
16  Fax:   (617) 928-1802

17

   /s/ Kenneth E. Keller
18 **KENNETH E. KELLER** (71450) kkeller@kksrr.com
   **STAN F. ROMAN** (87652) sroman@kksrr.com
19 **MICHAEL D. LISI** (196974) mlisi@kksrr.com
   **KRIEG, KELLER, SLOAN, ROMAN & HOLLAND LLP**
20 555 Montgomery Street, 17th Floor
   San Francisco, CA 94111
21 Tel:   (415) 249-8330
   Fax:   (415) 249-8333

22
_____
23 [8] Even if all of this was not undisputed – and it is without question undisputed – it would, at most, raise a genuine issue of material fact, precluding an award of summary judgment.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. C-12-4500 CRB

**<u>CERTIFICATE OF SERVICE</u>**

I, Evan Fray-Witzer, hereby certify that on February 14, 2013, a copy of the above document was served on all counsel of record via the Court's ECF system

<u>/s/  Evan Fray-Witzer</u>
Evan Fray-Witzer

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. C-12-4500 CRB