1   **KENNETH E. KELLER** (71450) kkeller@kksrr.com
    **STAN F. ROMAN** (87652) sroman@kksrr.com
2   **MICHAEL D. LISI** (196974) mlisi@kksrr.com
    **KRIEG, KELLER, SLOAN, ROMAN & HOLLAND LLP**
3   555 Montgomery Street, 17th Floor
    San Francisco, CA 94111
4   Tel:   (415) 249-8330
    Fax:  (415) 249-8333
5

    **EVAN FRAY-WITZER** evan@CFWLegal.com
6   **CIAMPA FRAY-WITZER, LLP**
    20 Park Plaza, Suite 505
7   Boston, MA 02116
    Tel:   (617) 426-0000
8   Fax:  (617) 507-8043
    *Admitted Pro Hac Vice*
9

    **VALENTIN GURVITS** vgurvits@bostonlawgroup.com
10   **BOSTON LAW GROUP, PC**
    825 Beacon Street, Suite 20
11   Newton Centre, MA 02459
    Tel:   (617) 928-1804
12   Fax:  (617) 928-1802
    *Admitted Pro Hac Vice*
13

    Attorneys for Defendant FF MAGNAT LIMITED
14

15             **UNITED STATES DISTRICT COURT**

16           **NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DATATECH ENTERPRISES, LLC, a Nevada Limited Liability Company, | Case No. C-12-4500 CRB |
| Plaintiff | **DECLARATION OF STANISLAV DAVIDOGLOV IN SUPPORT OF FF MAGNAT LIMITED'S OPPOSITION TO DATATECH'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON FF MAGNAT'S ELIGIBILITY FOR DMCA IMMUNITY** |
| vs. | |
| FF MAGNAT LIMITED d/b/a ORON.COM; STANISLAV DAVIDOGLOV, and JOHN DOE a/k/a ROMAN ROMANOV (an alias). | |
| Defendants. | |

1    I, Stanislav Davidoglov, declare and state as follows:

2    1.    I am the sole shareholder of defendant FF Magnat Limited d/b/a Oron.com ("FF

3    Magnat") in the above referenced action.  If called as a witness, I could and would so completely

4    testify.

5    2.    In my declaration filed September 4, 2012 (Docket No. 21-1, ¶ 12) ("First

6    Declaration") I stated that on June 15, 2011 FF Magnat registered a specified agent with the

7    United States Copyright Office pursuant to the DMCA.  This is indeed true as the Exhibit to my

8    Declaration (Docket No. 21-5) indicated, however DataTech has taken this statement out of

9    context and it either misunderstands what I was saying or it has knowingly misrepresented what I

10   was saying in its motion.

11   3.    Although it is true that my First Declaration discussed the agent who was

12   appointed on June 15, 2011, my Declaration did *not* say that this was FF Magnat's *first* agent

13   registered with the United States Copyright Office, nor was it.

14   4.    On June 15, 2011, FF Magnat filed an "Amended Interim Designation of Agent

15   to Receive Notification of Claimed Infringement."  Indeed, the document attached to my First

16   Declaration clearly indicates in the very first word of its heading the fact that this is was an

17   *amended* declaration.  The fact that this filing was simply an amendment of a previous filing is

18   clear on the face of the document.  A true and accurate copy of this Amended Interim

19   Designation form is attached hereto as Exhibit 1.

20   5.    My mention of the June 15, 2011 amendment was in the context of discussing the

21   website's Terms of Service, and how FF Magnat had added new information to the website when

22   the amendment was filed.  Immediately before the discussion of the filing of the amendment, I

23   noted that, "...Oron's Terms of Service, also on the front page of the website, expressly told how

1 to report infringement and provided an additional link to report abuse." First Declaration, ¶11.

2 Then, immediately after mentioning the filing of the amendment, I noted that "The addition of

3 the agent's physical address..." and two other minor changes, "have been the only substantive

4 change to the Terms of Service since its inception." First Declaration, ¶12.

