D. GILL SPERLEIN (SBN 172887)
THE LAW OFFICE OF D. GILL SPERLEIN
345 Grove Street
San Francisco, California 94102
Telephone: (415) 404-6615
Facsimile: (415) 404-6616
gill@sperleinlaw.com

Attorneys for Plaintiff DataTech Enterprises, LLC,

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| DATATECH ENTERPRISES, LLC, a Nevada Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>FF MAGNAT LIMITED d/b/a ORON.COM, STANISLAV DAVIDOGLOV, and JOHN DOE a/k/a ROMAN ROMANOV (an alias); and<br><br>Defendants. | Case No.: 2-12-4500 CRB<br><br>**DATATECH ENTERPRISES, LLC'S REPLY TO DEFENDANT FF MAGNAT'S OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date: March 8, 2013<br>Time: 10:00 a.m.<br>Ctrm: 6, 17th Floor |

**SUMMARY OF ARGUMENT**

DataTech Enterprises moved for Summary Judgment on the narrow issue of whether Defendant FF Magnat Limited d/b/a oron.com (Oron) is entitled to 17 U.S.C. § 512 immunity for copyright infringement that occurred on oron.com prior to the date it delivered to the U.S. Copyright Office designated agent information. In spite of Defendant's earlier statement that it registered its agent on June 15, 2011 and Plaintiff's repeated arguments that this was the date Oron registered its

-1-

agent, Oron now claims that it registered an agent on February 14, 2011. However, over 1,000 cases of infringement occurred prior to February 14, 2011 and the important issue of law remains.

Moreover, Oron admits that it did not always display the physical address of its registered agent on its website. Declaration of Stanislav Davidoglov in Support of Oron's Response to Order to Show Cause Re Plaintiff's Motion for Preliminary Injunction (1st Davidoglov Decl.), Dkt. No. 21-1 at ¶¶11-12. The wording of the declaration is suspiciously vague, although it suggests that Oron updated the Terms of Service on its website to include the address of its registered agent on or around June 15, 2011. The most recently filed Davidoglov Declaration furthers that suggestion stating, "[m]y mention of the June 15, 2011 amendment was in the context of discussing the website's Terms of Service, and how FF Magnat had added new information to the website when the amendment was filed." Declaration of Stanislov Davidoglov in Support of FF Magant's Opposition to DataTech Enterprises, LLC's Motion for Partial Summary Judgment on FF Magnat's Eligibility for DMCA Immunity (7th Davidoglov Decl.), Dkt. No. 81-1 at ¶5. The new information discussed by Davidoglov was the "addition of the agent's physical address [...] and two other minor changes." Thus, regardless of when Oron delivered registered agent information to the Copyright Office, it is nonetheless ineligible for 17 U.S.C.§ 512 immunity for any infringements that occurred prior to the date it added the physical address of its registered agent to its website which based on the Davidoglov declarations appears to have been June 15, 2011. However, independent evidence shows the change adding the physical address of Oron's agent was made no sooner than March 9, 2012, if at all. Butler Declaration in Support of DataTech Enterprises, LLC's Reply to Defendant FF Magnat's Opposition to Motion for Partial Summary Judgment (Butler Decl.) at ¶¶2-5 and Ex. A.

The fact that Oron did not display the address, telephone number, and facsimile number of its registered agent on its website prior to March 9, 2012 means that it is also ineligible for immunity

-2-

prior to that date, but the current motion for summary judgment is limited to infringements that occurred prior to June 15, 2011.

Oron's suggestion that it published the physical address of its registered agent on its website beginning June 15, 2011 is demonstrably false, thereby casting serious doubt on any of Oron's factual allegations. However, this factual dispute need not be resolved to answer the question currently before the Court, namely is Oron eligible for 17 U.S.C. § 512 immunity for infringements that occurred prior to June 15, 2011. Prior to that date there is no dispute that Oron did not publish the name, physical address, telephone number, or facsimile number on its website.

