D. GILL SPERLEIN (SBN 172887)
THE LAW OFFICE OF D. GILL SPERLEIN
345 Grove Street
San Francisco, California  94102
Telephone: (415) 404-6615
Facsimile: (415) 404-6616
gill@sperleinlaw.com

Attorneys for Plaintiff DataTech Enterprises, LLC,

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

|  |  |
|---|---|
| DATATECH ENTERPRISES, LLC, a Nevada Limited Liability Company, | Case No.: 2-12-4500 CRB |
| Plaintiff, | DATATECH ENTERPRISES, LLC'S OPPOSITION TO FF MAGNAT LIMITED AND STANISLAV DAVIDOGLAV'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION |
| vs. | |
| FF MAGNAT LIMITED d/b/a ORON.COM, STANISLAV DAVIDOGLOV, and JOHN DOE a/k/a ROMAN ROMANOV (an alias); and | |
| Defendants. | Date:    March 8, 2013 Time:   10:00 a.m. CtRm:  6, 17th Floor |

-i-

THE LAW OFFICE OF D. GILL SPERLEIN
345 GROVE STREET    SAN FRANCISCO, CA 94102    FAX: 415-404-6616
TEL: 415-404-6615

## TABLE OF CONTENTS

Table of Contents..............................................................................................................i

Table of Authorities........................................................................................................ii

STATEMENT OF FACTS..............................................................................................1

ARGUMENT....................................................................................................................2

   I.    Since Defendants Do Not Allege They Are Subject to Personal Jurisdiction in Any Other District, under Federal Rule of Civil Procedure 4(k)(2), the Court Must Consider Defendants' Contacts with the United States As a Whole..............................................2

   II.    DataTech Need Only Present a *Prima Facie* Showing of Jurisdictional Facts.............3

   III.    Plaintiff Can Establish that the Exercise of Jurisdiction over Defendants Comports with the Due Process Requirements of the United States Constitution Applying the *Calder* "Effects Test."   ..............................................................................................................4

        Intentional Act...........................................................................................................5

        Causing Harm That Defendant Knows Is Likely to Be Suffered in the Forum..........6

        Expressly Aimed.........................................................................................................6

   IV.    Defendants Have Failed to Meet Their Burden Of Establishing That The Exercise of Personal Jurisdiction in This District Would Be Unreasonable. ..............................11

   V.    Where Oron has Refused to Respond to Jurisdictional Discovery Requests, the Court Should Infer that Accurate or Complete Responses Would Be Inculpative.............14

CONCLUSION.............................................................................................................20

The Law Office of D. Gill Sperlein
345 Grove Street
San Francisco, CA 94102
Tel: 415-404-6615   Fax: 415-404-6616

OPPOSITION TO MOTION TO DISMISS
C-12-4500 (CRB)

1

**TABLE OF AUTHORITIES**

2

3 <u>**CASES**</u>

4

*Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124 (9th Cir. 2010)..........................4, 5, 14

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462,  105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985)...............11

*Calder v. Jones*, 465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984).................................2, 4, 5, 6

*Chambers v. NASCO, Inc.*, 501 U.S. 32, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991)...........................19

*Data Disc, Inc. v. Sys. Tech. Associates, Inc.*, 557 F.2d 1280 (9th Cir. 1977) .......................................4

*Doe v. Unocal Corp.*, 248 F.3d 915 (9th Cir. 2001) .................................................................................3

*Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114 (9th Cir. 2002) .........3

*Glover v. BIC Corp.*, 6. F.3d 1318 (9th Cir.1993) ..................................................................................19

*Graduate Mgmt. Admission Council v. Raju*, 241 F. Supp. 2d 589 (E.D. Va. 2003) ...........................10

*Harris Rutsky & Co. Insurance Services, Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122 (9th Cir. 2002)4

*Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450 (9th Cir. 2007) ......................................3

*Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945)................................................................................4

*ISI Int'l, Inc. v. Borden Ladner Gervais LLP*, 256 F3d 548 (7th Cir. 2001) .........................................2

*Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 104 S. Ct. 1473, 79 L. Ed. 2d 790 (1984)...............10

*Leon v. IDX Sys. Corp.*, 464 F.3d 951 (9th Cir. 2006) ...........................................................................19

*Mavrix Photo, Inc. v. Brand Technologies, Inc.*, 647 F.3d 1218 (9th Cir. 2011) ...............................5, 8

*McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 78 S. Ct. 199, 2 L. Ed. 2d 223 (1957) ............................11

*Pebble Beach Co. v. Caddy*, 453 F.3d 1151 (9th Cir. 2006) ....................................................................4

*Sher v. Johnson*, 911 F.2d 1357 (9th Cir. 1990) ......................................................................................3

*Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363 (9th Cir. 1992) ....................19

*Washington Shoe Co. v. A-Z Sporting Goods Inc.,* 704 F.3d 668 (9th Cir. Dec. 12, 2012) ..........5, 6, 7

*Yahoo! Inc. v. La Ligue Contre Le Racisme*, 433 F.3d 1199 (9th Cir.2006) ...........................................5

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

THE LAW OFFICE OF D. GILL SPERLEIN
345 GROVE STREET
SAN FRANCISCO, CA 94102
TEL: 415-404-6615   FAX: 415-404-6616

1

**<u>STATUTES</u>**

2

Fed. Rule Civ. Pro. 37(b)(2)(A)(ii) ................................................................. 19

3

Fed. Rule Civ. Pro. 4(k)(2) ................................................................. 2, 3, 10

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The Law Office of D. Gill Sperlein
345 Grove Street   San Francisco, CA 94102
Tel: 415-404-6615   Fax: 415-404-6616

Opposition to Motion to Dismiss
C-12-4500 (CRB)

## STATEMENT OF FACTS

As oral argument on this motion is scheduled in conjunction with several other motions the briefing for which significantly sets forth the factual background, DataTech assumes familiarity with the general underlying facts of this action and only sets forth here certain facts relevant to the analysis of personal jurisdiction.

