D. GILL SPERLEIN (SBN 172887)
THE LAW OFFICE OF D. GILL SPERLEIN
345 Grove Street
San Francisco, California 94102
Telephone: (415) 404-6615
Facsimile: (415) 404-6616
gill@sperleinlaw.com

Attorney for Plaintiff DataTech Enterprises, LLC,

**UNITED STATES DISTRICT COURT**
**NORTHER DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| DATATECH ENTERPRISES, LLC, a Nevada Limited Liability Company,<br><br>    Plaintiff,<br>                vs.<br>FF MAGNAT LIMITED d/b/a ORON.COM, STANISLAV DAVIDOGLOV, and JOHN DOE a/k/a ROMAN ROMANOV (an alias); and<br><br>    Defendants. | **Case No.: Case No.: 2-12-4500 CRB**<br><br>**DECLARATION OF D. GILL SPERLEIN IN SUPPORT OF PLAINTIFF DATATECH ENTERPRISES, LLC'S OPPOSITION TO FF MAGNAT LIMITED AND STANISLAV DAVIDOGLAV'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**<br><br>Date:    March 8, 2013<br>Time:   10:00 a.m.<br>CtRm:  6, 17th Floor |

I, D. Gill Sperlein, declare:

   1.   I am an attorney licensed to practice in the State of California, a member of the

Bar of this Honorable Court and attorney of record for Plaintiff DataTech Enterprises, LLC.

The facts that I state herein are within my personal knowledge.

-1-

2.   I served jurisdictional discovery on Defense counsel on December 18, 2013 via e-mail with a request that they agree to accept service via e-mail.   I specifically requested that they inform me if they did not so agree, so that I might mail the discovery requests.  In this e-mail, I also requested that the parties set a briefing schedule for the motion to dismiss.  Defense counsel never  responded.  Therefore, I re-reserved the discovery requests via mail on January 3, 2013.  Responses thus became due on February 5, 2012.

3.   On February 5, 2013 Defense Counsel inquired as to whether DataTech would stipulate to a protective order.  Within one half hour by return e-mail, I agreed to stipulate to the Northern District of California's model Protective Order.  Defendants have not produced any additional documents under the Protective Order.

4.   I have attached at **Exhibit A**, a complete copy of Defendant FF Magnat Limited's Responses to DataTech's Interrogatories which includes the original interrogatories and  FF Magnat's written responses.

5.   I have attached at **Exhibit B**, a complete copy of Defendant FF Magnat Limited's Responses to DataTech's Requests for Admissions which includes the original requests and  FF Magnat's written responses.

6.   I have attached at **Exhibit C**, a complete copy of Defendant FF Magnat Limited's Responses to DataTech's Requests for Production which includes the original requests and  FF Magnat's written responses.

7.   Although FF Magnat delivered written response to DataTech's jurisdictional discovery requests, the responses were evasive, riddled with qualifying statements, and

-2-

otherwise unsatisfactory. I wrote Defense counsel on February 11th informing them of my general dissatisfaction with their responses and specifically identifying the key deficiencies. I reminded them that I was traveling from February 10th to the 17th and that I would get a detailed meet and confer letter to them as soon as I could. I have attached a copy of this e-mail at **Exhibit D**. I rearranged my travel to return one day early and sent a detailed meet and confer letter on Sunday, February, 17, 2013. I requested an immediate response in light of the fact that DataTech's Opposition brief was due on February 22, 2013.

8. Defense counsel strongly objected as both Mr. Gurvitz and Mr. Fray-Witzer were on vacation with their families the week of February 18th through the 22nd. We discussed stipulating to extend the time for filing DataTech's opposition in order to meet and confer. I proposed the following schedule: meet and confer on 2/27, Opposition due 3/1, Reply brief due 3/4. Defense counsel rejected this schedule stating that they preferred to delay oral argument. I explained that DataTech would not agree to delay the hearing further.

9. All of the witnesses Plaintiff currently intends to call are located in the United States and key witnesses, including Christopher Ward, are located in San Francisco.

///

///

///

///

-3-

DECLARATION OF D. GILL SPERLEIN IN SUPPORT
OF OPPOSITION TO MOTION TO DISMISS
C-12-4500 CRB

10. In a letter delivered via e-mail on December 18, 2012, I reminded Defense Counsel of the need to set a date to exchange initial disclosures. I repeated the reminder via e-mail on January 15, 2013. Defense counsel never responded to either request and never served initial disclosures. DataTech served its initial disclosures on February 4, 2013. Defendants have not provided any initial disclosures.

Pursuant to the laws of the United States, I declare under penalty of perjury the foregoing is true and correct.

*2/22/2013*                                     */s/ D. Gill Sperlein*

Dated:_____        _____

                                                                                         D. Gill Sperlein