# DECLARATION OF D. GILL SPERLEIN

# EXHIBIT A

DECLARATION OF D. GILL SPERLEIN IN SUPPORT OF PLAINTIFF DATATECH ENTERPRISES, LLC'S
OPPOSITION TO MOTION FOR SUMMARY JUDGMENT
C-12-4500 CRB

**KENNETH E. KELLER** (71450) kkeller@kksrr.com
**STAN F. ROMAN** (87652) sroman@kksrr.com
**MICHAEL D. LISI** (196974) mlisi@kksrr.com
**KRIEG, KELLER, SLOAN, ROMAN & HOLLAND LLP**
555 Montgomery Street, 17th Floor
San Francisco, CA 94111
Tel:   (415) 249-8330
Fax:   (415) 249-8333

**EVAN FRAY-WITZER** evan@CFWLegal.com
**CIAMPA FRAY-WITZER, LLP**
20 Park Plaza, Suite 505
Boston, MA 02116
Tel:   (617) 426-0000
Fax:   (617) 507-8043
*Admitted Pro Hac Vice*

**VALENTIN GURVITS** vgurvits@bostonlawgroup.com
**BOSTON LAW GROUP, PC**
825 Beacon Street, Suite 20
Newton Centre, MA 02459
Tel:   (617) 928-1804
Fax:   (617) 928-1802
*Admitted Pro Hac Vice*

Attorneys for Defendant FF MAGNAT LIMITED

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DATATECH ENTERPRISES, LLC, a Nevada Limited Liability Company,<br><br>        Plaintiff<br><br>vs.<br><br>FF MAGNAT LIMITED d/b/a ORON.COM; STANISLAV DAVIDOGLOV, and JOHN DOE a/k/a ROMAN ROMANOV (an alias).<br><br>        Defendants. | Case No. C-12-4500 CRB<br><br>**FF MAGNAT LIMITED'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO FF MAGNAT LIMITED**<br><br>**(Jurisdictional Issues)** |

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant FF Magnat Limited ("Oron"), by and through its undersigned counsel, hereby responds and objects to Plaintiff's First Set of Interrogatories to FF Magnat Limited (Jurisdictional Issues) ("Interrogatories"). Oron's failure to object to a particular Interrogatory or willingness to produce responses pursuant to an Interrogatory is not, and shall not be construed as an admission of the relevance or admissibility into evidence of any such response or that the purported factual premise for any Interrogatory is valid or accurate. The inadvertent production of any privileged information shall not be deemed to be a waiver of any applicable privilege with respect to such response or with respect to any other response. Oron's counsel is willing and prepared to discuss with Plaintiff's counsel definitions of vague, ambiguous, or otherwise objectionable terms utilized in, modifications of, and limitations upon each Interrogatory in light of the responses and objections contained herein in an effort to reach agreement as to the same and thereby obviate the need for such objections.

## General Objections

Oron interposes the following General Objections to the Interrogatories. These objections are made to the Interrogatories in general and are incorporated by reference into each of the responses set forth below.

1.　Oron objects to the Interrogatories to the extent that they are overbroad, unduly burdensome and seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

2.　Oron objects to each Interrogatory to the extent it seeks confidential business information and/or information protected from disclosure by the attorney-client privilege, the work-product doctrine or any other privilege and will not produce any such information.

3.　Oron objects to each Interrogatory to the extent it purports to require Oron to disclose information that is not within Oron's possession, custody, or control.

4.　Oron objects to all Interrogatories to the extent that they purport to create obligations that exceed the requirements of Rules 26 and 33 of the Federal Rules of Civil Procedure.

5.　Oron objects to the Interrogatories to the extent they call for production of information which is publicly available.

6.　Oron objects to the Interrogatories to the extent that they seek production of proprietary, confidential, or competitively sensitive information. Oron will produce such information in response to the Interrogatories pursuant to a Protective Order entered into this litigation. To the extent Oron has non-privileged responses which Oron cannot produce without the consent of a third party or parties, Oron will produce such responses provided consent of the

third party or parties is obtained.

