# DECLARATION OF D. GILL SPERLEIN

# EXHIBIT B

**KENNETH E. KELLER** (71450) kkeller@kksrr.com
**STAN F. ROMAN** (87652) sroman@kksrr.com
**MICHAEL D. LISI** (196974) mlisi@kksrr.com
**KRIEG, KELLER, SLOAN, ROMAN & HOLLAND LLP**
555 Montgomery Street, 17th Floor
San Francisco, CA 94111
Tel:   (415) 249-8330
Fax:   (415) 249-8333

**EVAN FRAY-WITZER** evan@CFWLegal.com
**CIAMPA FRAY-WITZER, LLP**
20 Park Plaza, Suite 505
Boston, MA 02116
Tel:   (617) 426-0000
Fax:   (617) 507-8043
*Admitted Pro Hac Vice*

**VALENTIN GURVITS** vgurvits@bostonlawgroup.com
**BOSTON LAW GROUP, PC**
825 Beacon Street, Suite 20
Newton Centre, MA 02459
Tel:   (617) 928-1804
Fax:   (617) 928-1802
*Admitted Pro Hac Vice*

Attorneys for Defendant FF MAGNAT LIMITED

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DATATECH ENTERPRISES, LLC, a Nevada Limited Liability Company,<br><br>Plaintiff<br><br>vs.<br><br>FF MAGNAT LIMITED d/b/a ORON.COM; STANISLAV DAVIDOGLOV, and JOHN DOE a/k/a ROMAN ROMANOV (an alias).<br><br>Defendants. | Case No. C-12-4500 CRB<br><br>**FF MAGNAT LIMITED'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION TO FF MAGNAT LIMITED**<br><br>**(Jurisdictional Issues)** |

1

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Defendant FF Magnat Limited ("Oron"), by and through its undersigned counsel, hereby responds and objects to Plaintiff's First Set of Requests For Admission to FF Magnat Limited (Jurisdictional Issues) ("Requests"). Oron's failure to object to a particular Request or willingness to produce responses pursuant to a Request is not, and shall not be construed as an admission of the relevance or admissibility into evidence of any such response or that the purported factual premise for any Request is valid or accurate. The inadvertent production of any privileged information shall not be deemed to be a waiver of any applicable privilege with respect to such response or with respect to any other response. Oron's counsel is willing and prepared to discuss with Plaintiff's counsel definitions of vague, ambiguous, or otherwise objectionable terms utilized in, modifications of, and limitations upon each Request in light of the responses and objections contained herein in an effort to reach agreement as to such Request and thereby obviate the need for such objections.

## General Objections

Oron interposes the following General Objections to the Requests. These objections are made to the Requests in general and are incorporated by reference into each of the responses set forth below.

1.  Oron objects to the Requests to the extent that they are overbroad, unduly burdensome and seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

2.  Oron objects to each Request to the extent it seeks confidential business information and/or information protected from disclosure by the attorney-client privilege, the work-product doctrine or any other privilege and will not produce any such information.

3.  Oron objects to each Request to the extent it purports to require Oron to disclose information that is not within Oron's possession, custody, or control.

4.  Oron objects to all Requests to the extent that they purport to create obligations that exceed the requirements of Rules 26 and 36 of the Federal Rules of Civil Procedure.

5.  Oron objects to the Requests to the extent they call for production of information which is publicly available.

6.  Oron objects to the Requests to the extent that they seek production of proprietary, confidential, or competitively sensitive information. Oron will produce such information in response to the Requests pursuant to a Protective Order entered into this litigation. To the extent Oron has non-privileged responses which Oron cannot produce without the consent of a third party or parties, Oron will produce such responses provided consent of the third party or parties is obtained.

7. Oron objects to the Requests as irrelevant, overly broad and unduly burdensome to the extent that they seek documents or information generated after Plaintiff's filing of the Complaint.

8. Any inadvertent disclosure of information protected as privileged or subject to Oron's objection is not intended as a waiver of that privilege, objection, or information.

9. Oron objects to each Request to the extent that it calls for a determination of an issue of law.

10. Oron objects to each Request to the extent that it seeks information outside the discovery permitted by the Court's Order permitting the present discovery (ECF 65) (the "Court's Order").

11. Oron objects to each Request to the extent that it asks Oron to respond on behalf of other entities that are not parties to this action.

