# DECLARATION OF D. GILL SPERLEIN

# EXHIBIT D

DECLARATION OF D. GILL SPERLEIN IN SUPPORT OF PLAINTIFF DATATECH ENTERPRISES, LLC'S
OPPOSITION TO MOTION FOR SUMMARY JUDGMENT
C-12-4500 CRB

# D. Gill Sperlein

| | |
|---|---|
| **From:** | D. Gill Sperlein [Gill@SperleinLaw.com] |
| **Sent:** | Monday, February 11, 2013 9:09 AM |
| **To:** | vgurvits@bostonlawgroup.com |
| **Cc:** | evan@cfwlegal.com; kkeller@kksrr.com; mlisi@kksrr.com; sroman@kksrr.com |
| **Subject:** | Inadequate Discovery Responses |
| **Attachments:** | Subpoena.pdf; Subpoena_XO.pdf |

Dear Mr. Gurvits:

The discovery response you provided this week were wholly unsatisfactory.  There will not be sufficient time to file a motion to compel prior to oral argument on your clients' Motion to Dismiss for Lack of Jurisdiction.  Nonetheless, I hope to get a detailed letter to you shortly in an effort to meet and confer.   I am traveling this week so it will be difficult for me to give this the attention I would otherwise.

As an overall observation, your arguments conflict with the fundamental purpose of discovery.  Discovery allows one party to confirm or refute positions taken by the opposing party by examining the documents that would otherwise only be available to the party that holds them in their possession.  It is not sufficient to say we only must provide documents that we deem relevant.  If a legitimate request is made, you must provide adequate responses in order to allow us to evaluate whether documentary evidence supports or refutes your position.  In other words, you cannot simply say we have claimed there is no personal jurisdiction so obviously there are no documents that support establishing personal jurisdiction.

As I mentioned, I am working on a more detailed letter discussing the individual discovery responses.  I likely will not be able to get this to you until Wednesday.  However, in the meantime there are several comments that apply universally.  To the extent any information is confidential, the recently filed stipulation to a protective order should resolve this issue and you are obligated to produce any such information.  To the extent that any of the discovery requests seek information that is subject to attorney-client privilege or the work-product doctrine you must describer those documents in a privilege log.

Should you continue to take the unreasonable and unwarranted positions you set forth in your responses, we will file a motion to compel.  At the upcoming hearing we will explain to the Court that you virtually have refused to provide any of the discovery we requested.

Attached to this e-mail you will also see copies of two third party subpoenas we are serving in order to obtain some of the information you refused to produce.

Gill

**Confidentiality Notice:** This electronic transmission (and any documents accompanying it) may contain confidential information belonging to the Sender and protected by the attorney-client privilege. This transmission is intended only for the use of the individual or entity named above. Disclosure, copying, distributing, or taking any action in reliance on the contents of this transmittal by anyone other than the intended recipient is strictly prohibited. If you have received this transmission in error, please contact the Sender immediately to arrange for its return.

**Tax Advice Disclosure:** To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or