1  **KENNETH E. KELLER** (71450) kkeller@kksrr.com
   **STAN F. ROMAN** (87652) sroman@kksrr.com
2  **MICHAEL D. LISI** (196974) mlisi@kksrr.com
   **KRIEG, KELLER, SLOAN, ROMAN & HOLLAND LLP**
3  555 Montgomery Street, 17th Floor
   San Francisco, CA 94111
4  Tel:    (415) 249-8330
   Fax:    (415) 249-8333
5

   **EVAN FRAY-WITZER** evan@CFWLegal.com
6  **CIAMPA FRAY-WITZER, LLP**
   20 Park Plaza, Suite 505
7  Boston, MA 02116
   Tel:    (617) 426-0000
8  Fax:    (617) 507-8043
   *Admitted Pro Hac Vice*
9

   **VALENTIN GURVITS** vgurvits@bostonlawgroup.com
10 **BOSTON LAW GROUP, PC**
   825 Beacon Street, Suite 20
11 Newton Centre, MA 02459
   Tel:    (617) 928-1804
12 Fax:    (617) 928-1802
   *Admitted Pro Hac Vice*
13

   Attorneys for Defendant FF MAGNAT LIMITED and STANISLAV DAVIDOGLOV

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DATATECH ENTERPRISES, LLC, a Nevada Limited Liability Company,<br><br>            Plaintiff<br><br>     vs.<br><br>FF MAGNAT LIMITED d/b/a ORON.COM; STANISLAV DAVIDOGLOV, and JOHN DOE a/k/a ROMAN ROMANOV (an alias).<br><br>            Defendants. | Case No. C-12-4500 CRB<br><br>**DEFENDANTS' EMERGENCY MOTION FOR CONTINUANCE AND TO STAY TIME TO FILE REPLY BRIEF ON DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**<br><br>Judge:       Hon. Charles R. Breyer<br>Courtroom:   Courtroom 6 – 17th Floor |

Defendants FF Magnat Limited ("Oron") and Stanislav Davidoglov ("Mr. Davidoglov")(collectively, the "Defendants") hereby respectfully move that the Court: (a) continue the hearing on their Motion to Dismiss (but only that Motion), currently scheduled for oral argument on March 8, 2013, and (b) stay the time for Oron to file its Reply to DataTech's Response to Oron's Motion to Dismiss for Lack of Jurisdiction until one week after the parties' jurisdictional discovery disputes are resolved.  In support of this Motion, Oron states as follows:

1. On December 7, 2012, Oron filed its Motion to Dismiss for Lack of Personal Jurisdiction.  (Docket No. 64).

2. Also on December 7, 2012, this Court issued a minute order instructing the parties to work out a briefing schedule for the Motion to Dismiss and ordering that discovery would be limited to jurisdictional issues.  (Docket No. 65)

3. Subsequently, DataTech served on Oron wide-ranging discovery requests which were in no way limited to jurisdictional issues, in direct contravention of this Court's order.  As just a few examples, despite this Court having limited discovery to jurisdictional issues, DataTech sought:

    a. the names of each person Oron intended to call at trial as a witness;

    b. information concerning every bank, financial institution, and payment processing company used by Oron (regardless of where in the world such institution was located);

    c. the name and address of every person ever to hold an ownership interest in FF Magnat (without regard to where such individuals are located);

    d. every document evidencing any asset owned by FF Magnat (regardless of where in the world such assets may be found);

    e. every document "relating to the corporate governance of FF Magnat Limited including any incorporating documents, bylaws, statements of officers, or similar documents;"

   f. every document which discusses or relates to marketing campaigns to promote oron.com (without regard to whether such campaigns were in any way related to or directed at the United States);

   g. all documents concerning Mr. Davidoglov's purchase of FF Magnat;

   h. every press release issued by FF Magnat;

   i. every document concerning the monetization of the Oron.com website;

   j. copies of every page of Mr. Davidoglov's passport; and

   k. an admission that Mr. Davidoglov is fluent in English.

  4. Not surprisingly, Oron objected to these (and many other) requests to the extent that they sought information or documents unrelated to Oron's connections with the United States.

  5. On February 5, 2013, the Defendants provided DataTech with its discovery responses.

  6. On February 11, 2013, DataTech's counsel sent an email to Oron's counsel stating that *he* was travelling, but that he generally felt that the Defendants' discovery responses were insufficient (without specifically identifying any such alleged deficiency).

  7. On Sunday, February 17, 2013 (the Sunday of President's day weekend), when DataTech's counsel knew that both of Defendants' counsel would be away on pre-planned (and previously disclosed) family vacations, DataTech's counsel sent a letter detailing DataTech's complaints concerning the Defendants' discovery responses and demanding an immediate meet and confer.

