| | |
|---|---|
| **From:** | D. Gill Sperlein |
| **To:** | "Evan Fray-Witzer"; "Val Gurvits" |
| **Cc:** | kkeller@kksrr.com; sroman@kksrr.com; mlisi@kksrr.com; evan@cfwlegal.com; gill@sperleinlaw.com |
| **Subject:** | RE: Meet and Confer re Oron"s Inadequate Responses to Jurisdictional Discovery |
| **Date:** | Monday, February 18, 2013 4:24:51 PM |

Evan - I will have to touch base with my client on that.  I just tried to reach DataTech's general counsel and could not get a hold of him.  However, I am not inclined to agree to take the motion off calendar.  To the extent the ENE will do any good at all I think it is important to have a better idea of the strength or weaknesses of these issues.  Although the COurt may not rule from the bench, Judge Breyer tends to let the Parties know where he is headed.  Indeed, I scheduled the summary judgment motion on the same date for the vary purpose of having the minor DMCA eligibility issue, briefed and argued in advance of the ENE, as well as for the convenience of having motions heard on the same date  (in spite of the ulterior motives you chose to ascribe to me).

My efforts to meet and confer were really in Oron's best interest.  If you prefer to stand by your discovery responses rather than adjust the briefing schedule so that we have additional time to meet and confer, while retaining the oral argument date, we will simply request that the Court infer that any data you failed to produce was inculpatory in nature.

Please reconsider options for continuing with oral argument on the 8th.  I will continue to try to reach Lance, but in the meantime, I will move forward on the assumption that the original briefing and oral argument schedule will stand.

Gill


_____

D. GILL SPERLEIN

---

**From:** Evan Fray-Witzer [mailto:efwcal@gmail.com]
**Sent:** Monday, February 18, 2013 12:42 PM
**To:** D. Gill Sperlein; 'Val Gurvits'
**Cc:** kkeller@kksrr.com; sroman@kksrr.com; mlisi@kksrr.com; evan@cfwlegal.com
**Subject:** RE: Meet and Confer re Oron's Inadequate Responses to Jurisdictional Discovery

Gill-

Rather than try to compress the schedule that much, which will probably prove near-impossible anyway with the work waiting for us in this case and others- we think that it makes more sense to just have the motion to dismiss heard on another date.  Given that we already have our motion on the PI, your motion on the PI, and your partial motion for summary judgment all set for March 8, I'm sure the court will be tired of us by the time we're done.  Why don't we take the Motion to Dismiss off for the day, pick a new date that everyone likes, and then do things in a more thoughtful manner?

Evan

"D. Gill Sperlein" <gill@sperleinlaw.com> wrote:
Val - as I am preparing this stipulation and taking a closer look at the dates I see some problems. Namely if we meet and confer on Wed. 2/27 with our Opposition due 5 days later, there would not be sufficient time for you to submit a Reply prior to the oral argument on Friday, March 8th.

If we meet early in the day on Wednesday 2/27 and you can get any additional responses to me by the close of the business day on Thursday 2/28, we could have our brief filed by midnight on 2/28.  If we agree to this accelerated schedule, could you agree to have your Reply filed by midnight on Monday March 4th?  I think the Court is going to be reluctant to grant any schedule that would make your brief due any later than that.

Gill

_____
D. GILL SPERLEIN

---

**From:** Val Gurvits [mailto:vgurvits@bostonlawgroup.com]
**Sent:** Sunday, February 17, 2013 8:09 PM
**To:** D. Gill Sperlein
**Cc:** kkeller@kksrr.com; sroman@kksrr.com; mlisi@kksrr.com; evan@cfwlegal.com
**Subject:** Re: Meet and Confer re Oron's Inadequate Responses to Jurisdictional Discovery

Gill,

Yes, I have access to my email via my iPhone and will be able to review and sign off on the stipulation tomorrow.  I will deal with the discovery issues, including your over-broad requests, at the appropriate time.

