D. GILL SPERLEIN (SBN 172887)
THE LAW OFFICE OF D. GILL SPERLEIN
345 Grove Street
San Francisco, California  94102
Telephone: (415) 404-6615
Facsimile: (415) 404-6616
gill@sperleinlaw.com
Attorneys for Plaintiff DataTech Enterprises, LLC,

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| DATATECH ENTERPRISES, LLC, a Nevada Limited Liability Company,<br><br>   Plaintiff,<br><br>vs.<br><br>FF MAGNAT LIMITED d/b/a ORON.COM, STANISLAV DAVIDOGLOV, and JOHN DOE a/k/a ROMAN ROMANOV (an alias); and<br><br>   Defendants. | Case No.: 2-12-4500 CRB<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' EMERGENCY MOTION FOR CONTINUANCE AND TO STAY TIME TO FILE REPLY BRIEF ON DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION.** |

Plaintiff Opposes Defendants' Emergency Motion for Continuance and to Stay Time to File reply Brief on Defendants' Motion to Dismiss for Lack of Personal Jurisdiction. Plaintiff will not burden the Court with a lengthy discussion as the correspondence between counsel that Defendants' submitted by in large tells the story.  Plaintiff simply disputes the relevance.

Defendants' filed their Motion to Dismiss on December 5, 2012, three months after Plaintiff filed and served the Complaint.  Fully aware of the briefing and oral argument schedule on the motion, Defendants withheld an undetermined number of documents until a stipulated protective order was in place.  Defendants have not produced any further documents since the Court entered the

-1-

Stipulated Protective Order.  Defendants refused to produce responsive documents to Plaintiff's legitimate discovery requests[1].  Defendants have failed to serve their initial disclosures.  In fact, the very first example Defendants offer as an impermissible discovery request is Plaintiff's Interrogatory requesting information that the Defendants should have provided via initial disclosures - the name of potential witnesses.  Now, Defendants ask the Court and Plaintiff to delay the hearing for circumstances for which they were fully responsible.  It's clear that this is an attempt to delay the forward progression of this litigation.

The parties will already be before the Court on three other motions.  The rational approach is the hear this motion as scheduled.  If the Court should find it would be beneficial to allow defendants additional time to respond to discovery requests, it can so order.  However, given the arguments and allegations set for in DataTech's Opposition and given that factual disputes must be resolved in DataTech's favor, there is sufficient grounds to deny Defendants' motion.  There is no need to delay further and Defendants will not be prejudiced as they can renew their motion at a later time.

Dated: *2/28/2013*                              Respectfully submitted,

                                                /s/ D. Gill Sperlein

                                                D. GILL SPERLEIN
                                                THE LAW OFFICE OF D. GILL SPERLEIN
                                                Attorney for Plaintiff DataTech Enterprises, LLC

---

[1] "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. [...]  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. F.R.C.P. 26 (b)(1).  At the present time this standard is modified to include evidence relevant to personal jurisdiction or (pursuant to the Court's earlier ruling) discovery to determine the name and location of the Defendants currently identified as Roman Romanov or the addresses or other contact information for Stanislav Davidoglov.  Each of Plaintiff's discovery requests fell squarely within those limitations.