1  **KENNETH E. KELLER** (71450) kkeller@kksrr.com
   **STAN F. ROMAN** (87652) sroman@kksrr.com
2  **MICHAEL D. LISI** (196974) mlisi@kksrr.com
   **KRIEG, KELLER, SLOAN, ROMAN & HOLLAND LLP**
3  555 Montgomery Street, 17th Floor
   San Francisco, CA 94111
4  Tel:   (415) 249-8330
   Fax:   (415) 249-8333
5

   **EVAN FRAY-WITZER** evan@CFWLegal.com
6  **CIAMPA FRAY-WITZER, LLP**
   20 Park Plaza, Suite 505
7  Boston, MA 02116
   Tel:   (617) 426-0000
8  Fax:   (617) 507-8043
   *Admitted Pro Hac Vice*
9

   **VALENTIN GURVITS** vgurvits@bostonlawgroup.com
10 **BOSTON LAW GROUP, PC**
   825 Beacon Street, Suite 20
11 Newton Centre, MA 02459
   Tel:   (617) 928-1804
12 Fax:   (617) 928-1802
   *Admitted Pro Hac Vice*
13

Attorneys for Defendant FF MAGNAT LIMITED and STANISLAV DAVIDOGLOV

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DATATECH ENTERPRISES, LLC, a Nevada Limited Liability Company,<br><br>Plaintiff<br><br>vs.<br><br>FF MAGNAT LIMITED d/b/a ORON.COM; STANISLAV DAVIDOGLOV, and JOHN DOE a/k/a ROMAN ROMANOV (an alias).<br><br>Defendants. | Case No. C-12-4500 CRB<br><br>**DEFENDANTS FF MAGNAT LIMITED AND STANISLAV DAVIDOGLAV'S SUPPLEMENTAL REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**<br><br>Judge:      Hon. Charles R. Breyer<br>Courtroom:  Courtroom 6 – 17th Floor |

On March 6, 2013, Plaintiff Datatech Enterprises, LLC ("Datatech") filed with this Court a Motion for Leave to file a Supplemental Declaration, attaching additional documents which Datatech asserts supports a finding of specific personal jurisdiction over the Defendants in this matter. On March 8, 2013, this Court allowed the Defendants' request to respond to the additional documents produced. Accordingly, in further support of their Motion to Dismiss for Lack of Personal Jurisdiction, the Defendants state as follows.

I. Datatech's Additional Evidence Adds Nothing to its Claim That The Court Has Specific Jurisdiction Over the Defendants.

In short, Datatech has presented documentation to the Court that, if accepted as true, tends to demonstrate that FF Magnat, Ltd. ("Oron") earned a significant amount of money from the purchase of premium memberships by persons who accessed Oron's website from within the United States.[1] Datatech has also presented to the Court documentation which, if accepted as true, tends to demonstrate that visitors to Oron uploaded copies of Datatech's copyrighted works.[2] What Datatech has *not* done, however, either in its initial proffer or its supplemental

---

[1] Though admittedly significant, the amounts – by the Plaintiff's own estimation – represent less than one-quarter of the total worldwide premium memberships purchased. In other words, a full 76% of all purchases originated from users located outside of the United States.

[2] It bears noting that a string of additional assumptions are required for Datatech to have a viable claim for infringement. First, the users who uploaded the materials could not have been doing so pursuant to a valid license. For example, a user could have just as easily purchased one of Datatech's movies and used Oron's website simply as cloud storage, which would not be an infringement of any kind. Although this Court expressed skepticism that cloud storage services such as Oron are used in this manner, it has proven to be the case in other, near-identical, litigations. For example, in *Disney Enterprises, Inc. v. Hotfile,* currently pending in the Southern District of Florida, (11-CIV-20427), defendant Hotfile's expert witnesses concluded that more than 50% of files uploaded to Hotfile were never subsequently downloaded by anyone (strongly suggesting that Hotfile was being used by many simply as a cloud backup service). *See* Docket entry 354-12, attached hereto as Exhibit 1. (It should be noted that Hotfile used an identical business model – charging users for premium subscriptions which provided faster download times.) Additionally, expert witness reports in that case demonstrated that the most downloaded files were not – as the plaintiffs contended – infringing materials, but rather open source software, which the rights-holders freely permitted (indeed encouraged) people to share. *See* Docket entry 391-1, portions of which are attached hereto as Exhibit 2. The Defendants ask the Court to take judicial notice of these publicly-available court documents.

