**KENNETH E. KELLER** (71450) kkeller@kksrr.com
**STAN F. ROMAN** (87652) sroman@kksrr.com
**MICHAEL D. LISI** (196974) mlisi@kksrr.com
**KRIEG, KELLER, SLOAN, ROMAN & HOLLAND LLP**
555 Montgomery Street, 17th Floor
San Francisco, CA 94111
Tel:     (415) 249-8330
Fax:    (415) 249-8333

**EVAN FRAY-WITZER** evan@CFWLegal.com
**CIAMPA FRAY-WITZER, LLP**
20 Park Plaza, Suite 505
Boston, MA 02116
Tel:     (617) 426-0000
Fax:    (617) 507-8043
*Admitted Pro Hac Vice*

**VALENTIN GURVITS** vgurvits@bostonlawgroup.com
**BOSTON LAW GROUP, PC**
825 Beacon Street, Suite 20
Newton Centre, MA 02459
Tel:     (617) 928-1804
Fax:    (617) 928-1802
*Admitted Pro Hac Vice*

Attorneys for Defendant FF MAGNAT LIMITED

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DATATECH ENTERPRISES, LLC, a Nevada Limited Liability Company,<br><br>          Plaintiff<br><br>     vs.<br><br>FF MAGNAT LIMITED d/b/a ORON.COM; STANISLAV DAVIDOGLOV, and JOHN DOE a/k/a ROMAN ROMANOV (an alias).<br><br>          Defendants. | Case No. C-12-4500 CRB<br><br>**FF MAGNAT LIMITED AND STANISLAV DAVIDOGLOV'S ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND**<br><br>Judge:          Hon. Charles R. Breyer<br>Courtroon:   Courtroom 6 – 17th Floor |

## ANSWER

In answering Plaintiff Datatech Enterprises, LLC's ("Datatech") Complaint, Defendants FF Magnat Ltd. d/b/a Oron.com ("Oron") and Stanislav Davidoglov ("Mr. Davidoglov") (collectively, the "Defendants"), answer as follows:

## INTRODUCTION

1. This paragraph is introductory in nature and requires no response. To the extent that a response is necessary, the Defendants deny the allegations contained in this paragraph.

2. This paragraph is introductory in nature and requires no response. To the extent that a response is necessary, the Defendants deny the allegations contained in this paragraph.

3. This paragraph is introductory in nature and requires no response. To the extent that a response is necessary, the Defendants deny the allegations contained in this paragraph.

## PARTIES

4. The defendants are without sufficient facts to admit or deny the allegations contained in this paragraph and call upon Datatech to prove the same.

5. The Defendants admit that FF Magnat is a Hong Kong company which owned and operated the website Oron.com. To the extent not specifically admitted, the Defendants deny the allegations of this paragraph.

6. Denied. In further answering, the Defendants state that Mr. Davidoglov is a citizen of Moldova and is the sole shareholder of FF Magnat, Ltd. To the extent not specifically admitted, the Defendants deny the allegations of this paragraph.

7. Denied.

## JURISDICTION

8. Admitted.

9. Denied inasmuch as the Complaint does not contain any claims arising under state law.

10. Denied.

11. Denied.

12. Denied.

## INTRA DISTRICT ASSIGNMENT

13. Defendants deny the allegations of this paragraph to the extent that the paragraph is itself dependent on the existence of personal jurisdiction, which the Defendants deny.

## STATEMENT OF FACTS

14. This paragraph contains philosophical musings which require no response. To the extent a response is deemed necessary, the Defendants deny the contents of this paragraph.

15. This paragraph contains philosophical musings which require no response. To the extent a response is deemed necessary, the Defendants deny the contents of this paragraph.

16. This paragraph contains philosophical musings which require no response. To the extent a response is deemed necessary, the Defendants deny the contents of this paragraph.