5      6.    In the context of the language immediately preceding and immediately following

6 the discussion of the amendment filed with the Copyright Office (and given that the document

7 itself was titled "Amended Interim Designation of Agent to Receive Notification of Claimed

8 Infringement," I thought it was evident that I was not talking about the first notice that FF

9 Magnat had filed, but rather the amended notice (and the change then made to the website's

10 Terms of Service). I did not intend to suggest (nor do I think I did suggest) that the Amended

11 Designation was somehow the first designation filed.

12      7.    FF Magnat *first* registered a DMCA Agent with the Copyright Office on February

13 14, 2011. A true and accurate copy of FF Magnat's first "Interim Designation of Agent to

14 Receive Notification of Claimed Infringement" received by the Copyright Office on February

15 14, 2011, is attached hereto as Exhibit 2.

16      8.    Had DataTech simply contacted the U.S. Copyright Office, it could easily have

17 determined the actual date on which FF Magnat first filed its Designation of Agent.

18      9.    The first DMCA designation was sent to the Copyright Office just prior to FF

19 Magnat taking ownership of Oron.com so as to ensure that FF Magnat complied with all the

20 requirements necessary to qualify for safe harbors under the DMCA from the very moment it

21 started owning and operating Oron.com.

22      10.    Therefore, FF Magnat has had a DMCA agent registered with the Copyright

23 Office from when it first took ownership of Oron.com on February 17, 2011.

1       11.    FF Magnat was incorporated on November 26, 2010 in Hong Kong under the

2   Companies Ordinance (Chapter 32 of the Laws of Hong Kong). I have attached hereto as

3   Exhibit 3 a true and accurate copy of the Memorandum and Articles of Association of FF

4   Magnat Limited.

5       12.    Although they are not necessarily relevant to the present motion, there is one

6   other issue that arises from my First Declaration, which I would like to clarify, lest there be any

7   confusion. In that Declaration, I stated that Oron.com was registered in 2001. While I believe

8   this to be true, I should point out that, *FF Magnat* did not itself register Oron.com in 2001. FF

9   Magnat became the registered owner and operator of Oron.com on February 17, 2011. FF

10   Magnat did not own or operate Oron.com before February 17, 2011.

11       13.    The WhoIs records for the domain name Oron.com show that FF Magnat became

12   the registrant of the domain on February 17, 2011. I have attached hereto four WhoIs History

13   records from DomainTools documenting this. The first is from February 11, 2011 and shows ER

14   Media Corp. as both the Registrant and Administrative Contact (attached hereto as Exhibit 4).

15   The second is from February 12, 2011 and shows FF Magnat as only the Administrative Contact

16   but ER Media Corp. as the Registrant (attached hereto as Exhibit 5). The third is from February

17   16, 2011 and shows the same as the second (attached hereto as Exhibit 6). The fourth is from

18   February 17, 2011 and shows FF Magnat as both the Registrant and the Administrative Contact

19   (attached hereto as Exhibit 7).

1     I hereby declare under penalty of perjury under the laws of the United States of America

2 that the foregoing is true and correct.

3     Executed this 14th day of February, 2013, in Chisinau, Moldova.

4

5

6                                 Stanislav Davidoglov

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

5
DECLARATION OF STANISLAV DAVIDOGLOV IN SUPPORT OF
OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. C-12-4500 CRB

Exhibit 1

# Amended Interim Designation of Agent to Receive Notification of Claimed Infringement

**Full Legal Name of Service Provider**: FF MAGNAT LIMITED

**Alternative Name(s) of Service Provider (including all names under which the service provider is doing business)**: www.oron.com, oron.com, ORON

Address of Service Provider: Unit 1502, 15/F, Jubilee Centre, 46 Gloucester Road, Wan Chai, H.K.

**Name of Agent Designated to Receive Notification of Claimed Infringement**: LIM YEW KIM PRISCILLA

**Full Address of Designated Agent to which Notification Should be Sent** (a P.O. Box or similar designation is not acceptable except where it is the only address that can be used in the geographic location):
Unit 1502, 15/F, Jubilee Centre, 46 Gloucester Road, Wan Chai, H.K.