I. **The Question of Law Plaintiff Seeks to Resolve through Summary Judgment Remains the Same Regardless of the Factual Issue of When Oron Registered Its Agent with the Copyright Office.**

The issue which DataTech's Motion for Summary judgment seeks to have resolved is whether or not Oron is entitled to DMCA immunity for any infringement that occurred prior to the date it provided to the Copyright Office the name, address, phone number, and electronic mail address of a designated agent. When DataTech filed its motion, it legitimately believed that Oron had registered its agent on June 15, 2011. The declaration of Stanislav Davidoglov stated that this was the date it registered its agent. In his initial declaration Davidoglov did not refer to the designation as an amended designation. The additions (i.e. the changes to which Davidoglov referred) were alleged changes to Oron's website, not changes to the designation of agent, thus DataTech had not reason to believe the filing was to make changes to an earlier filed designation. DataTech consistently alleged that Oron registered its agent on June 15, 2011. Complaint, Dkt. No. 1 at ¶¶34-35; Application for Temporary Restraining Order, Dkt. No. 2 at p. 6:21-24; Reply to Response to Order to Show Cause, Dkt. No. 29 at p. 7:20-25; Declaration of Peter Phinney in Support of Motion for Preliminary

Injunction, Dkt. No.29-7 at ¶8. Oron, *never* challenged DataTech's assertion that it first registered its agent on June 15, 2011in any earlier filings. To the contrary, Oron seemed to agree.

Nor did Oron challenge the Court's finding that Oron registered its agent on June 15, 2011. In its Memorandum and Order re Preliminary Injunction the Court wrote, "it is undisputed that Magnat had not, prior to June 15, 2011, designated through the Copyright Office an agent to receive notice of violations."  Memorandum and Order, Dkt. No. 34 at 5:24-26. Even though Oron filed a motion for reconsideration of the Court's Order, nowhere in that motion for reconsideration did it challenge the Court's finding regarding when Oron registered its agent.

Only now does Oron argue that it actually registered its agent on February 14, 2011. To the extent that Oron now argues it registered an agent at an earlier time, there may be a factual dispute as to the actual date of registration with the Copyright Office. However, over one thousand infringements occurred even prior to February 14, 2011. Declaration of Peter Phinney in Support of DataTech's Reply to Defendants Opposition re Summary Judgment (Phinney Decl.) at ¶3. Thus, the question of law remains as to whether Oron is eligible for DMCA immunity for infringements that occurred prior to the date of registration – whatever date that may be.

Further, even if Oron registered an agent on February 14, 2011, it does not dispute that it did not publish the name, physical address, telephone number, or facsimile number on its website at any time prior to June 15, 2011. As argued in DataTech's opening brief, 17 U.S.C. § 512 requires *both* the posting on the website *and* the delivery of the information to the Copyright Office.

An Order for Summary Judgment on this important issue of law will still benefit the parties and the Court by resolving the question of Oron's eligibility for any of the more than 18,000 infringements that occurred prior to June 15, 2011.

**II.     Prior to at Least March 9, 2012, Oron Never Made Accessible on Its Website the Address, Telephone Number, or Facsimile Number of Its Agent.**

There is a serious dispute over the veracity of Stanislav Davidoglov's representation to the Court that Oron changed the Terms of Use displayed on its website to include the physical address of its registered agent on June 15, 2011 when it filed its Amended Interim Designation of Agent with the Copyright Office. The version of the TOS Davidoglov attached to his Declaration at Exhibit D identify at §8.4.2 ¶16 the e-mail and physical address for submitting claims of infringement.  1st Davidoglov Decl.), Dkt.21-1 at ¶¶11-12 and Ex. C. Notably, the copy of the TOS did not contain a header or footer showing the url of the webpage upon which the TOS were posted or any indicia of the date this version of the TOS appeared on the website or when it was recorded. The TOS appears to come from a document file and not from a screen capture of the webpage. This is not surprising as historical data shows that this version of the TOS never appeared on Oron's website, at least not prior to May 9, 2012. Butler Decl. at ¶¶2-5. Porn Guardian never witnessed the display of Oron's agent's physical address on the website at any time. Phinney Decl. at ¶4.

Archieve.org is a service that takes snapshots of pages that appear on the Internet and creates an archive. *Id.* Oron.com's Terms of Use pages are among the documents stored in archive.org's database. The service took a snapshot of the page http:/oron.com/tos.html on March 9, 2012. *Id.* at Ex. A. This was the last date that for which archives of Oron's TOS page are currently available. Oron.com ceased all operations on August 1, 2012. Davidoglov Decl. at Dkt. No. 21-1, ¶3. The recorded archive showed that nearly a year after Davidoglov suggests Oron modified its TOS (June 15, 2011), the TOS appearing on its website did not contain §8.4.2 ¶16 - the section adding Oron's agent's physical address and e-mail address. It is extremely troubling that Mr. Davidoglov has misrepresented material facts to the Court in this manner.