Defendant FF Magnat Limited d/b/a oron.com (Oron) operates the website oron.com.  When in operation Oron.com received the largest percentage of its traffic from within the United States. Declaration of Peter Phinney in Support of Plaintiff DataTech Enterprises, LLC's Motion for Preliminary Injunction (2nd Phinney Decl.), Dkt. No. 29-7 at ¶6.  Oron received subscription revenue from a significant number of individuals within the United States.  *Id.*  A portion of these subscribers had recurring memberships ("rebills"), meaning that their subscriptions continued from month to month with Oron automatically billing them.  Declaration of Peter Phinney in Support of Plaintiff DataTech Enterprises, LLC's Motion for TRO (1st Phinney Decl.), Dkt. No. 4 at ¶9; Declaration of Robert Hare in Support of Plaintiff DataTech Enterprises, LLC's Motion for Preliminary Injunction, (Hare Decl.) Dkt. No.29-1 at ¶6.  Oron also paid significant amounts of affiliate payments to U.S. affiliates, including, but certainly not limited to, Robert Hare of Florida.  *Id.* at ¶7; 2nd Phinney Decl. at ¶2.  Oron used U.S. companies to process these transactions including PayPal, Inc., CCBill, and Alertpay.  Sperlein Declaration in Support of DataTech's Opposition to Motion to Dismiss (9th Sperlein Decl.) at ¶4, Ex. A, Interrogatory No. 3 and response.

Oron claims to have designated an agent for receiving complaints of copyright infringement with the United States Copyright Office on two separate occasions, February 14, 2011 and June 15, 2011.  Declaration of Stanislav Davidoglov in Support of Oron's Opposition to DataTech's Motion for Summary Judgment (7th Davidoglov Decl.), Dkt. No. 81-1 at ¶4 and Ex. 1; ¶7, and Ex.2.   Both

-1-

THE LAW OFFICE OF D. GILL SPERLEIN
345 GROVE STREET
SAN FRANCISCO, CA 94102
TEL: 415-404-6615   FAX: 415-404-6616

designation forms identified a telephone number and fax number for its registered agent that contained a Colorado Area Code. *Id.* Other evidence shows that the person currently named in this action as Roman Romanov, also lived for a time in Colorado and that he enjoyed a close relationship with Defendant FF Magnat. 2nd Phinney Decl. at ¶4 and Ex. C-E. At least one FF Magnat employee referred to him as "Boss." Declaration of D. Gill Sperlein in Support of DataTech's Motions for Order Permitting Alternative Service, (2nd Sperlein Decl.) Dkt. No.19 at ¶7 and Ex. E.

The company DataTech and other U.S. copyright holders engaged to locate infringements and request take downs, sent over 650,000 take down notices to Oron on behalf of its customers. 1st Phinney Decl. at ¶3. Oron admits that it knew Porn Guardian represented U.S. Copyright holders. 9th Sperlein Decl. at ¶5, Ex. B, Req. for Admission No. 14 and response.

The Court issued an Order allowing jurisdictional discovery, but Oron stonewalled in the face of DataTech's discovery requests, and failed to properly respond to nearly all of DataTech's discovery requests. *Id.* at ¶7. Defendants have also failed to serve initial disclosures. *Id.* at ¶10.

## ARGUMENT

### I. Since Defendants Do Not Allege They Are Subject to Personal Jurisdiction in Any Other District, under Federal Rule of Civil Procedure 4(k)(2), the Court Must Consider Defendants' Contacts with the United States As a Whole.

Defendants do not dispute that Rule 4(k)(2) provides for personal jurisdiction where: (1) the claim against the defendant arises under federal law; (2) the defendant is not subject to the jurisdiction of any state court of general jurisdiction; and (3) the federal court's exercise of jurisdiction over the defendant comports with the due process requirements of the United States Constitution. If a defendant contends it cannot be sued in the forum state and refuses to identify any other district where suit is possible, the federal court is entitled to apply Rule 4(k)(2). *ISI Int'l, Inc. v. Borden Ladner Gervais LLP*, 256 F3d 548, 552 (7th Cir. 2001). Since copyright claims are based on

THE LAW OFFICE OF D. GILL SPERLEIN
345 GROVE STREET
SAN FRANCISCO, CA 94102
TEL: 415-404-6615   FAX: 415-404-6616

THE LAW OFFICE OF D. GILL SPERLEIN
345 GROVE STREET
SAN FRANCISCO, CA 94102
TEL: 415-404-6615   FAX: 415-404-6616

federal law and Defendants do not argue that jurisdiction is proper in another district, the relevant inquiry is whether Defendants' contacts with the United States as a whole satisfy Due Process, which they do.  *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 461 (9th Cir. 2007).