7. Oron objects to the Interrogatories as irrelevant, overly broad and unduly burdensome to the extent that they seek documents or information generated after Plaintiff's filing of the Complaint.

8. Any inadvertent disclosure of information protected as privileged or subject to Oron's objection is not intended as a waiver of that privilege, objection, or information.

9. Oron objects to each Interrogatory to the extent that it calls for a determination of an issue of law.

10. Oron objects to each Interrogatory to the extent that it seeks information outside the discovery permitted by the Court's Order permitting the present discovery (ECF 65) (the "Court's Order").

11. Oron objects to each Interrogatory to the extent that it asks Oron to respond on behalf of other entities that are not parties to this action.

## Specific Objections and Responses to Interrogatories

**Interrogatory No. 1:** Identify by name, dates of employment, nationality, title, and workplace address each of YOUR employees who YOU employed at any time from 2010 until the present.

OBJECTIONS:

Oron objects to this Interrogatory on the basis that it seeks information outside the discovery permitted by the Court's Order. Indeed, by the very nature of the Court's Order, all discovery not specifically allowed, including portions of this Interrogatory, is violative of the Court's Order. The identification of all employees who Oron employed between 2010 and the present is not reasonably likely to aid in resolution of the jurisdiction issue here as related to the United States. Without limiting the foregoing, Oron therefore objects to this Interrogatory except to the extent that it seeks the identification of Oron's employees in the United States.

Oron also objects to this Interrogatory on the basis that it is overly broad and unduly burdensome. Oron objects to this Interrogatory to the extent that it asks Oron to respond with regards to any event occurring or relationship existing wholly before Oron acquired the Website. Oron also objects to this Interrogatory to the extent that it seeks information generated after Plaintiff's filing of the Complaint. Oron also objects to this Interrogatory to the extent that it seeks confidential business information and/or information protected from disclosure by the attorney-client privilege, the work-product doctrine or any other privilege and will not produce any such information.

ANSWER:

3

Subject to, and without waiving, the specific objections above and the General Objections, Oron had no employees in the United States which Oron employed at any time from on or about February 17, 2011 until immediately prior to the date of the filing of the present action.

**Interrogatory No. 2:** Identify by name and city of resident, each person YOU intend to call as a witness in this action.

OBJECTIONS:

Oron objects to this Interrogatory on the basis that it seeks information outside the discovery permitted by the Court's Order. Indeed, by the very nature of the Court's Order, all discovery not specifically allowed, including portions of this Interrogatory, is violative of the Court's Order. The identification of each person who Oron intends to call as a witness in this action is not reasonably likely to aid in resolution of the jurisdiction issue here as related to the United States. Without limiting the foregoing, Oron therefore objects to this Interrogatory in its entirety.

Oron also objects to this Interrogatory to the extent that it seeks information generated after Plaintiff's filing of the Complaint. Oron also objects to this Interrogatory to the extent that it seeks confidential business information and/or information protected from disclosure by the attorney-client privilege, the work-product doctrine or any other privilege and will not produce any such information.

ANSWER:

Subject to, and without waiving, the specific objections above and the General Objections, Oron does not currently intend to call any witnesses in this action.

**Interrogatory No. 3:** Identify by name and address every bank, payment processing company, or other financial institution with which FF Magnat Limited holds a payment processing account or other financial account of any kind.

OBJECTIONS:

Oron objects to this Interrogatory on the basis that it seeks information outside the discovery permitted by the Court's Order. Indeed, by the very nature of the Court's Order, all discovery not specifically allowed, including portions of this Interrogatory, is violative of the Court's Order. The identification of every bank, payment processing company, or other financial institution with which Oron holds an account is not reasonably likely to aid in resolution of the jurisdiction issue here as related to the United States. Without limiting the foregoing, Oron therefore objects to this Interrogatory except to the extent that it seeks the identification of such entities with a location in the United States.

4

Oron objects to this Interrogatory to the extent that it implies or presumes that Oron intended to open accounts with such entities with locations in the United States. Oron objects to this Interrogatory to the extent that it implies or presumes that Oron considered or evaluated whether any such entities had locations in the United States.