### Specific Objections and Responses to Requests for Admission

**RFA No. 1:** Admit that when YOU operated oron.com, YOU sold premium service subscriptions to residents of California.

OBJECTIONS:

Oron objects to this Request to the extent that it implies or presumes that Oron intended to direct the Website towards residents of California. Oron objects to this Request to the extent that it implies or presumes that Oron considered or evaluated whether any residents of California were using the Website. Oron objects further to the definition of "you" to the extent that it may be read to include any individual defendants inasmuch as the Oron.com website is owned and operated by a corporate entity, FF Magnat, Ltd. and not by any individual.

ANSWER:

Subject to, and without waiving, the specific objections above and the General Objections, Oron has no access to its records as a result of the asset freeze in this case and in a preceding case and therefore Oron does not have sufficient information to admit or deny whether Oron sold premium service subscriptions to residents of California when it operated oron.com, but to the extent that an answer to this Request is required, Oron DENIES this Request.

**RFA No. 2:** Admit that when YOU operated oron.com, YOU sold recurring premium service subscriptions to residents of California.

OBJECTIONS:

Oron objects to this Request to the extent that it implies or presumes that Oron intended to direct the Website towards residents of California. Oron objects to this Request to the extent that it implies or presumes that Oron considered or evaluated whether any residents of California were using the Website. Oron objects further to the definition of "you" to the extent that it may be read to include any individual defendants inasmuch as the Oron.com website is owned and operated by a corporate entity, FF Magnat, Ltd. and not by any individual.

ANSWER:

Subject to, and without waiving, the specific objections above and the General Objections, Oron has no access to its records as a result of the asset freeze in this case and in a preceding case and therefore Oron does not have sufficient information to admit or deny whether Oron sold recurring premium service subscriptions to residents of California when it operated oron.com, but to the extent that an answer to this Request is required, Oron DENIES this Request.

**RFA No. 3:** Admit that when YOU operated oron.com, YOU sold premium service subscriptions to residents of the United States.

OBJECTIONS:

Oron objects to this Request to the extent that it implies or presumes that Oron intended to direct the Website towards residents of the United States. Oron objects to this Request to the extent that it implies or presumes that Oron considered or evaluated whether any residents of the United States were using the Website. Oron objects further to the definition of "you" to the extent that it may be read to include any individual defendants inasmuch as the Oron.com website is owned and operated by a corporate entity, FF Magnat, Ltd. and not by any individual.

ANSWER:

Subject to, and without waiving, the specific objections above and the General Objections, Oron has no access to its records as a result of the asset freeze in this case and in a preceding case and therefore Oron does not have sufficient information to admit or deny whether Oron sold premium service subscriptions to residents of the United States when it operated oron.com, but to the extent that an answer to this Request is required, Oron DENIES this Request.

**RFA No. 4:** Admit that when YOU operated oron.com, YOU sold recurring premium service subscriptions to residents of the United States.

OBJECTIONS:

Oron objects to this Request to the extent that it implies or presumes that Oron intended to direct the Website towards residents of the United States. Oron objects to this Request to the extent that it implies or presumes that Oron considered or evaluated whether any residents of the United States were using the Website. Oron objects further to the definition of "you" to the

extent that it may be read to include any individual defendants inasmuch as the Oron.com website is owned and operated by a corporate entity, FF Magnat, Ltd. and not by any individual.

ANSWER:

Subject to, and without waiving, the specific objections above and the General Objections, Oron has no access to its records as a result of the asset freeze in this case and in a preceding case and therefore Oron does not have sufficient information to admit or deny whether Oron sold recurring premium service subscriptions to residents of the United States when it operated oron.com, but to the extent that an answer to this Request is required, Oron DENIES this Request.

**RFA No. 5:** Admit that when YOU operated oron.com, YOU paid affiliate fees to residents of California.

OBJECTIONS:

Oron objects to this Request to the extent that it implies or presumes that Oron intended to direct the Website towards residents of California. Oron objects to this Request to the extent that it implies or presumes that Oron considered or evaluated whether any residents of California were using the Website. Oron objects further to the definition of "you" to the extent that it may be read to include any individual defendants inasmuch as the Oron.com website is owned and operated by a corporate entity, FF Magnat, Ltd. and not by any individual.

ANSWER:

Subject to, and without waiving, the specific objections above and the General Objections, Oron has no access to its records as a result of the asset freeze in this case and in a preceding case and therefore Oron does not have sufficient information to admit or deny whether Oron paid affiliate fees to residents of California when it operated oron.com, but to the extent that an answer to this Request is required, Oron DENIES this Request.