  8. Despite being away, Defendants' counsel immediately responded to DataTech's email, reminding counsel that Defendants' counsel were away on previously disclosed vacations

1  and offering to meet and confer on any of multiple dates upon Defendants' counsel's return.  *See*
2  Exhibit 1.

3    9.   Over the next day, the parties attempted to find a schedule that would permit a
4  meet and confer as well as the remaining briefing required for the Motion to Dismiss.
5  Ultimately, however, the schedule proposed by DataTech would have required Defendants to
6  draft their reply brief in two business days.

7    10.   Rather than have the parties operate under such compressed timeframes,
8  Defendants proposed that the Motion to Dismiss be taken off calendar (which would still leave
9  three motions to be heard on March 8) so that the parties could have a timely meet and confer,
10 resolve as many discovery disputes as possible, ask the Court for resolution of any remaining
11 disputes (if any), and the completion of briefing.  *See* Exhibits 2 and 3.

12   11.   Datatech rejected this offer (*see* Exhibit 4) and, instead, filed its Response on
13 February 22, 2013, in which it asked the Court to infer from the Defendants' wholly proper
14 objections to overbroad discovery that the materials improperly sought by DataTech were
15 somehow inculpatory to the Defendants.

16   12.   In other words, DataTech has chosen to skip (a) the required meet and confer; (b)
17 any attempt to narrow or eliminate discovery disputes; (c) the requirement that it file a Motion to
18 Compel any further discovery responses to which it believes it is entitled; (d) Defendants' right
19 to oppose such a motion; and (e) a ruling from this Court.  Instead, DataTech prefers to skip
20 directly to the Defendants being sanctioned for its unwillingness to submit to discovery far

outside that which has been ordered by this Court.  It is an attempt to drag this Court through the looking glass into Wonderland which should be flatly rejected.[1]

13. Before filing their Reply to DataTech's Response, the Defendants should have the opportunity to meet and confer with DataTech, resolve those discovery disputes which can be resolved, and have the Court resolve any remaining discovery disputes relating to jurisdictional discovery.  At *that point*, the Defendants will be afforded with a fair opportunity to file their Reply and then the Motion will be ready for oral argument and consideration by this Court.

14. In addition to Defendants' Motion to Dismiss, the Court has scheduled hearings on *three* other motions in this case for the morning of March 8, 2013.  In other words, even if the Motion to Dismiss is taken off calendar for that date, the parties have more than enough to discuss at the March 8 hearing.

15. No party will be prejudiced by following the actual procedures provided for by this Court and by the local rules and there is no earthly reason why the hearing on the Motion to Dismiss (which is, after all, the Defendants' Motion) cannot be rescheduled for a later date after the issues raised by DataTech in its response are addressed in the ordinary course.

16. Defendants requested Plaintiff to meet and confer regarding the issue of continuing this hearing, but Plaintiff would not accommodate that request.  *See* Exhibits 5 and 6.

---

[1] "Sentence first – verdict afterwards." Lewis Carroll, Alice's Adventures in Wonderland, Chapter 12.

1     Accordingly, the Defendants respectfully request that the Court (a) continue the hearing

2 on the Defendants' Motion to Dismiss only to a later date, and (b) stay the deadline for

3 Defendants to file their Reply brief until seven (7) days after a final resolution (either voluntary

4 or by this Court) of all outstanding disputes concerning Defendants' jurisdictional discovery

5 responses.

6 Respectfully Submitted,

7 FF MAGNAT LIMITED,
  BY ITS ATTORNEYS,

8

  /s/ Evan Fray-Witzer
9 **EVAN FRAY-WITZER** Evan@CFWLegal.com
  **CIAMPA FRAY-WITZER, LLP**
10 20 Park Plaza, Suite 505
  Boston, MA 02116
11 Tel:  (617) 426-0000
  Fax:  (617) 507-8043

12

13   /s/ Valentin Gurvits
  **VALENTIN GURVITS** vgurvits@bostonlawgroup.com
14 **BOSTON LAW GROUP, PC**
  825 Beacon Street, Suite 20
15 Newton Centre, MA 02459
  Tel:  (617) 928-1804
16 Fax:  (617) 928-1802

17

  /s/ Kenneth E. Keller
18 **KENNETH E. KELLER** (71450) kkeller@kksrr.com
  **STAN F. ROMAN** (87652) sroman@kksrr.com
19 **MICHAEL D. LISI** (196974) mlisi@kksrr.com
  **KRIEG, KELLER, SLOAN, ROMAN & HOLLAND LLP**
20 555 Montgomery Street, 17th Floor
  San Francisco, CA 94111
21 Tel:  (415) 249-8330
  Fax:  (415) 249-8333

22

**CERTIFICATE OF SERVICE**

I, Evan Fray-Witzer, hereby certify that on February 14, 2013, a copy of the above document was served on all counsel of record via the Court's ECF system

/s/  Evan Fray-Witzer
Evan Fray-Witzer