Val Gurvits
Sent from my iPhone

On Feb 17, 2013, at 8:40 PM, "D. Gill Sperlein" <Gill@SperleinLaw.com> wrote:

> Val:

To the extent that we are in a crunch to get discovery disputes resolved, it is a crises of your making - not mine.  Your initial discovery responses were so woefully inadequate that my response took quite a while to prepare.   While I told you I hoped to get my responses to you by Thursday, I was unable to.  Yes, I knew you and Evan have holidays scheduled for the coming week, but you also knew that I was away at a business conference all last week.  I cut my trip one day short and continued work on the meet and confer on my flight home.  I awoke on this Sunday morning at 7:30 a.m. and left my family to go to the office so that I could complete the letter. I sent it to you as soon as it was complete.  Unlike your unfounded accusations that the timing of my letter was intentional, your inadequate responses were intentional on their face.

To make certain that there is no misunderstanding, I take your offer to extend DataTech's deadline to refer to DataTech's Opposition to Oron's Motion to Dismiss.  DataTech's Reply to Onon's Opposition to our Motion for Summary Judgment is still due this Friday.  If my understanding is correct, I appreciate the gesture.

Will you be able to review and sign off on a stipulation reflecting the above via e-mail tomorrow?  I would prefer that we have notify the Court of this stipulation and get it on the record.

D. GILL SPERLEIN

---

**From:** Val Gurvits [mailto:vgurvits@bostonlawgroup.com]
**Sent:** Sunday, February 17, 2013 6:37 PM
**To:** D. Gill Sperlein
**Cc:** kkeller@kksrr.com; sroman@kksrr.com; mlisi@kksrr.com; evan@cfwlegal.com; gill@sperleinlaw.com
**Subject:** Re: Meet and Confer re Oron's Inadequate Responses to Jurisdictional Discovery

Gill,

Oron provided responses to your discovery requests almost two week ago on February 5th.

You waited almost two weeks and then today, on Sunday February 17th, in the midst of a long weekend when you know that Monday is a holiday, you served me with a meet and confer letter and requested an "immediate" response.

Moreover, as attorney Fray Witzer told you on numerous occasions, both he and I are out of town this entire week on a family vacation with our children.

In light of the foregoing, I believe that the timing of your letter and your unreasonable request are intentional. You know perfectly well that I cannot reply to you "immediately" and that I will not be in my office for the next week.

I am back in my office on Monday, February 25th. I will review your letter and discuss it with my client upon my return. I could be available for a meet and confer any time on Wednesday February 27, Thursday February 28 or Friday March 1st.

We stipulate to extend DataTech's response due date until five days after the meet and confer.

Val Gurvits
Sent from my iPhone

On Feb 17, 2013, at 3:22 PM, "D. Gill Sperlein" <gill@sperleinlaw.com> wrote:

> Val Gurvits
> Boston Law Group, PC
> 825 Beacon Street, Suite 20
> Newton Centre, MA 02459
>
> VIA e-mail gurvits@bostonlawgroup.com
>
> Re:     Meet and Confer re Oron's Inadequate Responses to Jurisdictional Discovery
>
> Val:
>
> Please see the attached letter and respond immediately.
>
> Gill
>
> _____

D. Gill Sperlein

<IMAGE001.JPG>

**Confidentiality Notice:** This electronic transmission (and any documents accompanying it) may contain confidential information belonging to the Sender and protected by the attorney-client privilege and/or the Work Product Doctrine. This transmission is intended only for the use of the individual or entity named above. Disclosure, copying, distributing, or taking any action in reliance on the contents of this transmittal by anyone other than the intended recipient is strictly prohibited. If you have received this transmission in error, please contact the Sender immediately to arrange for its return.

**Tax Advice Disclosure:** To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

<MeetAndConferLetter_2013_02_17.pdf>

--
Sent from Kaiten Mail. Please excuse my brevity.