1  proffer is to present *any* evidence connecting this two disparate facts.  In other words, although it

2  may indeed be true that Oron – in general – received monies from subscribers in the United

3  States *and* that some of Datatech's copyrighted works were uploaded to Oron's servers, there is

4  no evidence that (a) anyone ever downloaded one of Datatech's copyrighted works, (b) that

5  anyone in the United States ever did so, or (c) that anyone within the United States *ever*

6  purchased a premium membership to gain faster access to *Datatech's* works.

7  It is this crucial link[3] that Datatech needed to show to establish specific jurisdiction, but

8  for which it has presented no evidence.

9  Similarly, the mere fact that United States residents purchased subscriptions from Oron –

10  or even that such purchases may have been foreseeable – is not a sufficient basis for the Court to

11  exercise personal jurisdiction over FF Magnat, without additional proof that FF Magnat

12  specifically targeted the United States for such sales.  *J. McIntyre Machinery, Ltd. v. Nicastro*,

13  131 S. Ct. 2780, 2789 (2011)("a rule based on general notions of fairness and foreseeability, is

14  inconsistent with the premises of lawful judicial power.  This Court's precedents make clear that

15  it is the defendant's actions, not his expectations, that empower a State's courts to subject him to

16  jurisdiction"); *Martinez v. Aero Caribbean*, 2012 U.S. Dist. LEXIS 9639 (N.D. Cal.

17  2012)("Plaintiffs further argue that defendant knew or should have known that the subject

18  aircraft was being immediately sold to a United States company and that alone satisfies the

---

[3] *See, e.g., Ingeniador, LLC v. Interwoven*, 874 F. Supp. 2d 56, 63 (D.P.R. 2012)("Because this is a specific jurisdiction analysis, the alleged patent infringement must stem from contacts of Compulink with the forum.") *citing Radio Sys. Corp. v. Accession, Inc.*, 638 F.3d 785, 790 (Fed. Cir. 2011).  The *Interwoven* Court noted further that plaintiff's personal jurisdiction claims failed because the plaintiff failed to "demonstrate that residents of Puerto Rico used this website in order to purchase the infringing product.")  *Id.* at 64.

3
DEFENDANTS FF MAGNAT LIMITED AND STANISLAV DAVIDOGLAV'S SUPPLEMENTAL
REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION
CASE NO. C-12-4500 CRB

purposeful-availment test.  Plaintiffs' conclusion is in clear contradiction with controlling authority.  Foreseeability is not enough.")[4]

Because the newly-presented evidence does nothing more than demonstrate that approximately 24% of Oron's subscription sales were to users who accessed Oron's website from the United States – without demonstrating either that Oron targeted the United States or that the subscriptions were tied in any way to infringement of *Datatech's* works – the Court should grant the Defendants' Motion to Dismiss.

II.  <u>No Evidence At All Has Been Presented With Respect To Mr. Davidoglov</u>

None of the newly-presented documents relate to the individual defendant, Stanislav Davidoglov, nor has any of the Plaintiff's evidence (or allegations of wrongdoing) suggested a basis for personal jurisdiction over Mr. Davidoglov.  Instead, Datatech relies solely on the fact that Mr. Davidoglov (a citizen of Moldova with no ties or connections whatsoever to the United States) is the sole shareholder of FF Magnat, Ltd.  This is simply not enough.  *See, e.g., Katzir's Floor and Home Design, Inc. v. M-MLS.com*, 394 F.3d 1143, 1149 (9th Cir. 2004) ("The mere fact of sole ownership and control does not eviscerate the separate corporate identity that is the foundation of corporate law"); *Manila Indus. v. Ondova Ltd. Co.,* 334 Fed. Appx. 821, 823 (9th Cir. 2009)(plainitiff's claim of personal jurisdiction over sole owner of company properly rejected where plaintiff "failed to show the unity of interest required to pierce the corporate veil, and exercise jurisdiction over Baron as the alter ego of Ondova.")

---

[4] *See also Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2852 (2011)(rejecting general personal jurisdiction based on a "stream-of-commerce" theory even though "the very tire involved in the accident... conforme to tire standards established by the U.S. Department of Transportation and bore markings required for sale in the United States.")

Because Datatech has made no argument and present no evidence from which the Court could conclude that Mr. Davidoglov is the alter ego of FF Magnat (and because there is no evidence whatsoever of any contacts between Mr. Davidoglov and the United States), personal jurisdiction over him must be rejected.