17. This paragraph contains philosophical musings which require no response. To the extent a response is deemed necessary, the Defendants deny the contents of this paragraph.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. The Defendants admit that, when users uploaded a file, they were provided with a unique URL address which they could use to access their file.  The Defendants admit further that, much like an identical service offered by Dropbox and other cloud storage services, a person with the unique URL would not need additional password or login information to access the file associated with the URL.  To the extent not specifically admitted, the Defendants deny the allegations of this paragraph.

23. The Defendants admit that they utilized a "freemium" model, which is common across the internet in general and with cloud storage sites in particular, whereby users can access for free certain features, with the option of accessing additional features (or enhanced features) by paying a fee.   To the extent not specifically admitted, the Defendants deny the allegations of this paragraph.

24. The Defendants are without sufficient knowledge to admit or deny the allegations of this paragraph.  In further answering, the Defendants were neither aware – nor required to be aware – of the content of files stored on their servers.  The Defendants are unaware of infringing materials (other than those brought to their attention through DMCA takedown notices) and are unaware as to whether or not users had paid licensing or other fees to rights holders.  To the extent not specifically admitted, the Defendants deny the allegations of this paragraph.

25. Denied.

26. Denied.

27. Denied.

28. The Defendants admit that they offered an affiliate program that included a "pay per download" structure. To the extent not specifically admitted, the Defendants deny the allegations of this paragraph.

29. The Defendants admit that they offered an affiliate program that included a "pay per sale" structure. To the extent not specifically admitted, the Defendants deny the allegations of this paragraph.

30. Admitted.

31. The Defendants admit that they offered a website owner's program that compensated website owners for sales referred through an owner's website. To the extent not specifically admitted, the Defendants deny the allegations of this paragraph.

32. Denied.

33. Denied.

34. Denied.

35. Denied. In further answering, the Defendants state that FF Magnat had a registered DMCA agent from the date that they began operating the Oron.com website forward.

36. Denied.

## FIRST CAUSE OF ACTION

(Copyright Infringement – 17 U.S.C. §501)

37. The Defendants reassert and incorporate herein their answers to the allegations contained in the foregoing paragraphs.

38. The Defendants are without sufficient information to admit or deny the contents of this paragraph and all upon the Plaintiff to prove the same.

39. The Defendants are without sufficient information to admit or deny the contents of this paragraph and all upon the Plaintiff to prove the same.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

## SECOND CAUSE OF ACTION

(Contributory Copyright Infringement)

50. The Defendants reassert and incorporate herein their answers to the allegations contained in the foregoing paragraphs.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

6
DEFENDANTS FF MAGNAT LIMITED AND STANISLAV DAVIDOGLAV'S ANSWER,
AFFIRMATIVE DEFENSES, AND JURY DEMAND
CASE NO. C-12-4500 CRB

57. Denied.

## THIRD CAUSE OF ACTION

(Vicarious Copyright Infringement)

58. The Defendants reassert and incorporate herein their answers to the allegations contained in the foregoing paragraphs.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

## FOURTH CAUSE OF ACTION

(Alter Ego)

64. The Defendants reassert and incorporate herein their answers to the allegations contained in the foregoing paragraphs.

65. Defendants admit that Stanislav Davidoglov is the sole shareholder of FF Magnat, Ltd.  To the extent not specifically admitted, the Defendants deny the allegations of this paragraph.

66. Denied.

67. Denied.

68. Denied.

## FIFTH CAUSE OF ACTION

(Accounting)

69. The Defendants reassert and incorporate herein their answers to the allegations contained in the foregoing paragraphs.

70. Denied.

71. Denied.

72. Denied.

## JURY DEMAND

73. This paragraph contains only the Plaintiff's jury demand which requires no response. To the extent a response is required, the Defendants likewise demand a trial by jury.

## Affirmative Defenses

### First Affirmative Defense

The Plaintiff's complaint fails, in whole or in part, to state a claim upon which relief can be granted and, therefore, should be dismissed.