**Telephone Number of Designated Agent**: +1 303-256-0360

**Facsimile Number of Designated Agent**: +1 303-256-0360

**Email Address of Designated Agent**: support@oron.com

Identify the Interim Designation to be Amended, by Service Provider Name and Filing Date, so that it may be Readily Located in the Directory Maintained by the Copyright Office:

Signature of Officer or Representative of the Designating Service Provider:
                                                      Date:        1 5 JUN 2011

Typed or Printed Name and Title: LIM YEW KIM PRISCILLA, Director

Note: This Amended Interim Designation Must be Accompanied by a Filing Fee*
Made Payable to the Register of Copyrights.
*Note: Current and adjusted fees are available on the Copyright website at
www.copyright.gov/docs/fees.html
Mail the form to:
**Copyright I&R/Recordation**
**P.O. Box 71537**
**Washington, DC 20024**

Scanned
AUG 1 6 2011

162674703

Received

Exhibit 2

# Interim Designation of Agent to Receive Notification of Claimed Infringement

**Full Legal Name of Service Provider**: FF MAGNAT LIMITED

**Alternative Name(s) of Service Provider (including all names under which the service provider is doing business)**: www.oron.com, oron.com, ORON

Address of Service Provider: 611, Fook Cheong Building,63 Hoi Yuen,Kwun Tong,HK

**Name of Agent Designated to Receive Notification of Claimed Infringement**: TAM Lai Sheung

**Full Address of Designated Agent to which Notification Should be Sent** (a P.O. Box or similar designation is not acceptable except where it is the only address that can be used in the geographic location):
Room 611, Fook Cheong Building, 63 Hoi Yuen Road, Kwun Tong, Hong Kong

**Telephone Number of Designated Agent**: +1 303-256-0360

**Facsimile Number of Designated Agent**: +1 303-256-0360

**Email Address of Designated Agent**: support@oron.com

Signature of Officer or Representative of the Designating Service Provider:
_____ Date: 02/04/11

Typed or Printed Name and Title: TAM Lai Sheung, CEO

**Note: This Interim Designation Must be Accompanied by a Filing Fee\***
**Made Payable to the Register of Copyrights.**
**\*Note: Current and adjusted fees are available on the Copyright website at www.copyright.gov/docs/fees.html**

Scanned
MAR 03 2011

Received
FEB 1 4 2011
Copyright Office

Mail the form to:
**Copyright RRP**
**P.O. Box 71537**
**Washington, DC 20024**


162710578

Exhibit 3

# MEMORANDUM

## AND

## ARTICLES OF ASSOCIATION

### OF

## FF MAGNAT LIMITED

*****************

Incorporated the 26th day of November, 2010

****************

### HONG KONG

****************

Registered by

Mygoing Corporate Services Limited

Tel: +852 2264 6466

www.mygoingconsulting.com

No. ___1533317___
編號

(COPY)
副本

## CERTIFICATE OF INCORPORATION
## 公 司 註 冊 證 書

\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**I hereby certify that**
本 人 謹 此 證 明

## FF MAGNAT LIMITED

is this day incorporated in Hong Kong under the Companies Ordinance
於 本 日 根 據 《 公 司 條 例 》（ 香 港 法 例 第 3 2 章 ）

(Chapter 32 of the Laws of Hong Kong) and that this Company is Limited.
在 香 港 註 冊 成 為 有 限 公 司 。

Issued on 26 November 2010.
本 證 書 於 二 〇 一 〇 年 十 一 月 二 十 六 日 發 出 。

(Sd.) Ms Ada L L CHUNG

_____
Registrar of Companies
Hong Kong
香港公司註冊處處長鍾麗玲

Note 註:

Registration of a company name with the Companies Registry does not confer any trade mark rights or any other intellectual property rights in respect of the company name or any part thereof.
公司名稱獲公司註冊處註冊，並不表示獲授予該公司名稱或其任何部分的商標權或任何其他知識產權。

THE COMPANIES ORDINANCE (CHAPTER 32)