Other courts have recognized the value of archives collected by archive.org.  See, *Telewizja Polska USA, Inc. v. Echostar Satellite Corp.*, 02 C 3293, 2004 WL 2367740 *5-7 (N.D. Ill. Oct. 15, 2004)(denying motion in limine to preclude evidence from archive.org); *In re Hydroxycut Mktg. & Sales Practices Litig.*, 810 F. Supp. 2d 1100, 1114 and n.4 (S.D. Cal. 2011)(court referred to evidence from archive.org acknowledging authentication issues, but ultimately did not rely on the archive.org records because other evidence was available.); *See also Netbula, LLC v. Chordiant Software, Inc.*, C08-00019 JW (HRL), 2009 WL 3352588 (N.D. Cal. Oct. 15, 2009)(Court ordered plaintiff to remove robot.txt file from its website so defendant could access records of the site maintained by archive.org.).

This evidence casts doubt over the veracity of Davidoglov's statements that Oron fulfilled the independent requirement that it display on its website the physical address of its agent.  There is no dispute that Oron *never* posted its agent's telephone number or facsimile number.  The factual dispute created by Davidoglov's misrepresentations highlights one of the key policy considerations for requiring ISPs to provide registered agent information to the Copyright Office *in addition to* requiring the display of registered agent on the website.  Without the requirement of registration with the Copyright Office, an ISP can make unsubstantiated claims that it provided registered agent information on its website, even when it did not.  Even where an ISP does not purposefully mislead the court, the dynamic nature of websites may make it difficult to establish if or when a website published the relevant registered agent information.

Credible evidence shows that Oron has mislead the Court with regard to when it added the physical address of its agent to its website, thus making the Copyright Office registration requirement

all the more important.[1]   Oron is not entitled to immunity for infringements that occurred prior to February 14, 2011 because prior to that time it did not have an agent registered with the Copyright Office and it did not display its physical address, telephone number, or facsimile number on its website.  Nor, is it eligible for infringements that occurred prior to June 15, 2011, because prior to at least that time, it did not display on its website the physical address, telephone number, or facsimile number of its registered agent.

### III. No Court Has Ruled That an ISP Is Eligible for DMCA Immunity in the Absence of Delivering Registered Agent Information to U.S. Copyright Office.

Nothing in the District Court's opinion in *Viacom v. YouTube* indicates that it considered whether YouTube was entitled to DMCA safe harbor protection for infringements that occurred on YouTube prior to the date it sent designated agent information to the U.S. Copyright Office. *Viacom Int'l Inc. v. YouTube, Inc.*, 718 F. Supp. 2d 514 (S.D.N.Y. 2010) *aff'd in part, vacated in part, remanded sub nom. Viacom Int'l, Inc. v. YouTube, Inc.*, 676 F.3d 19 (2d Cir. 2012).  The opinion dealt entirely with the issue "knowledge of infringement" and how such knowledge relates to 7 U.S.C. §512 safe harbor protection.  The Court did not even acknowledge that Viacom argued that some infringement occurred prior to registering an agent.[2]   There is no finding that YouTube failed to register an agent.  To the contrary, the Court wrote that "defendants designated an agent". *Id*. at 519.

---

[1] Another important policy consideration for requiring the display of a physical address, telephone number, facsimile number, and e-mail address instead of simply providing a link or on-line form may be that an ISP that is unwilling to be forthcoming about this data - especially the physical address  - should not be entitled to statutorily created safe harbor immunity.

[2] While Plaintiff commends the thoroughness of Defense Counsel's research, no rule requires attorneys to review the evidentiary record or examine each brief submitted to a Court in order to determine if the Court considered evidence it believes relevant.  Defense counsel's snarky remarks suggesting that Plaintiff should have known what was contained in the parties' briefs and therefore should have presented this case as authority are without merit.

Not only is the issue absent from the Court's holding, even in dicta there no mention of the fact in that infringements occurred prior to YouTube submitting registered agent information to the Copyright Office. Certainly, one cannot be take the opinion to have established that delivery of registered agent information is not an absolute requirement for DMCA immunity. Even if this were the Court's holding, the opinion of a District Court in New York has no binding effect over this Court. *See, e.g., Hart v. Massanari,* 266 F.3d 1155, 1174 (9th Cir.2001) (holding that the binding authority rule could "just as easily operate so that the first district judge to decide an issue within a district, or even within a circuit, would bind all similarly situated district judges, but it does not"); *City of Fresno v. United States,* 709 F.Supp.2d 888, 909 (E.D.Cal.2010) ("District court opinions are relevant for their persuasive authority but they do not bind other district courts [even] within the same district.")