The majority of the cases Oron relies on in support of its argument that Rule 4(k)(2) should not apply are inapposite as the plaintiffs in those cases sought to establish  personal jurisdiction based on claims that did not relate to the defendants' actions in the United States.   Thus, the plaintiffs needed to establish that the defendants' contacts were so substantial, continuous, and systematic so as to confer general personal jurisdiction.  *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 461 (9th Cir. 2007) (Damages to a ship allegedly caused by a faulty engine part in no way related to or arose out of the minimum contacts the defendants had with the United States.); *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114 (9th Cir. 2002)(Indian rice exporter's twenty-two shipments of rice to U.S. were not related to the contracts upon which Plaintiff had sued.); *Doe v. Unocal Corp.*, 248 F.3d 915 (9th Cir. 2001) (Human rights abuses had nothing to do with the sale of stock listed on New York Stock Exchange).

By contrast, Oron's business contacts with the United States *are* substantial, continuous, and systematic *and* DataTech's claims arise directly out of Oron's contacts in California and the United States.  Oron paid commissions to U.S. affiliates for reproducing DataTech's copyrighted works and making them available to other U.S. citizens who paid Oron a subscription fee to gain access to those infringing reproductions.  Oron used U.S. companies to process the transactions.  DataTech's claims arise directly from Oron's contacts within the U.S.

## II.   DataTech Need Only Present a *Prima Facie* Showing of Jurisdictional Facts.

"[I]n the absence of an evidentiary hearing, the plaintiff need only make a *prima facie* showing of jurisdictional facts."  *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990)(citing *Data*

*Disc, Inc. v. Sys. Tech. Associates, Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977). In evaluating DataTech's *prima facie* showing, the Court must accept uncontroverted facts in DataTech's favor. *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1127 (9th Cir. 2010) (internal citations and quotations omitted). Conflicts between the facts contained in the parties' affidavits must be resolved in DataTech's favor, and DataTech need only demonstrate facts that if true would support jurisdiction over the defendants. *Harris Rutsky & Co. Insurance Services, Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2002). Plaintiff has demonstrated the necessary facts in spite of Defendants' refusal to provide proper discovery responses.

### III.   **Plaintiff Can Establish that the Exercise of Jurisdiction over Defendants Comports with the Due Process Requirements of the United States Constitution Applying the *Calder* "Effects Test."**

In order to satisfy Due Process, the Defendants must have "minimum contacts" with the United States such that the assertion of jurisdiction does not offend traditional notions of fair play and substantial justice. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 315 (1945)).

Whether a party has minimum contacts with a forum sufficient to warrant the exercise of specific personal jurisdiction turns on a three-prong test: (1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum- related activities; and (3) the exercise of jurisdiction must be reasonable. *Brayton Purcell*, 606 F.3d at 1128. Defendants do not challenge the second prong - only the first and third. Defendant FF Magnat Limited and Stanislav Davidoglov's Motion to Dismiss for Lack of Personal Jurisdiction (Motion to Dismiss) Dkt. No. 64 at p. 5:9-12.

THE LAW OFFICE OF D. GILL SPERLEIN
345 GROVE STREET
SAN FRANCISCO, CA 94102
TEL: 415-404-6615   FAX: 415-404-6616

"In tort cases, [the Ninth Circuit] typically inquires whether a defendant 'purposefully direct[s] his activities' at the forum state, applying an 'effects' test that focuses on the forum in which the defendant's actions were felt, whether or not the actions themselves occurred within the forum." *Washington Shoe Co. v. A-Z Sporting Goods Inc.,* 704 F.3d 668 (9th Cir. Dec. 12, 2012), *citing Yahoo! Inc. v. La Ligue Contre Le Racisme,* 433 F.3d 1199, 1206 (9th Cir.2006)(en banc).  Copyright infringement suits are "often characterized as a tort" best suited to analysis under the "purposeful direction" prong of the first element.  *Brayton Purcell*, 606 F.3d at 1128.

The "effects" test, which is based on the Supreme Court's decision in *Calder v. Jones,* 465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984), requires that "the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state."  *Mavrix Photo, Inc. v. Brand Technologies, Inc.*, 647 F.3d 1218, 1228 (9th Cir. 2011) *cert. denied,* 132 S. Ct. 1101, 181 L. Ed. 2d 979 (U.S. 2012).

In their opening brief, Defendants do not directly address the "intentional acts" element or the "causing harm that the defendant knows is likely to be suffered in the forum" element both of which the facts satisfy here as the Court previously recognized.  Memorandum and Order, Dkt. No. 34 at p. 4:9-13.  Because these two elements require little analysis, DataTech addresses them first - slightly out of traditional order.

**Intentional Act**

"[A]n intentional act is an external manifestation of the actor's intent to perform an actual, physical act in the real world, not including any of its actual or intended results.  *Washington Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d at 674.  DataTech alleges that Defendants operated oron.com, paid affiliates to upload content to the website, and sold access to the infringing material

-5-

THE LAW OFFICE OF D. GILL SPERLEIN
345 GROVE STREET   SAN FRANCISCO, CA 94102   FAX: 415-404-6616
TEL: 415-404-6615

through premium subscriptions, a significant number of which it sold to individuals within the United States. 1st Phinney Decl. at ¶¶6-12. Given the broad interpretation of the intentional act element that the Court set out in *Calder*, Defendants actions satisfy the intentional act element.

**Causing Harm That Defendant Knows Is Likely to Be Suffered in the Forum**

The Court previously wrote that, "[t]he third element is also met here, as Magnat was repeatedly notified by a U.S. company that users were uploading and distributing materials protected by U.S. copyrights." Memorandum and Order, Dkt. No. 34 at p. 4:10-13.