Oron also objects to this Interrogatory on the basis that it is overly broad and unduly burdensome. Oron objects to this Interrogatory to the extent that it asks Oron to respond with regards to any event occurring or relationship existing wholly before Oron acquired the Website. Oron also objects to this Interrogatory to the extent that it seeks information generated after Plaintiff's filing of the Complaint. Oron also objects to this Interrogatory to the extent that it seeks confidential business information and/or information protected from disclosure by the attorney-client privilege, the work-product doctrine or any other privilege and will not produce any such information.

ANSWER:

Subject to, and without waiving, the specific objections above and the General Objections, Oron provides below information as known to Oron in Oron's possession or control regarding banks, payment processing companies or other financial institutions (or entities within the same corporate family) with a location in the United States with which Oron held a payment processing account or other financial account from on or about February 17, 2011 through immediately prior to the date of the filing of the present action:

A)   PayPal through its affiliate PayPal Pte. Ltd., a Singaporean company

B)   Paymentwall, Inc. with offices at:
    1)   255 9th St, San Francisco, CA 94103
    2)   Unter den Linden 16, Penthouse 2.3, D-10117 Berlin
    3)   1 Lva Tolstogo sq., Penthouse A, Kiev 10030
    4)   Meşelik Sk. No:1/5 34433, Beyoğlu – İstanbul
    5)   Penthouse B, LPL Center Building, Leviste St., Makati City, Philippines 1227

C)   The companies doing business as Alertpay and now Payza, 9244-4421 Quebec Inc. and its affiliate MH Pillars Inc., both wholly owned subsidiaries of MH Pillars Ltd., 2 London Wall Buildings, London, EC2M 5UU, United Kingdom.

D)   CCBill, which has a European branch CCBill EU, Ltd. at Valletta Buildings, South Street, Valletta, Malta and an America branch, CCBill LLC, 2353 W. University Dr., Tempe, AZ 85281-7223.

**Interrogatory No. 4:** Identify by name and address every individual or entity to whom FF Magnat made affiliate or commission payments as the result of the sale of premium subscription services.

OBJECTIONS:

Oron objects to this Interrogatory on the basis that it seeks information outside the discovery permitted by the Court's Order. Indeed, by the very nature of the Court's Order, all discovery not specifically allowed, including portions of this Interrogatory, is violative of the Court's Order. The identification of every individual or entity to whom Oron made such payments is not reasonably likely to aid in resolution of the jurisdiction issue here as related to the United States. Without limiting the foregoing, Oron therefore objects to this Interrogatory except to the extent that it seeks the identification of such individuals or entities known by Oron to be in United States.

Oron objects to this Interrogatory to the extent that it implies or presumes that Oron intended make affiliate or commission payments to individuals or entities in the United States. Oron objects to this Interrogatory to the extent that it implies or presumes that Oron considered or evaluated whether any such individuals or entities were in the United States.

Oron also objects to this Interrogatory on the basis that it is overly broad and unduly burdensome. Oron objects to this Interrogatory to the extent that it asks Oron to respond with regards to any event occurring or relationship existing wholly before Oron acquired the Website. Oron also objects to this Interrogatory to the extent that it seeks information generated after Plaintiff's filing of the Complaint. Oron also objects to this Interrogatory to the extent that it seeks confidential business information and/or information protected from disclosure by the attorney-client privilege, the work-product doctrine or any other privilege and will not produce any such information.

ANSWER:

Subject to, and without waiving, the specific objections above and the General Objections, the records in Oron's care, custody and control do not identify the geographic locations of individuals or entities Oron made payments to or for what reason payments were made, and therefore Oron cannot identify the individuals or entities, if any, known by Oron to be in the United States to whom Oron made affiliate or commission payments as the result of the sale of premium subscription services from on or about February 17, 2011 through immediately prior to the date of the filing of the present action.

**Interrogatory No. 5:** Identify by name and address every person who has ever held an ownership interest in FF Magnat Limited.