**RFA No. 6:** Admit that when YOU operated oron.com, YOU paid recurring affiliate fees to residents of California.

OBJECTIONS:

Oron objects to this Request to the extent that it implies or presumes that Oron intended to direct the Website towards residents of California. Oron objects to this Request to the extent that it implies or presumes that Oron considered or evaluated whether any residents of California were using the Website. Oron objects further to the definition of "you" to the extent that it may be read to include any individual defendants inasmuch as the Oron.com website is owned and operated by a corporate entity, FF Magnat, Ltd. and not by any individual.

ANSWER:

Subject to, and without waiving, the specific objections above and the General Objections, Oron has no access to its records as a result of the asset freeze in this case and in a preceding case and therefore Oron does not have sufficient information to admit or deny whether Oron paid recurring affiliate fees to residents of California when it operated oron.com, but to the extent that an answer to this Request is required, Oron DENIES this Request.

**RFA No. 7:** Admit that when YOU operated oron.com, YOU paid affiliate fees to residents of the United States.

OBJECTIONS:

Oron objects to this Request to the extent that it implies or presumes that Oron intended to direct the Website towards residents of the United States. Oron objects to this Request to the extent that it implies or presumes that Oron considered or evaluated whether any residents of the United States were using the Website. Oron objects further to the definition of "you" to the extent that it may be read to include any individual defendants inasmuch as the Oron.com website is owned and operated by a corporate entity, FF Magnat, Ltd. and not by any individual.

ANSWER:

Subject to, and without waiving, the specific objections above and the General Objections, Oron has no access to its records as a result of the asset freeze in this case and in a preceding case and therefore Oron does not have sufficient information to admit or deny whether Oron paid affiliate fees to residents of the United States when it operated oron.com, but to the extent that an answer to this Request is required, Oron DENIES this Request.

**RFA No. 8:** Admit that when YOU operated oron.com, YOU paid recurring affiliate fees to residents of the United States.

OBJECTIONS:

Oron objects to this Request to the extent that it implies or presumes that Oron intended to direct the Website towards residents of the United States. Oron objects to this Request to the extent that it implies or presumes that Oron considered or evaluated whether any residents of the United States were using the Website. Oron objects further to the definition of "you" to the extent that it may be read to include any individual defendants inasmuch as the Oron.com website is owned and operated by a corporate entity, FF Magnat, Ltd. and not by any individual.

ANSWER:

Subject to, and without waiving, the specific objections above and the General Objections, Oron has no access to its records as a result of the asset freeze in this case and in a preceding case and therefore Oron does not have sufficient information to admit or deny whether Oron paid recurring affiliate fees to residents of the United States when it operated oron.com, but to the extent that an answer to this Request is required, Oron DENIES this Request.

**RFA No. 9:** Admit that when YOU operated oron.com, YOU paid affiliate fees to referring websites operating from within California under YOUR website owners programs.

OBJECTIONS:

Oron objects to this Request to the extent that it implies or presumes that Oron intended to direct the Website towards websites operating from within California. Oron objects to this Request to the extent that it implies or presumes that Oron considered or evaluated whether any websites operating from within California were using the Website. Oron objects further to the definition of "you" to the extent that it may be read to include any individual defendants inasmuch as the Oron.com website is owned and operated by a corporate entity, FF Magnat, Ltd. and not by any individual.

ANSWER:

Subject to, and without waiving, the specific objections above and the General Objections, Oron has no access to its records as a result of the asset freeze in this case and in a preceding case and therefore Oron does not have sufficient information to admit or deny whether Oron paid affiliate fees to referring websites operating from within California under its website owners programs when it operated oron.com, but to the extent that an answer to this Request is required, Oron DENIES this Request.

**RFA No. 10:** Admit that when YOU operated oron.com, YOU paid recurring affiliate fees to referring websites operating from within California under YOUR website owners programs.

OBJECTIONS:

Oron objects to this Request to the extent that it implies or presumes that Oron intended to direct the Website towards websites operating from within California. Oron objects to this Request to the extent that it implies or presumes that Oron considered or evaluated whether any websites operating from within California were using the Website. Oron objects further to the definition of "you" to the extent that it may be read to include any individual defendants inasmuch as the Oron.com website is owned and operated by a corporate entity, FF Magnat, Ltd. and not by any individual.