## Conclusion

Because Datatech's newly-produced discovery, taken together with its other submissions, fail to establish a basis for the exercise of personal jurisdiction over either FF Magnat or Mr. Davidoglov, the case should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).[5]

---

[5] To the extent that the Court finds jurisdiction with respect to one or more of the Defendants, Defendants respectfully request that, pursuant to 28 U.S.C. §1292(b), the Court include the following language at the end of its order: "The Court further finds that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." The Ninth Circuit, among others, has previously found questions of personal jurisdiction to be "controlling issues of law" which may serve the basis for a discretionary appeal. *Go-Video, Inc. v. Akai Electric Co. Ltd.,* 885 F.2d 1406, 1408 (9th Cir. 1989)(granting certification of interlocutory appeal under 28 U.S.C. § 1292(b) on court ruling that venue and personal jurisdiction were proper over foreign corporations). *See also Hernandez v. Maricopa County,* 2009 U.S. Dist. LEXIS 4123, *8, n.3 (D. Ariz. 2009)(citing cases for proposition that the proper avenue to appeal a denial of motion to dismiss for lack of personal jurisdiction is through 28 U.S.C. §1292(b)); *Grimes v. Cirrus Indus., Inc.,* 2010 U.S. Dist. LEXIS 60889 (W.D. Okla. 2010)(discussing cases in which courts have found the question of personal jurisdiction to be a "controlling issue of law," reasoning that "if a final judgment is appealed and the appellate court concludes this Court lacks jurisdiction over TCM, reversal of the final judgment would occur. Applying that rationale, the question of exercising jurisdiction over TCM could be viewed as a controlling question"); *Army Times Pub. Co. v. Watts*, 730 F.2d 1398 (11th Cir. 1984)(exercising discretion to hear interlocutory appeal of dismissal for lack of personal jurisdiction, after district court certified order for appeal); *ESAB Group v. Centricut, Inc.,* 126 F.3d 617 (4th Cir. 1997). In addition, as the Parties' arguments and divergent case law (including recent United States Supreme Court precedent, cited herein) demonstrates, the issues presented are ones for which there is a substantial ground for difference of opinion. Reese v. BP Exploration (Alaska) Inc., 643 F.3d 681, 688 (9th Cir. 2011)("A substantial ground for difference of opinion exists where reasonable jurists might disagree on an issue's resolution, not merely where they have already disagreed. Stated another way, when novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions, a novel issue may be certified for interlocutory appeal without first awaiting development of contradictory precedent.") Finally, the Ninth Circuit has held previously that, where an interlocutory appeal may terminate an action against a defendant – or even terminate certain significant counts – the requirement that an immediate appeal may materially advance the ultimate termination of the litigation has been met. *Reese v. BP Exploration (Alaska) Inc.,* 643 F.3d 681, 688 (9th Cir. 2011)("The district court correctly concluded that our reversal "may" take BPXA, as a defendant, and Reese's control claims against all remaining defendants out of the case. That is sufficient to advance materially the litigation, and therefore certification of the interlocutory appeal was permissible.") Where, such as here, the risk exists that the parties could litigate the entire case, only to have the

Respectfully Submitted,

FF MAGNAT LIMITED,
BY ITS ATTORNEYS,

/s/  Evan Fray-Witzer
**EVAN FRAY-WITZER** Evan@CFWLegal.com
**CIAMPA FRAY-WITZER, LLP**
20 Park Plaza, Suite 505
Boston, MA 02116
Tel:    (617) 426-0000
Fax:    (617) 507-8043


/s/ Valentin Gurvits
**VALENTIN GURVITS** vgurvits@bostonlawgroup.com
**BOSTON LAW GROUP, PC**
825 Beacon Street, Suite 20
Newton Centre, MA 02459
Tel:    (617) 928-1804
Fax:    (617) 928-1802


/s/ Kenneth E. Keller
**KENNETH E. KELLER** (71450) kkeller@kksrr.com
**STAN F. ROMAN** (87652) sroman@kksrr.com
**MICHAEL D. LISI** (196974) mlisi@kksrr.com
**KRIEG, KELLER, SLOAN, ROMAN & HOLLAND LLP**
555 Montgomery Street, 17th Floor
San Francisco, CA 94111
Tel:    (415) 249-8330
Fax:    (415) 249-8333

---

outcome nullified, certification is appropriate.  *See, e.g., Helman v. Alcoa Global Fasteners Inc*., 2009 U.S. Dist. LEXIS 64720 (C.D. Cal. 2009)("It would be preferable for the Court of Appeals to address the issue now, rather than to require the parties and to expend significant time and resources, which might ultimately be wasted.")

**CERTIFICATE OF SERVICE**

    I, Evan Fray-Witzer, hereby certify that on March 15, 2013, a copy of the above document was served on all counsel of record via the Court's ECF system

/s/  Evan Fray-Witzer
Evan Fray-Witzer