### Second Affirmative Defense

The Plaintiff's complaint fails, in whole or in part, because the Court lacks personal jurisdiction over the Defendants.

### Third Affirmative Defense

The Complaint fails to allege that any of act of the Defendants occurred within the United States. As the intellectual property laws of the United States do not apply extra-territorially, the Complaint fails to state a claim upon which relief may be granted.

### Fourth Affirmative Defense

On information and belief, the Plaintiff is not the proper holder of some or all of the intellectual property at issue in this litigation and, as such, lacks standing to bring the present claims.

### Fifth Affirmative Defense

The Plaintiff has failed to comply with the requirements of the Digital Millennium Copyright Act and, as such, the Complaint must fail in whole or in part.

### Sixth Affirmative Defense

The Defendants are entitled to the safe harbor of the Digital Millennium Copyright Act and, as such, the Complaint must fail in whole or in part.

### Seventh Affirmative Defense

The Complaint fails in whole or in part because the alleged infringements were neither the result of the actions of the Defendants, nor within their control.

### Eighth Affirmative Defense

Plaintiff's Complaint, and each count purportedly stated therein, is barred in whole or in part by an express and/or implied license or authorization from the owner(s) of the intellectual property. On information and belief, some or all of Oron's users stored and transmitted content files for which they held the authorization or license of the copyright owner.

### Ninth Affirmative Defense

Plaintiff's Complaint, and each count purportedly stated therein, is barred by the doctrine of unclean hands.

Tenth Affirmative Defense

Plaintiffs' Complaint, and each count purportedly stated therein, is barred because the Plaintiff has not suffered the damages claimed.

Eleventh Affirmative Defense

If, after exhausting all available appeals, the Court is found to have personal jurisdiction over the defendants, defendants reserve the right to assert counterclaims against the plaintiff which would entitle defendants to set-off some or all of Plaintiff's claimed damages.

Twelfth Affirmative Defense

The Defendants reserve the right to amend its answer to add such other and further defenses and counterclaims as become apparent during the course of discovery in this action.

**JURY DEMAND**

The Defendants demand a trial by jury on all counts so triable.

**WHEREFORE**, the Defendants respectfully pray that this Court grant them the following relief:

1. That judgment enter for the Defendants on each and every of the counts of the Complaint;

2. That the Court deny each and every of the Plaintiff's claims for relief;

3. That the Court award the Defendants their reasonable costs and attorney's fees in defending the present action; and

4. That the Court grant such other and further relief as it considers just and proper.

Respectfully Submitted,

FF MAGNAT LIMITED,
BY ITS ATTORNEYS,

/s/  Evan Fray-Witzer
**EVAN FRAY-WITZER** Evan@CFWLegal.com
**CIAMPA FRAY-WITZER, LLP**
20 Park Plaza, Suite 505
Boston, MA 02116
Tel:    (617) 426-0000
Fax:    (617) 507-8043


/s/ Valentin Gurvits
**VALENTIN GURVITS** vgurvits@bostonlawgroup.com
**BOSTON LAW GROUP, PC**
825 Beacon Street, Suite 20
Newton Centre, MA 02459
Tel:    (617) 928-1804
Fax:    (617) 928-1802


/s/ Kenneth E. Keller
**KENNETH E. KELLER** (71450) kkeller@kksrr.com
**STAN F. ROMAN** (87652) sroman@kksrr.com
**MICHAEL D. LISI** (196974) mlisi@kksrr.com
**KRIEG, KELLER, SLOAN, ROMAN & HOLLAND LLP**
555 Montgomery Street, 17th Floor
San Francisco, CA 94111
Tel:    (415) 249-8330
Fax:    (415) 249-8333

## CERTIFICATE OF SERVICE

I, Evan Fray-Witzer, hereby certify that on April 12, 2013, a copy of the above document was served on all counsel of record via the Court's ECF system

                                                        /s/ Evan Fray-Witzer
                                                        Evan Fray-Witzer