*Private Company Limited by Shares*

MEMORANDUM OF ASSOCIATION

OF

## FF MAGNAT LIMITED

**First:-**    The name of the Company is "FF MAGNAT LIMITED".

**Second:-**    The Registered Office of the Company will be situated in Hong Kong.

**Third: -**    The liability of the Members is limited.

**Fourth:-**    The Share Capital of the Company is HK$10,000 divided into 10,000 shares of HK$1.00 each with the power for the company to increase or reduce the said capital and to issue any part of its capital, original or increased, with or without preference, priority or special privileges, or subject to any postponement of rights or to any conditions or restrictions and so that, unless the conditions of issue shall otherwise expressly declare, every issue of shares, whether declared to be preference or otherwise, shall be subject to the power hereinbefore contained.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

I/We, the undersigned, whose name(s), address(es) and description(s) is/are hereto given below, wish to form a Company in pursuance of this Memorandum of Association, and I/we respectively agree to take the number of share(s) in the capital of the Company set opposite to my/our respective name(s):

| Name(s), Address(es) and Description(s) of Signatory/Signatories | Number of Share(s) taken by each signatory |
|---|---|
| (Sd.) TAM Lai Sheung 譚麗嫦<br>............................................................<br>TAM Lai Sheung 譚麗嫦<br>Room 611, Fook Cheong Building, 63 Hoi Yuen Road,<br>Kwun Tong, Kowloon, Hong Kong<br>Merchant | 1 |
| Total Number of Shares Taken..... | 1 |

Dated the 22nd day of November, 2010.
WITNESS to the above signature(s):

(Sd.) Sandy Ng
Sandy Ng
Secretary
Room 611, Fook Cheong Building,
63 Hoi Yuen Road, Kwun Tong,
Kowloon, Hong Kong

THE COMPANIES ORDINANCE (CHAPTER 32)

*Private Company Limited by Shares*

ARTICLES OF ASSOCIATION

OF

# FF MAGNAT LIMITED

### Preliminary

1.   The regulations contained in Table "A" in the First Schedule to the Companies Ordinance (Chapter 32) shall apply to the Company save in so far as they are hereby expressly excluded or modified. In case of conflict between the provisions of Table "A" and these presents, the provisions herein contained shall prevail.

2.   The company is a private company and accordingly :-

(a)   the right to transfer shares is restricted in manner hereinafter prescribed;

(b)   the number of members of the company (exclusive of persons who are in the employment of the company and of persons who having been formerly in the employment of the company were while in such employment and have continued after the determination of such employment to be members of the company) is limited to 50. Provided that where 2 or more persons hold one or more shares in the company jointly they shall for the purpose of this regulation be treated as a single member;

(c)   any invitation to the public to subscribe for any shares or debentures of the company is prohibited.

### Transfer of Shares

3.   The Directors may decline to register any transfer of shares to any person without giving any reason therefor. The Directors may suspend the registration of transfers during the twenty-one days immediately preceding the Annual General Meeting in each year. The Directors may decline to register any instrument of transfer, unless (a) a fee not exceeding two dollars is paid to the Company in respect thereof, and (b) the instrument of transfer is accompanied by the Certificate of the shares to which it relates, and such other evidence as the Directors may reasonably require to show the right of the transferor to make the transfer.

**Chairman of Directors**

4.  The Directors may elect a chairman of their meetings, and determine the period for which he is to hold office, and unless otherwise determined the chairman shall be elected annually. If no chairman is elected, or if at any meeting the chairman is not present within half an hour of the time appointed for holding the same, the Directors present shall choose someone of their number to be the chairman of such meeting.

5.  Unless and until the Company in General Meeting shall otherwise determine, the number of Directors shall not be less than one.   The first Directors of the Company shall be nominated in writing by the founder members to the Memorandum of Association.

6.  A Director who is about to go away from or is absent from Hong Kong may with the approval of the majority of the other Directors nominate any person to be his substitute and such substitute whilst he holds office as such shall be entitled to notice of Meetings of the Directors and to attend and vote thereat accordingly and he shall ipso facto vacate office if and when the appointor returns to Hong Kong or vacate office as a Director or removes the substitute from office and any appointment and removal under this Article shall be effected by notice in writing under the hand of or by cable from the Director making the same. A Director may appoint (subject as above provided) one of the other Directors to be his substitute who shall thereupon be entitled to exercise (in addition to his own right of voting as a Director) such appointor's rights at Meetings of the Directors.