The fact remains that 17 U.S.C. §512, unequivocally requires the delivery of registered agent information to the U.S. Copyright Office in order for an ISP to receive the Safe Harbor immunity. At least prior to February 14, 2011, Oron did not comply with this requirement, substantially or otherwise. Moreover, it is undisputed that Oron did not display registered agent information on its website prior to June 15, 2011 and there is substantial doubt that Oron ever displayed any registered agent information on its website.

### IV.   Oron's Unsubstantiated Attacks on DataTech's Motivations Are without Merit.

Without justification, Oron accuses DataTech of filing this motion for the improper purpose of increasing defense costs. The truth is that Oron brought this very limited motion for summary judgment for legitimate reasons and there is no evidence to suggest otherwise.

First, DataTech is confident that it will successfully defend against Defendants' motion to dismiss, especially in light of the Court's early statements regarding jurisdiction and the Ninth

-8-

REPLY RE MOTION FOR SUMMARY JUDGMENT
C-12-4500 (CRB)

Circuit's recent decision in *Washington Shoe Co. v. A-Z Sporting Goods Inc.,* 704 F.3d 668 (9th Cir. Dec. 12, 2012). Since the Court considered Defendants' arguments in granting the Preliminary Injunction, Defendants have not presented any new or compelling arguments with regard to this issue. Moreover, Defendants have stonewalled against DataTech's legitimate jurisdictional discovery requests, suggesting that the information and documents Oron refuses to provide are inculpatory in nature. DataTech intends to proceed with the prosecution of this action as quickly as possible. If Oron truly believes it will be successful on the merits, then DataTech suggests that the parties move on to those merits with all deliberate speed.

Second, DataTech combined this motion with oral argument on several other motions precisely to increase efficiency and *reduce* costs. Defense counsel must travel across country for oral argument on other motions and to attend the ENE scheduled for Monday, March 11, 2013. It makes sense to hear this very limited motion at that same time, rather than a month later, thereby requiring additional travel.

Third, although the Court may not rule on this motion from the bench, briefing of this issue in advance of the ENE is likely to be useful to the parties and the Neutral Evaluator. This will be even more so if the Court discloses its initial inclinations at the time of oral argument.

Fourth, DataTech's decision to subpoena information from third parties such as PayPal in a manner different from what it requested from Defendant is not evidence of improper purpose. In support for its position that Oron is not subject to personal jurisdiction in the United States, Oron previously argued that its presence in the U.S. is a small fraction of its overall operations. DataTech believes that because the U.S. market is wealthier than many other markets, U.S. subscription rates are likely to represent a much higher percentage than U.S. traffic rates. In other words, even if the U.S. represents approximately 12% of the traffic to oron.com, it is likely that U.S. residents represent

a much higher percentage of subscription sales. Accordingly, DataTech requested documents showing the location of all Oron subscribers. Because Oron uses various payment processors all over the word, no single payment processor, including PayPal, could provide data sufficient to analyze the percentage of U.S. subscribers to worldwide subscribers.

Fifth, parties almost always consider the cost of prosecuting or defending an action when discussing settlement. Even if it were true that Plaintiff's counsel broached the issue, it does not suggest that Plaintiff is attempting to gain a tactical advantage by filing legitimate motions designed to narrow issues.

In summary, there is nothing to support Defense Counsel's wild accusations of improper purpose. Thus, these accusations are most likely designed to deflect attention from the important substantive issues before the Court.

**CONCLUSION**

Even if Oron first registered an agent on February 14, 2011 rather than on June 15, 2011, there remains an important question of law that the Court can resolve on summary judgment. For the reasons set forth in DataTech's Motion for Summary Judgment and in this Reply, Oron is not entitled to immunity for any infringement occurring by and through oron.com prior to June 15, 2011.

Dated: *February 22, 2013*     Respectfully submitted,

/s/ D. Gill Sperlein

_____

D. GILL SPERLEIN
THE LAW OFFICE OF D. GILL SPERLEIN

Attorney for Plaintiff DataTech Enterprises, LLC,

-10-

REPLY RE MOTION FOR SUMMARY JUDGMENT
C-12-4500 (CRB)