Oron admits that it knew Porn Guardian, the company DataTech engaged to detect infringements and send takedown notices, represented U.S. copyright holders. Sperlein Decl. at ¶5, Ex. B., Req. for Admission No. 14 and response. Thus, on an ongoing basis, Defendants knew that their continued operation of oron.com was having a negative impact on copyright holders within the United States including DataTech, because such economic loss in the forum where the copyright holder has its principal place of business is foreseeable. *Washington Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d at 679. *Washington Shoe* makes it clear that this is sufficient to satisfy the "causing known harm in the forum" element. *Id.*

The more nuanced element of the effects test is that of "express aiming".

**Expressly Aimed**

Defendants argue that they did not expressly aim their conduct at the United States because like any website, oron.com was available to anyone with access to the Internet. Motion to Dismiss, Dkt. No. 64 at p.9:11-12. However, DataTech has never argued that the mere operation of a website bestows personal jurisdiction in California, the United States, or anywhere else. Rather, it is the nature of Oron's operations, including but not limited to the operation of its website that establishes this Court's jurisdiction.

-6-

THE LAW OFFICE OF D. GILL SPERLEIN
345 GROVE STREET   SAN FRANCISCO, CA 94102
TEL: 415-404-6615   FAX: 415-404-6616

In *Washington Shoe*, the Ninth Circuit also clarified the express aiming element in the context of copyright infringement claims.  Specifically, the Ninth Circuit held that, "in the case of a willful copyright infringement, the intentional act constituting the violation may occur solely within one state while the *known* impact of that copyright infringement is directed at another state." *Washington Shoe,* 704 F.3d at 675.  The Court suggests that in copyright infringement cases the line between the second and third elements blurs because once an infringer knows the forum of the rights holder, his intentional infringing acts are per se aimed at that forum.[1] *Id.*

Porn Guardian, the company DataTech engaged to locate infringements and request removal, repeatedly informed Oron that it was infringing the copyrights of its U.S. customers.  In fact, Porn Guardian delivered take down notices or directly removed over 650,000 infringing files.  1st Phinney Decl., Dkt. No. 4, at ¶3.  Oron admits that it knew Porn Guardian represented U.S.-based copyright holders.  Sperlein Decl. at ¶5, Ex. B., Req. for Admission No. 14 and response.

Oron registered and maintained the registration for oron.com with Network Solutions, Inc. a U.S. registrar.  7th Davidoglov Decl., Dkt. No. 81-1 at ¶13, Exs. 6 and 7.

Oron used at least three U.S. companies, PayPal, CCBill and Alertpay, to process financial transactions in the United States.  9th Sperlein Decl. at ¶4, Ex. A, Interrogatory No. 3 and response.  Although these companies may have offices outside the United States, no documentary evidence suggests that Oron interacted with any offices other than those in the U.S.  In fact, even CCBill's

---

[1] Defendants have argued that they are entitled to 17 U.S.C. §512 safe harbor immunity in this action.  Plaintiff strongly contests Defendants' position.  However, even if they are able to claim immunity, it does not affect the jurisdictional analysis.  Defendants still engaged in intentional acts knowing those acts would have an effect in the United States.  Thus, jurisdiction attaches, even if Defendants can prove they are eligible for immunity.  Immunity does not erase the acts of a defendant, it simply means that for public policy reasons they may avoid liability for those acts.

THE LAW OFFICE OF D. GILL SPERLEIN
345 GROVE STREET   SAN FRANCISCO, CA 94102
TEL: 415-404-6615   FAX: 415-404-6616

European division, CCBill EU Ltd. has a U.S. mailing address. See http://www.ccbill.com/policies.php.

Oron provided registered agent information to the United States Copyright Office. The registration of an agent with the United States Copyright Office, serves no other purpose but to insulate an Internet service provider from U.S. copyright infringement claims[2]. The mere act of registration suggests that Oron knew the operation of its website was likely to infringe on U.S. copyrights and that immunity from such infringement could be valuable. The telephone number for the registered agent has a Colorado area code, suggesting further ties to the U.S. 6th Davidoglov Decl., Dkt. No. 81-1 at ¶4 and Ex. 1; ¶7, and Ex.2.

In its Terms of Use, Oron states that it will report files it detects through its service that appear to involve child exploitation to the National Center for Missing and Exploited Children's Cyber Tip Line and appropriate law enforcement agencies. 1st Davidoglov Decl. Dkt. No. 21-1 at ¶11, Ex. B, §§ 8b and 8.1. This is a U.S. nonprofit established to create a data base of U.S. missing and exploited children. See http://www.missingkids.com.

Oron engaged in significant business transactions within the United States, it intended to do so, and it knew its business transactions effected U.S. copyright holders.

In addition to engaging in intentional acts knowing these acts would impact copyright holders in the United States, which is sufficient to establish the expressed aiming element, Defendants also "anticipated, desired, and achieved a substantial [U.S] viewer base" which can also establish expressed aiming. *Mavrix Photo,* 647 F.3d at1230.

---

[2] Of course delivering registered agent information to the U.S. Copyright Office alone does not create immunity.

THE LAW OFFICE OF D. GILL SPERLEIN
345 GROVE STREET
SAN FRANCISCO, CA 94102
TEL: 415-404-6615   FAX: 415-404-6616

In *Mavrix,* the Ninth Circuit found that while the requirements of general jurisdiction were not satisfied, the requirements of specific jurisdiction were.   More directly, the Court stated, "we find most salient the fact that [defendant] used [plaintiff's] copyrighted photos as part of its exploitation of the California market for its own commercial gain. *Id*. at 1229.