OBJECTIONS:

Oron objects to this Interrogatory on the basis that it seeks information outside the discovery permitted by the Court's Order. Indeed, by the very nature of the Court's Order, all discovery not specifically allowed, including portions of this Interrogatory, is violative of the Court's Order. The identification of every person who has ever had an ownership interest in FF Magnat Limited is not reasonably likely to aid in resolution of the jurisdiction issue here as related to the United States. Without limiting the foregoing, Oron therefore objects to this

6

Interrogatory except to the extent that it seeks the identification of owners who are in the United States.

Oron objects to this Interrogatory to the extent that it asks Oron to respond with regards to any event occurring or relationship existing wholly before Oron acquired the Website. Oron also objects to this Interrogatory to the extent that it seeks information generated after Plaintiff's filing of the Complaint. Oron also objects to this Interrogatory to the extent that it seeks confidential business information and/or information protected from disclosure by the attorney-client privilege, the work-product doctrine or any other privilege and will not produce any such information.

ANSWER:

Subject to, and without waiving, the specific objections above and the General Objections, there has not been any person in the United States who has held an ownership interest in FF Magnat Limited from on or about February 17, 2011 to the filing of the Complaint in the present action (or at any other time).

**Interrogatory No. 6:** Describe DEFENDANT'S business operations in detail, including the location of its offices, the number of managers, employees, or contractors, and the job titles and description of duties for each.

OBJECTIONS:

Oron objects to this Interrogatory on the basis that it seeks information outside the discovery permitted by the Court's Order. Indeed, by the very nature of the Court's Order, all discovery not specifically allowed, including portions of this Interrogatory, is violative of the Court's Order. The description of Oron's business operations is not reasonably likely to aid in resolution of the jurisdiction issue here as related to the United States. Without limiting the foregoing, Oron therefore objects to this Interrogatory in its entirety.

Oron also objects to this Interrogatory on the basis that it is overly broad and unduly burdensome. Oron also objects to this Interrogatory to the extent that it seeks information generated after Plaintiff's filing of the Complaint. Oron also objects to this Interrogatory to the extent that it seeks confidential business information and/or information protected from disclosure by the attorney-client privilege, the work-product doctrine or any other privilege and will not produce any such information.

ANSWER:

Subject to, and without waiving, the specific objections above and the General Objections, Oron has no response to this Interrogatory.

**Interrogatory No. 7:** Provide any and all information regarding the individual who used the e-mail address mainroman@gmail.com to conduct business on behalf of FF Magnat Limited,

7

including without limitation, any identifying information and any explanation of his relationship to FF Magnat Limited.

OBJECTIONS:

Oron objects to this Interrogatory on the basis that it seeks information outside the discovery permitted by the Court's Order. Indeed, by the very nature of the Court's Order, all discovery not specifically allowed, including portions of this Interrogatory, is violative of the Court's Order. Information regarding the individual who used the e-mail address mainroman@gmail.com is not reasonably likely to aid in resolution of the jurisdiction issue here as related to the United States. Without limiting the foregoing, Oron therefore objects to this Interrogatory in its entirety.

Oron also objects to this Interrogatory on the basis that it is overly broad and unduly burdensome. Oron also objects to this Interrogatory to the extent that it seeks information generated after Plaintiff's filing of the Complaint. Oron also objects to this Interrogatory to the extent that it seeks confidential business information and/or information protected from disclosure by the attorney-client privilege, the work-product doctrine or any other privilege and will not produce any such information.

ANSWER:

Subject to, and without waiving, the specific objections above and the General Objections, Oron has no response to this Interrogatory.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY, THIS 28 DAY OF JANUARY, 2013.

_____
Stanislav Davidoglov
On behalf of FF Magnat Limited

As to all objections:

_____     28 January
Valentin D. Gurvits                 Date
Boston Law Group, PC
825 Beacon Street, Suite 20
Newton Centre, MA 02459
Tel: 617-928-1804
Fax: 617-928-1802
vgurvits@bostonlawgroup.com
*Pro Hac Vice*

9