ANSWER:

Subject to, and without waiving, the specific objections above and the General Objections, Oron has no access to its records as a result of the asset freeze in this case and in a preceding case and therefore Oron does not have sufficient information to admit or deny whether Oron paid recurring affiliate fees to referring websites operating from within California under its website owners programs when it operated oron.com, but to the extent that an answer to this Request is required, Oron DENIES this Request.

**RFA No. 11:** Admit that when YOU operated oron.com, YOU paid affiliate fees to referring websites operating from within the United States under YOUR website owners programs.

OBJECTIONS:

Oron objects to this Request to the extent that it implies or presumes that Oron intended to direct the Website towards websites operating from within the United States. Oron objects to this Request to the extent that it implies or presumes that Oron considered or evaluated whether any websites operating from within the United States were using the Website. Oron objects further to the definition of "you" to the extent that it may be read to include any individual defendants inasmuch as the Oron.com website is owned and operated by a corporate entity, FF Magnat, Ltd. and not by any individual.

ANSWER:

Subject to, and without waiving, the specific objections above and the General Objections, Oron has no access to any of its records as a result of the asset freeze in this case and in a preceding case and therefore Oron does not have sufficient information to admit or deny whether Oron paid affiliate fees to referring websites operating from within the United States under its website owners programs when it operated oron.com, but to the extent that an answer to this Request is required, Oron DENIES this Request.

**RFA No. 12:** Admit that when YOU operated oron.com, YOU paid recurring affiliate fees to referring websites operating from within the United States under YOUR website owners programs.

OBJECTIONS:

Oron objects to this Request to the extent that it implies or presumes that Oron intended to direct the Website towards websites operating from within the United States. Oron objects to this Request to the extent that it implies or presumes that Oron considered or evaluated whether any websites operating from within the United States were using the Website. Oron objects further to the definition of "you" to the extent that it may be read to include any individual defendants inasmuch as the Oron.com website is owned and operated by a corporate entity, FF Magnat, Ltd. and not by any individual.

ANSWER:

Subject to, and without waiving, the specific objections above and the General Objections, Oron has no access to any of its records as a result of the asset freeze in this case and in a preceding case and therefore Oron does not have sufficient information to admit or deny whether Oron paid recurring affiliate fees to referring websites operating from within the United States under its website owners programs when it operated oron.com, but to the extent that an answer to this Request is required, Oron DENIES this Request.

**RFA No. 13:** Admit that at the time YOU granted Porn Guardian a removal tool enabling it to directly take down infringing material from Oron's website, that YOU knew Porn Guardian was a U.S.-based company.

OBJECTIONS:

Oron objects to this Request to the extent that it implies or presumes that Oron intended to interact with a United States based company. Oron objects to this Request to the extent that it implies or presumes that Oron considered or evaluated whether Porn Guardian was a United States based company. Oron objects further to the definition of "you" to the extent that it may be read to include any individual defendants inasmuch as the Oron.com website is owned and operated by a corporate entity, FF Magnat, Ltd. and not by any individual.

ANSWER:

Subject to, and without waiving, the specific objections above and the General Objections, Oron DENIES this Request.

**RFA No. 14:** Admit that at the time YOU granted Porn Guardian a removal tool enabling it to directly take down infringing material from Oron's website, that YOU knew Porn Guardian represented U.S.-based copyright holders.

OBJECTIONS:

Oron objects to this Request to the extent that it implies or presumes that Oron intended to interact with a company representing United States based copyright holders. Oron objects to this Request to the extent that it implies or presumes that Oron considered or evaluated whether Porn Guardian represented U.S.-based copyright holders. Oron objects further to the definition of "you" to the extent that it may be read to include any individual defendants inasmuch as the Oron.com website is owned and operated by a corporate entity, FF Magnat, Ltd. and not by any individual.

ANSWER:

Subject to, and without waiving, the specific objections above and the General Objections, Oron ADMITS this Request.

**RFA No. 15:** Admit that Davidoglov Stanislav understands and can communicate in English proficiently.

OBJECTION:

Oron objects to this Request on the basis that it seeks an admission outside the discovery permitted by the Court's Order. Indeed, by the very nature of the Court's Order, all discovery not specifically allowed, including portions of this Request, is violative of the Court's Order. Whether Stanislav Davidoglov understands and can communicate in English proficiently is not reasonably likely to aid in resolution of any jurisdiction issue. Without limiting the foregoing, Oron therefore objects to this Request in its entirety.