7.  At the Annual General Meeting to be held next after the adoption of these Articles and at every succeeding Annual General Meeting all Directors, except Permanent Directors if any are appointed, shall retire from office and shall be eligible for re-election.

8.  A Director shall not require any qualification shares.

9.  The office of a Director shall be vacated if the Director: -

    (a)  resigns his office by notice in writing to the Company; or

    (b)  becomes bankrupt or makes any arrangement or composition with his creditors generally; or

    (c)  becomes of unsound mind.

10. (a) No Director shall be disqualified from his office by contracting with the Company, nor shall any such contract or any contract entered into by or on behalf of the Company in which any Director shall be in any way interested be avoided, nor shall any Director so contracting or being so interested be liable to account to the Company for any profit realised by any such contract by reason only of such Director holding that office, or of the fiduciary relations thereby established but it is declared that the nature of his interest must be disclosed by him at the meeting of the Directors at which the contract is determined on if his interest then exists, or, in any other case, at the first meeting of the Directors after the acquisition of his interest. A Director may vote in respect of any contract or arrangement in which he is interested.

(b)   A Director of the Company may be or become a Director of any company promoted by this Company or in which it may be interested as a vendor, shareholder or otherwise and no such Director shall be accountable for any benefits received as a Director or shareholder of such company.

11. The Directors may meet together for the dispatch of business, adjourn and otherwise regulate their Meetings as they think fit and determine the quorum necessary for the transaction of business. Until otherwise determined, two Directors shall constitute a quorum or one Director shall constitute a quorum for sole Director company.

12. Any casual vacancy occurring in the Board of Directors may be filled up by the Directors, but the person so chosen shall be subject to retirement at the same time as if he had become a Director on the day on which the Director in whose place he is appointed was last elected a Director.

13. Subject to the provisions of Article 6 hereof, the Directors shall have power at any time, and from time to time, to appoint a person as an additional Director who shall retire from office at the next following Annual General Meeting, but shall be eligible for election by the Company at that meeting as an additional Director.

14. The Company may by ordinary resolution remove any Director and may by an ordinary resolution appoint another person in his stead. The person so appointed shall be subject to retirement at the same time as if he had become a Director on the day on which the Director in whose place he is appointed was last elected a Director.

15. Any Resolution of the Board of Directors in writing signed by the majority of the Directors, in whatever part of the world they may be, shall be valid and binding as a resolution of the Directors provided that notice shall have been given to all the Directors of the Company capable of being communicated with conveniently according to the last notification of address by each such Director given to the Registered Office of the Company.

16. Where any notice is required either by these Articles, by Table "A", by the Ordinance or otherwise, to be given to any Director or to any Member of the Company, such shall be valid if given by cable and where any consent, agreement, signature, notice by or authority from any Director or Member of the Company such shall be good and valid if given by cable in spite of the fact that neither the cable nor the document by which the cable is sent bears a written signature. This clause shall not apply to Special Resolutions.

### Powers of Directors

17. The Directors, in addition to the powers and authorities by these Articles or otherwise expressly conferred upon them, may exercise all such powers and do all such acts and things as may be exercised or done by the Company in General Meeting subject nevertheless to the provisions of the Companies Ordinance (Chapter 32), to these Articles, and to any regulations from time to time made by the Company in General Meetings, provided that no such regulation so made shall invalidate any prior act of the Directors which would have been valid if such regulations had not been made.

18. Without prejudice to the general powers conferred by the preceding Article and the other powers conferred by these Articles, it is hereby expressly declared that the Directors shall have the following powers, that is to say, power: -

   (1) To pay the costs, charges and expenses preliminary and incidental to the promotion, formation, establishment and registration of the Company.

   (2) To purchase or otherwise acquire for the Company or sell or otherwise dispose of any property, rights or privileges which the Company is authorised to acquire at such price and generally on such terms and conditions as they shall think fit.

   (3) To engage, suspend or dismiss the employees of the Company, and to fix and vary their salaries or emoluments.

   (4) To institute, conduct, defend, compromise or abandon any legal proceedings by or against the Company or its officers, or otherwise concerning the affairs of the Company, and also to compound and allow time for payment or satisfaction of any debts due and of any claims or demands by or against the Company.