Defendants have acknowledged that their website oron.com receives approximately 12% of its traffic from the United States.  1st Davidoglov Decl., Dkt. No. 21-1 at ¶6.  If subscription sales correlate with traffic, than approximately 12% of Oron's revenue comes from the United States.  This means Oron receives more revenue from the United States than from any other country.   However, web traffic is not likely to directly correlate to subscription sales.  It is likely that the relative wealth of the American market results in a higher traffic conversion rate.  Individuals from less wealthy countries might access oron.com, but are less likely to purchase subscriptions.  The fact that Oron publishes its website only in English also suggests Oron realizes a higher conversion rate for traffic from English speaking countries, including the United States.  Thus, the percentage of subscriptions originating from the U.S. is likely to be substantially higher than 12%.  Plaintiff attempted to determine the percentage of Oron's subscriptions originating in the U.S. by requesting documents identifying the location of Oron's subscribers, but Oron refused to respond to DataTech's discovery requests.  Sperlein Decl. at ¶6; Ex. C, Document Req. No. 1 and response thereto.  Also, Oron refused to admit that it sold subscriptions or paid affiliate commissions to U.S. residents.  *Id*. at at ¶5; Ex. B, Req. for Admissions 1-12.   However, Oron's denials defy logic and further demonstrate Oron's commitment to hiding the truth from Plaintiff and the Court.  Oron's denials to these requests for admission are patently and demonstrable false as DataTech has submitted direct evidence of payments to at least one US citizen.   Hare Decl. at ¶7.

THE LAW OFFICE OF D. GILL SPERLEIN
345 GROVE STREET
SAN FRANCISCO, CA 94102
TEL: 415-404-6615   FAX: 415-404-6616

DataTech alleges that Oron made substantial sales to U.S. customers.  For those U.S. customers who purchased recurring subscriptions, Oron collected revenue month after month.  1st Phinney Decl., Dkt. No. 4 at ¶9; Hare Decl., Dkt. No.29-1 at ¶6.  Without an evidentiary hearing the Court must accept these allegations as true (as they undoubtedly are).

The defendant in *Graduate Management Admissions* was a foreign national and after the Court found no jurisdiction based on Rule 4(k)(1)(A), it went on to analyze jurisdiction under Rule 4(k)(2), finding that although the defendant's contacts were insufficient to confer jurisdiction based on his contacts in Virginia, his systematic and continuous marketing and selling to the U.S. market as a whole made personal jurisdiction proper under Rule 4(k)(2).  *Graduate Mgmt. Admission Council v. Raju*, 241 F. Supp. 2d 589, 596 (E.D. Va. 2003).  The case is precisely analogous to the facts in this case, and like Raju, FF Magant confirmed its intent to serve U.S. customers by selling subscriptions to customers here and paying affiliate fees to U.S. uploaders, and by continuing to process those transactions with individuals in the United States month after month.  Hare Decl., Dkt. No. 29-1 at ¶7; 2nd Phinney Decl., Dkt. No. 29-7 at ¶2.  Websites promoting Oron's affiliate program recognized the importance of the U.S. Market.  *Id*. at ¶5; Ex. F.

In *Keeton v. Hustler Magazine, Inc.*, the United States Supreme Court held that a publisher's regular circulation of magazines in the forum state was sufficient to support an assertion of jurisdiction in action based on contents of the magazine because the subscription sales represented a direct aiming.  *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 774, 104 S. Ct. 1473, 1478, 79 L. Ed. 2d 790 (1984).  Oron's subscription sales to U.S. viewers is directly analogous.

Thus, Defendants also expressly aimed their actions at the United States by anticipating, desiring, and achieving a substantial U.S. subscriber base and by paying affiliate commissions to individuals within the United States.

-10-

THE LAW OFFICE OF D. GILL SPERLEIN
345 GROVE STREET
SAN FRANCISCO, CA 94102
TEL: 415-404-6615   FAX: 415-404-6616

**IV.** **Defendants Have Failed to Meet Their Burden Of Establishing That The Exercise of Personal Jurisdiction in This District Would Be Unreasonable.**

Although Defendants correctly set forth the factors courts must consider in evaluating whether it is reasonable to exercise personal jurisdiction in this district, they failed to disclose that it is the Defendants burden to prove that exercising jurisdiction would be unreasonable, and that they must meet the burden by presenting a compelling case. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477, 105 S. Ct. 2174, 2184-85, 85 L. Ed. 2d 528 (1985)("where a defendant who purposefully has directed his activities at forum residents seeks to defeat jurisdiction, he must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable."). Defendants do not meet this heavy burden.

**Factor 1:   The extent of a defendant's purposeful availment.**   As set forth above, Defendants have interjected themselves into the U.S. market.  Defendants have collected revenue from U.S. subscribers, split those revenues with U.S. affiliates, processed financial transactions through U.S. institutions, and knowingly harmed U.S. copyright holders.

**Factor 2:  the burden of the defendant in defending in the forum.**  Every defendant would prefer to defend in its home jurisdiction.  However, the availability of electronic communications and e-filing have reduced the impact of litigating in a foreign jurisdiction to some degree. Even well before the advent of discount air travel, the Internet, e-mail, faxes, electronic filing, and Skype, the Supreme Court acknowledged that "modern transportation and communication have made it much less burdensome for a party sued to defend himself in a State where he engages in economic activity." *McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 223, 78 S. Ct. 199, 201, 2 L. Ed. 2d 223 (1957).  This Court has already shown a willingness to allow defense counsel to appear for motions telephonically.