**RFA No. 16:** Admit that an individual used the e-mail address mainroman@gmail.com to carry out business on behalf of FF Magnat Limited.

OBJECTION:

Oron objects to this Request on the basis that it seeks an admission outside the discovery permitted by the Court's Order. Indeed, by the very nature of the Court's Order, all discovery not specifically allowed, including portions of this Request, is violative of the Court's Order. Whether an individual used the e-mail address mainroman@gmail.com to carry out business on behalf of FF Magnat Limited is not reasonably likely to aid in resolution of the jurisdiction issue because, in any event, Oron has no (and did not have at any time relevant to the present action) employees, agents, or contractors working for it in the United States. Without limiting the foregoing, Oron therefore objects to this Request in its entirety.

**RFA No. 17:** Admit that sven@oron.com is an e-mail assigned to an employee, manager, or contractor of FF Magnat Limited.

OBJECTION:

Oron objects to this Request on the basis that it seeks an admission outside the discovery permitted by the Court's Order. Indeed, by the very nature of the Court's Order, all discovery not specifically allowed, including portions of this Request, is violative of the Court's Order. Whether sven@oron.com is an e-mail assigned to an employee, manager, or contractor of FF Magnat Limited is not reasonably likely to aid in resolution of the jurisdiction issue here as related to the United States and because, in any event, Oron has no (and did not have at any time relevant to the present action) employees, agents, or contractors working for it in the United States. Without limiting the foregoing, Oron therefore objects to this Request in its entirety.

**RFA No. 18:** Admit that support@oron.com is an e-mail created by an employee, manager, or contractor of FF Magnat Limited for use in carrying out the business of FF Magnat Limited.

OBJECTION:

Oron objects to this Request on the basis that it seeks an admission outside the discovery permitted by the Court's Order. Indeed, by the very nature of the Court's Order, all discovery not specifically allowed, including portions of this Request, is violative of the Court's Order. Whether support@oron.com is an e-mail created by an employee, manager, or contractor of FF Magnat Limited for use in carrying out the business of FF Magnat Limited is not reasonably likely to aid in resolution of the jurisdiction issue because, in any event, Oron has no (and did not have at any time relevant to the present action) employees, agents, or contractors working for it in the United States. Without limiting the foregoing, Oron therefore objects to this Request in its entirety.

**RFA No. 19:** Admit that an individual used the e-mail address mainroman@gmail.com to carry out business on behalf of FF Magnat Limited.

OBJECTIONS:

Oron objects to this Request on the basis that it is the same Request as RFA No. 16.

Oron objects to this Request on the basis that it seeks an admission outside the discovery permitted by the Court's Order. Indeed, by the very nature of the Court's Order, all discovery not specifically allowed, including portions of this Request, is violative of the Court's Order. Whether an individual used the e-mail address mainroman@gmail.com to carry out business on behalf of FF Magnat Limited is not reasonably likely to aid in resolution of the jurisdiction issue because, in any event, Oron has no (and did not have at any time relevant to the present action) employees, agents, or contractors working for it in the United States. Without limiting the foregoing, Oron therefore objects to this Request in its entirety.

**RFA No. 20:** Admit that the document attached hereto as Exhibit A is an e-mail exchange between an email controlled by FF Magnat Limited and someone using the e-mail address mainroman@gmail.com.

OBJECTION:

Oron objects to this Request on the basis that it seeks an admission outside the discovery permitted by the Court's Order. Indeed, by the very nature of the Court's Order, all discovery not specifically allowed, including portions of this Request, is violative of the Court's Order. Whether the referenced e-mail exchange is between an email controlled by FF Magnat Limited and someone using the e-mail address mainroman@gmail.com is not reasonably likely to aid in resolution of the jurisdiction issue because, in any event, Oron has no (and did not have at any time relevant to the present action) employees, agents, or contractors working for it in the United States. Without limiting the foregoing, Oron therefore objects to this Request in its entirety.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY, THIS 28 DAY OF JANUARY, 2013.

_____
Stanislav Davidoglov
On behalf of FF Magnat Limited

As to all objections:

_____
Valentin D. Gurvits
Boston Law Group, PC
825 Beacon Street, Suite 20
Newton Centre, MA 02459
Tel: 617-928-1804
Fax: 617-928-1802
vgurvits@bostonlawgroup.com
*Pro Hac Vice*

28 January 2013
Date