   (5) To refer any claims or demands by or against the Company to arbitration and observe and perform the awards.

   (6) To make and give receipts, releases and other discharges for moneys payable to the Company, and for claims and demands of the Company.

   (7) To invest, lend or otherwise deal with any of the moneys or property of the Company in such manner as they think fit having regard to the Company's Memorandum of Association and from time to time to vary or realise any such investment.

   (8) To borrow money on behalf of the Company, and to pledge, mortgage or hypothecate any of the property of the Company.

   (9) To open a current account with themselves for the Company and to advance any money to the Company with or without interest and upon such terms and conditions as they shall think fit.

   (10) To enter into all such negotiations and contracts and rescind and vary all such contracts and execute and do all such acts, deeds and things in the name and on behalf of the Company as they may consider expedient for, or in relation to, any of the matters aforesaid, or otherwise for the purposes of the Company.

   (11) To give to any Director, officer or other person employed by the Company a commission on the profits of any particular business or transaction, and such commission shall be treated as part of the working expenses of the Company, and to pay commissions and make allowances (either by way of a share in the general profits of the Company or otherwise) to any person introducing business to the Company or otherwise promoting or serving the interest thereof.

   (12) To sell, improve, manage, exchange, lease, let, mortgage or turn to account all or any part of the land, property, rights and privileges of the Company.

(13) To employ, invest or otherwise deal with any Reserve Fund or Reserve Funds in such manner and for such purposes as the Directors may think fit.

(14) To execute, in the name and on behalf of the Company, in favour of any Director or other person who may incur or be about to incur any personal liability for the benefit of the Company, such mortgages of the Company's property (present or future) as they think fit, and any such mortgage may contain a power of sale and such other powers, covenants and provision as shall be agreed upon.

(15) From time to time to provide for the management of the affairs of the Company abroad in such manner as they think fit, and in particular to appoint any persons to be the attorneys or agents of the Company with such powers (including power to sub-delegate) and upon such terms as they think fit.

(16) From time to time to make, vary or repeal rules and by-laws for the regulation of the business of the Company, its officers and servants.

(17) To delegate any or all of the powers herein to any Director or other person or persons as the Directors may at any time think fit.

19. Clause 81 of Table "A" shall not apply.

## Seal and Cheques

20. The Seal of the Company shall be kept by the Board of Directors and shall not be used except with their authority.

21. Every document required to be sealed with the Seal of the Company shall be deemed to be properly executed if sealed with the Seal of the Company and signed by the Chairman of the Board of Directors, or such person or persons as the Board may from time to time authorised for such purpose.

22. All cheques, promissory notes, drafts, bills of exchange, and other negotiable instruments, shall be made, signed, drawn, accepted and endorsed, or otherwise executed by the person or persons from time to time authorised by a resolution of the Board of Directors.

## General Meetings

23. For all purposes, the quorum for all general meetings shall be two members personally present and holding either in his own right or by proxy at least one-tenth of the paid-up capital of the Company.   One member shall constitute a quorum for a meeting of a company having only one member.   No business shall be transacted at any General Meeting unless the requisite quorum be present at the commencement of the business.

24. A resolution in writing signed by all the shareholders shall be as valid and effectual as a resolution passed at a general meeting duly convened and held.

## Votes of Members

25. All voting of members in respect of any matter or matters shall be by poll and every member present in person or by proxy shall have one vote for each share of which he is the holder.

## Divisions of Profits

26. The net profits of the Company in each year shall be applied in or towards the formation of such reserve fund or funds and in or towards the payment of such dividends and bonuses as the Directors subject to the approval of the Company in General Meeting may direct.

27. No dividend shall be payable except out of the profits of the Company, and no dividend shall carry interest as against the Company.

28. A transfer of shares shall not pass the right to any dividend declared thereon before the registration of the transfer.

29. If two or more persons are registered as joint holders of any share, any one of such persons may give effectual receipts for any dividends or for other moneys payable in respect of such share.

30. The Directors may retain any dividends payable on shares on which the Company has a lien, and may apply the same in or towards satisfaction of the debts, liabilities or engagements in respect of which the lien exists.