-11-

The Law Office of D. Gill Sperlein
345 Grove Street   San Francisco, CA 94102
Tel: 415-404-6615   Fax: 415-404-6616

Dkt. Nos. 63 and 76.   Stanislav Davidoglov will attend the ENE session via telephone.   Order of Magistrate James re Attendance at ENE, Dkt. No. 80.   With the exception of appearing for deposition and for trial, there is not much difference in litigating this case in the Northern District of California or in Hong Kong.   This factor only weighs slightly in favor of Defendants, if at all.

**Factor 3:   The extent of conflict with the sovereignty of the defendant's state.** Defendants' claims that the "legal analysis in the United States and Hong Kong would be sufficiently divergent as to implicate the sovereignty concerns of Hong Kong".   However, Defendants provide no analysis of U.S. verses Hong Kong law.   As the burden is on Defendants, they fail to establish that this factor weighs in their favor.   Moreover, the High Court of Hong Kong's issuance of an injunction freezing assets based this Court's Preliminary Injunction signals that Hong Kong is willing to accept the United States' authority to adjudicate this dispute.   See Defendant FF Magnat Limited's Motion for Partial Relief from Temporary Restraining Order, Dkt. No.12, p.5, n.4.

**Factor 4:   The forum state's interest in adjudicating the dispute**.   Defendants concede that the United States may have an interest in providing DataTech a forum for its allegations.   Defendants FF Magnat and Stanislav Davidoglov's Motion to Dismiss for Lack of Personal Jurisdiction, Dkt. No.64 at P. 14:9-11.

**Factor 5:   The most efficient judicial resolution of the controversy.**   All of DataTech's witnesses reside in the United States and key witnesses reside in San Francisco.   Sperlein Decl. at ¶9. Important records are held by PayPal, Inc. - a Palo Alto company, Alertpay - a San Francisco company, CCBill - an Arizona company and Network Solutions - a Pennsylvania company. Defendants have failed to deliver its initial disclosures, and thus have lost any right to argue as to the location of their witnesses.   *Id*. at ¶10.   Further, in response to an interrogatory asking what witnesses it intends to call, Oron responded that it currently does not intend to call *any* witnesses in this action.

-12-

THE LAW OFFICE OF D. GILL SPERLEIN
345 GROVE STREET
SAN FRANCISCO, CA 94102
TEL: 415-404-6615   FAX: 415-404-6616

*Id.* at ¶4, Ex. A, Interrogatory No. 2 and response thereto.  Moreover, Davidoglov has argued that he is FF Magnat's sole shareholder and he lives in Moldova, Oron is a Hong Kong company, and its servers are (or were) in Holland.  Declaration of Stanislav Davidoglov in Support of Defendants Motion to Dismiss for Lack of Personal Jurisdiction (3rd Davidoglov Decl.), Dkt. No. 64-1 at ¶¶ 2 and 6.  He claims Oron uses payment processing companies in Austria, Latvia, Singapore, and Russia.  *Id.* at ¶7.  Given the widespread distribution of Oron's operations and the fact that San Francisco is only 1,300 miles further from Chisinau than Hong Kong, it appears there is no single location that would provide a better forum with regard to the location of witnesses than the United States.  Defendants have not established that this factor weighs in their favor.

**Factor 6:   The importance of the forum to the plaintiff's interest in convenient and effective relief.**  Identifying treaties to which Hong Kong is a signatory is insufficient to analysis the importance of this forum to Plaintiff's interest in convenient and effective relief.  Defendants do not examine whether various forms of relief available under U.S. law such as the disgorgement of profits, statutory damages (especially including enhanced statutory damages for willfulness), or permanent injunctive relief might be available to Plaintiff were the action adjudicated in Hong Kong. Defendants have failed to establish that this factor weighs in favor of a finding of unreasonableness.

**Factor 7:  The existence of an alternative forum.**  Defendants have provided no evidence to support its speculation that Hong Kong would be a suitable alternative forum for this action.

Thus, Defendants have failed to establish this factor as weighing in favor of a finding of unreasonableness.

Defendants have failed to meet their burden of establishing that the exercise of personal jurisdiction in the Northern District of California would be unreasonable.

-13-

**V.    Where Oron has Refused to Respond to Jurisdictional Discovery Requests, the Court Should Infer that Accurate or Complete Responses Would Be Inculpative.**

To a large degree, factual disputes between the parties are irrelevant since the Court has not held (or indicated that it will hold) an evidentiary hearing on the issue of jurisdiction and must therefore, construe factual disputes in a light most favorable to DataTech.  *Brayton Purcell*, 606 F.3d at 1127.  However, even if the Court were required to resolve factual disputes, the evidence strongly suggests that DataTech's presentation of the facts is more credible than Defendants' version.