31. All dividends unclaimed for one year after having been declared may be invested or otherwise made use of by the Directors for benefit of the Company until claimed.

## Secretary

32. The First Secretary of the Company shall be **Mygoing Secretarial Services Limited** which may resign from this office upon giving notice to Company of such intention and such resignation shall take effect upon the expiration of such notice or its earlier acceptance.

## Notice

33. Any notice required to be given to the shareholders under these Articles may be in Chinese or English or both.

| Name(s), Address(es) and Description(s) of Signatory/Signatories |
| --- |

(Sd.) TAM Lai Sheung 譚麗嫦

..............................................................

TAM Lai Sheung  譚麗嫦

Room 611, Fook Cheong Building, 63 Hoi Yuen Road,

Kwun Tong, Kowloon, Hong Kong
    Merchant

Dated the 22nd day of November, 2010.
WITNESS to the above signature(s):

                             (Sd.) Sandy Ng
                             Sandy Ng
                             Secretary
                             Room 611, Fook Cheong Building,
                             63 Hoi Yuen Road, Kwun Tong,
                             Kowloon, Hong Kong

Exhibit 4



You are logged in as matt_1899    |  Log out  |  Help

| oron.com | Whois Search ▼ | Search |

Overview    Whois Lookup    Reverse Whois    Whois History    Domain Report    Hosting History    Screenshots    Name Server Report    Reverse IP    DNS

## Whois History for Oron.com on 2011-02-11



Enter a domain name to get its history

| oron.com | Get History |

« Previous                                                                    Next »

Domain:        oron.com - Whois History
Cache Date:    2011-02-11
Registrar:     NETWORK SOLUTIONS, LLC.
Server:        whois.networksolutions.com
Created:       2001-06-01
Updated:       2010-07-14
Expires:       2019-06-01
Reverse Whois: Click on an email address we found in this whois record
               to see which other domains the registrant is associated with:
               m24k32h96p9@networksolutionsprivateregistration.com

```
Registrant:
ER Media Corp.
    ATTN ORON.COM
    care of Network Solutions
    PO Box 459
    Drums, PA.  US  18222

    Domain Name: ORON.COM

    Administrative Contact, Technical Contact:
    ER Media Corp.
m24k32h96p9@networksolutionsprivateregistration.com
    ATTN ORON.COM
    care of Network Solutions
    PO Box 459
    Drums, PA 18222
    US
    570-708-8780

    Record expires on 01-Jun-2019.
    Record created on 08-Jul-2010.

    Domain servers in listed order:

    NS43.WORLDNIC.COM              205.178.190.22
    NS44.WORLDNIC.COM              206.188.198.22
```

Memberships | Developer API | About Us | Blog | Desktop Tools | Terms of Service | Privacy | Support | Careers | Contact Us | Site Map

© 2013 DomainTools, LLC All rights reserved.

Exhibit 5

You are logged in as matt_1899   |   Log out   |   Help



oron.com    | Whois Search ▾ |   Search

Overview    Whois Lookup    Reverse Whois    Whois History    Domain Report    Hosting History    Screenshots    Name Server Report    Reverse IP    DNS

## Whois History for Oron.com on 2011-02-12



Enter a domain name to get its history

oron.com      Get History

« Previous                    Next »

| | |
|---|---|
| Domain: | oron.com - Whois History |
| Cache Date: | 2011-02-12 |
| Registrar: | NETWORK SOLUTIONS, LLC. |
| Server: | whois.networksolutions.com |
| Created: | 2001-06-01 |
| Updated: | 2010-07-14 |
| Expires: | 2019-06-01 |
| Reverse Whois: | Click on an email address we found in this whois record to see which other domains the registrant is associated with:<br>qf7h879t9hd@networksolutionsprivateregistration.com |

```
Registrant:
ER Media Corp
    ATTN ORON.COM
    care of Network Solutions
    PO Box 459
    Drums, PA.  US  18222

    Domain Name: ORON.COM

    Administrative Contact, Technical Contact:
        Lai Sheung, TAM
qf7h879t9hd@networksolutionsprivateregistration.com
        FF MAGNAT Limited
        ATTN ORON.COM
        care of Network Solutions
        PO Box 459
        Drums, PA 18222
        US
        570-708-8780

    Record expires on 01-Jun-2019.

    Record created on 08-Jul-2010.

    Domain servers in listed order:

        NS43.WORLDNIC.COM              205.178.190.22
        NS44.WORLDNIC.COM              206.188.198.22
```

Memberships | Developer API | About Us | Blog | Desktop Tools | Terms of Service | Privacy | Support | Careers | Contact Us | Site Map

© 2013 DomainTools, LLC All rights reserved.