First, the Court must question the veracity of Defendants since in at least one instance, they have misrepresented material facts to the Court.  Mr. Davidoglov suggested in two declarations that Oron added the physical address of its registered agent to the Terms of Service on its website around June 15, 2011.  1st Davidoglov Decl., Dkt. No. 21-1 at ¶12;  7th Davidoglov Decl., Dkt. No. 81-1 at ¶5.  Davidoglov even submitted a copy of the Terms of Service with the changes he claims Oron made.  1st Davidoglov Decl., Dkt. No. 21-1 at Ex. C.  However, DataTech has submitted reliable, unbiased, and independent third party evidence showing that as late as March 9, 2012, the version of the TOS on oron.com was different from those Davidoglov submitted to the Court.    Butler Declaration in Support of DataTech's Reply to Opposition to Motion for Partial Summary Judgment, ¶¶2-5 and Ex. A.  Further, Defendants have denied requests for admissions that are demonstrably true.  Specifically, when DataTech submitted the following request for admission "[a]dmit that when YOU operated oron.com, YOU paid affiliate fees to residents of the United States," Oron denied it.  See 9th Sperlein Decl. at ¶5, Ex. B, Req. for Admission No. 7 and response.    However, the declaration of Robert Hare and the mere operation of the website itself clearly demonstrate that this is true.  Hare Decl. at ¶7.  In fact, Oron denied DataTech's first 12 requests for admissions all of which are clearly true.  In the light of these serious misrepresentations to the Court, Defendants have placed all of their factual assertions in doubt.

-14-

THE LAW OFFICE OF D. GILL SPERLEIN
345 GROVE STREET
SAN FRANCISCO, CA 94102
TEL: 415-404-6615   FAX: 415-404-6616

This is especially true in light of the fact that consistently Oron has been reluctant to provide documentary evidence to support Davidoglov's assertions.  In response to 26 document requests relating to jurisdiction, Oron produced a total of five documents: a pro forma PayPal user agreement downloaded from PayPal's website, a single e-mail from Payza setting forth the balance in Oron's account, a screenshot showing Oron's PayPal account, a single page Google Analytics Report - which was conspicuously missing the data showing the location of Oron's website users (a standard part of Google Analytics reporting), and a copy of Oron's Terms of Service - the authenticity of which is now seriously in question.  Sperlein Decl. at ¶6; Ex. C.  Of 20 requests for admissions, Oron refused to answer or denied with impermissible qualifications all but one.  *Id.* at ¶5; Ex. B.  Oron also refused to answer or answered with impermissible qualifications or limitations most of Plaintiff's 7 jurisdictional related interrogatories.  *Id.* at ¶4; Ex. A.

DataTech attached as Exhibits to the D. Gill Sperlein's Declaration the entirely of Oron's discovery responses so that the Court can examine the full extent of Defendants' obfuscation. DataTech presents several illustrative examples here.

In order to analyze the veracity of Defendants' claim that Stanislav Davidoglov is the sole shareholder of FF Magnat, DataTech submitted the following document request:

> **REQUEST No. 11:**  Produce any and all DOCUMENTS that identify any individual who owns any interest in FF Magnat.

Oron responded as follows and refused to produce any documents:

OBJECTIONS:
> Oron object to this Request on the basis that it seeks documents outside the discovery permitted by the Court's Order.  Indeed, by the very nature of the Court's Order, all discovery not specifically allowed, including portions of this Request, is violative of the Court's Order.  Production of any and all documents evidencing any individual who owns any interest in FF Magnat Limited is not reasonably likely to aid in resolution of the jurisdiction issue. Without limiting the foregoing, Oron therefore objects to this Request except

The Law Office of D. Gill Sperlein
345 Grove Street
San Francisco, CA 94102   Fax: 415-404-6616
Tel: 415-404-6615

to the extent that it seeks documents identifying such individuals in the United States.

    Oron also objects to this Request to the extent that it is overly broad and unduly burdensome.  Oron also objects to this Request on the extent that it seeks documentation generated after Plaintiff's filing of the Complaint.  Oron also objects to this Request to the extent that it seeks confidential business information and/or information protected from disclosure by the attorney-client privilege, the work-product doctrine or any other privilege and will not produce any such documentation.

ANSWER:
    Subject to, and without waiving, the specific objections above and the General Objections, Oron has no documents in its possession, custody or control evidencing any individual in the United States who own any interest in FF Magnat Limited as no individual in the United States owns any interest in FF Magnat Limited.  Sperlein Decl. at ¶6; Ex. C.

In support of Defendants' Motion to Dismiss, Stanislav Davidoglov claimed that he has never visited the United States.  DataTech could verify or rebut this statement by examining Davidoglov's passport, thus DataTech served the following document production request:

    **REQUEST No. 24:**  Produce a copy of all pages of any passport Stanislav Davidoglov has used in the last five years.

Oron responded as follows and refused to provide the requested document:

OBJECTIONS:
    Oron objects to this Request on the basis that it seeks documents outside the discovery permitted by the Court's Order.  Indeed, by the very nature of the Court's Order, all discovery not specifically allowed, including portions of this Request, is violative of the Court's Order.  Production of all pages of any passport Stanislav Davidoglov has used in the last five years is not reasonably likely to aid in resolution of the jurisdiction issue.  Without limiting the foregoing, Oron therefore objects to this Request except to the extent that it seeks copies of pages of any passport Stanislav Davidoglov relating to the United States.

    Oron also objects to this Request to the extent that it seeks documentation generated after Plaintiff's filing of the Complaint.  Oron also objects to this Request to the extent that is seeks confidential business information and/or information protected from disclosure by the attorney-

THE LAW OFFICE OF D. GILL SPERLEIN
345 GROVE STREET
SAN FRANCISCO, CA 94102
TEL: 415-404-6615   FAX: 415-404-6616

client privilege, the work-product doctrine or any other privilege and will not produce any such documentation.