Exhibit 6



You are logged in as matt_1899    | Log out |  Help

| oron.com | Whois Search ▼ | Search |

Overview    Whois Lookup    Reverse Whois    Whois History    Domain Report    Hosting History    Screenshots    Name Server Report    Reverse IP    DNS

## Whois History for Oron.com on 2011-02-16



Enter a domain name to get its history

| oron.com | Get History |

« Previous                                                                                    Next »

Domain:            oron.com - Whois History
Cache Date:        2011-02-16
Registrar:         NETWORK SOLUTIONS, LLC.
Server:            whois.networksolutions.com
Created:           2001-06-01
Updated:           2010-07-14
Expires:           2019-06-01
Reverse Whois:     Click on an email address we found in this whois record
                   to see which other domains the registrant is associated with:
                   qf7h879t9hd@networksolutionsprivateregistration.com


    Registrant:
    ER Media Corp
        ATTN ORON.COM
        care of Network Solutions
        PO Box 459
        Drums, PA.  US  18222

        Domain Name: ORON.COM

        Administrative Contact, Technical Contact:
            Lai Sheung, TAM
    qf7h879t9hd@networksolutionsprivateregistration.com
            FF MAGNAT Limited
            ATTN ORON.COM
            care of Network Solutions
            PO Box 459
            Drums, PA 18222
            US
            570-708-8780

        Record expires on 01-Jun-2019.

        Record created on 08-Jul-2010.

        Domain servers in listed order:

        NS43.WORLDNIC.COM              205.178.190.22
        NS44.WORLDNIC.COM              206.188.198.22

Memberships  |  Developer API  |  About Us  |  Blog  |  Desktop Tools  |  Terms of Service  |  Privacy  |  Support  |  Careers  |  Contact Us  |  Site Map

© 2013 DomainTools, LLC All rights reserved.

Exhibit 7



You are logged in as matt_1899    | Log out  |  Help



Overview    Whois Lookup    Reverse Whois    Whois History    Domain Report    Hosting History    Screenshots    Name Server Report    Reverse IP    DNS

### Whois History for Oron.com on 2011-02-17

Enter a domain name to get its history

oron.com                                                    Get History

« Previous                                                                    Next »
Domain:           oron.com - Whois History
Cache Date:       2011-02-17
Registrar:        NETWORK SOLUTIONS, LLC.
Server:           whois.networksolutions.com
Created:          2001-06-01
Updated:          2010-07-14
Expires:          2019-06-01
Reverse Whois:    Click on an email address we found in this whois record
                  to see which other domains the registrant is associated with:
                  k62639pg7ef@networksolutionsprivateregistration.com

```
Registrant:
FF MAGNAT Limited
    ATTN ORON.COM
    care of Network Solutions
    PO Box 459
    Drums, PA.  US  18222

    Domain Name: ORON.COM

    Administrative Contact, Technical Contact:
        Lai Sheung, TAM
    k62639pg7ef@networksolutionsprivateregistration.com
        FF MAGNAT Limited
        ATTN ORON.COM
        care of Network Solutions
        PO Box 459
        Drums, PA 18222
        US
        570-708-8780

    Record expires on 01-Jun-2019.

    Record created on 08-Jul-2010.

    Domain servers in listed order:

        NS43.WORLDNIC.COM              205.178.190.22
        NS44.WORLDNIC.COM              206.188.198.22
```

Memberships  |  Developer API  |  About Us  |  Blog  |  Desktop Tools  |  Terms of Service  |  Privacy  |  Support  |  Careers  |  Contact Us  |  Site Map

© 2013 DomainTools, LLC All rights reserved.