ANSWER:

Subject to, and without waiving the specific objections above and the General Objections, Oron will not product any pages of any passport Stanislav Davidoglov has used in the past five years because no passport that Stanislav Davidoglov has used in the past five years related to the United States. *Id*.

Other Examples abound:

Oron claims that it has no U.S. employees, but refuses to identify its employees, their nationalities, titles, or workplace addresses. *Id*. at ¶4, Ex. A, Interrogatory No. 1.

Oron claims it holds no bank accounts in the United States, but refuses to provide documentary evidence showing where it does hold bank accounts. *Id*. Interrogatory No. 3.

Oron Claims its U.S. business is only a small fraction of its world-wide business, but provides no documentation showing the origin of its subscription revenues so that DataTech can perform a U.S. verses foreign subscription analysis. *Id*. at ¶6, Ex. C, Document Req. No. 1 and response. In addition, Oron denies with impermissible qualifications and objections that it sold subscriptions and paid affiliate commissions to individuals living in the United States and California, when the very nature of website clearly indicates otherwise. *Id*. at ¶5, Ex. B, Req. for Admission Nos. 1-12 and responses.

Plaintiff believes and has alleged that the individual known as Roman Romanov and using the e-mail address mainroman@gmail.com has close ties to Oron and that he resides or resided in Colorado. However, Oron refuses to respond to interrogatories propounded in an effort to establish these facts. *Id*., Req. for Admission Nos. 16 - 20 and responses.

The Law Office of D. Gill Sperlein
345 Grove Street   San Francisco, CA 94102   Fax: 415-404-6616
Tel: 415-404-6615

-17-

Oron claims that it only did business with PayPal through its Singapore branch but cannot or will not produce any documentary evidence in support of this claim. *Id*. at ¶6, Ex. C, Doc. Req. Nos. 4 and 5.

Oron claims it is a Hong Kong Company and holds no real estate in the United States, yet it refuses to provide copies of leases signed in conjunction with its operations. *Id*., Doc. Req. No. 18.

Oron claims it does not operate any computer servers in the United States and that significant data was lost when its hosting company cut off service, but refuses to provide documents identifying the computer equipment Oron used to operate its website. *Id*. Doc. Req. No. 21.

In many cases, Oron stated that "[t]o the extent that such documents exist in Oron's possession, custody or control, they will be produced upon execution of a mutually acceptable protective order, " but Oron did not request DataTech's stipulation to a protective order until the day it produced its discovery responses. *Id*. at ¶3. If Oron required a protective order in advance of producing documents, it should have made the request earlier so that it could produce documents when they were due. Oron has not produced any additional documents at this time in spite of being aware that this opposition is due on February 22, 2013[3]. DataTech attempted to negotiate a schedule that would allow for further meet and confer on discovery issues and the submission of briefs on an expedited schedule, but Defense counsel rejected this proposal, informing Plaintiff that they prefer to postpone oral argument on the Motion to Dismiss. *Id*. at ¶¶7-8. Defendants' withholding of

---

[3] DataTech acknowledges that lead defense counsel and associate defense counsel are on Spring holiday with their families the week of February 18 - 22 and that the Court did not issue the stipulated Protective Order until February 19th. Nonetheless, they have known they would be away for some time and should have requested the protective order much earlier so that documents could be produced prior to the due date for this Opposition Memorandum.

-18-

THE LAW OFFICE OF D. GILL SPERLEIN
345 GROVE STREET
SAN FRANCISCO, CA 94102
TEL: 415-404-6615   FAX: 415-404-6616

documents should not benefit Defendants and Plaintiff sees no reason to delay further the hearing of this motion.

"Courts are vested with inherent powers arising out of 'the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363, 368 (9th Cir. 1992) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991)).  The Ninth Circuit has recognized trial courts' "inherent discretionary power to make appropriate evidentiary rulings in response to the destruction or spoliation of relevant evidence."  *Glover v. BIC Corp.*, 6. F.3d 1318, 1329 (9th Cir.1993).  Therefore, sanctions for spoliation of evidence may be imposed under the court's inherent powers to manage its own affairs.  *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006).  Rule 37(b)(2)(A) allows for sanctions including prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence. Fed. Rule Civ. Pro. 37(b)(2)(A)(ii).

While it may be premature to determine if Defendants willfully destroyed evidence or simply refuse to provide evidence in their possession, the Court should preclude Defendants from advancing arguments which Plaintiff's may have been able to rebut, if Defendants had properly responded to jurisdictional discovery in a timely manner.  Moreover, for the purposes of Defendants' Motion to Dismiss and until a more detailed inquiry can be made into why the Defendants refuse to properly respond to discovery requests, the Court should infer that the withheld evidence is inculpatory.

-19-

THE LAW OFFICE OF D. GILL SPERLEIN
345 GROVE STREET
SAN FRANCISCO, CA 94102
TEL: 415-404-6615   FAX: 415-404-6616

**CONCLUSION**

The burden of establishing the unreasonableness of excising personal jurisdiction is on Defendants and they have failed to prove any one of the seven factors to be considered.

Dated:    *2/22/2013*                      Respectfully submitted,


                                          */s/ D. Gill Sperlein*


                                          _____
                                          D. GILL SPERLEIN
                                          THE LAW OFFICE OF D. GILL SPERLEIN

                                          Attorney for Plaintiff DataTech Enterprises, LLC,

THE LAW OFFICE OF D. GILL SPERLEIN
345 GROVE STREET   SAN FRANCISCO, CA 94102   FAX: 415-404-6616
TEL: 415-404-6615

-20-